**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Greg Moore, et al., | No. CV-19-00290-TUC-RM (LAB) |
| Plaintiffs, | **ORDER** |
| v. |  |
| Sean Garnand, et al., |  |
| Defendants. |  |

Pending before the court is the plaintiffs' motion to dismiss claims and parties filed on October 10, 2019. (Doc. 27)

This action arises out of the Tucson Police Department's investigation of a fire that occurred on June 8, 2017. (Doc. 1) The plaintiffs allege their constitutional rights were violated by the defendants Detective Sean Garand and Sergeant Dain Salisbury particularly as to their conduct in procuring and executing search warrants on June 9, 2017 and June 14, 2017. (Doc. 1)

In the pending motion, the plaintiffs seek to dismiss from the complaint Claims Six, Seven, and Nine with prejudice; dismiss from the complaint the defendants Jane Doe Garnand, Jane Doe Salisbury, Rebecca Lopez and spouse, Kimberly Frie and spouse, and Richard Radinsky and spouse; and dismiss all claims asserted by the plaintiffs Southwest Nonprofit Housing Corp., J.C. Moore Grandchildren's Trust, and ESMJ Partners.

The defendants filed a response to the motion on October 23, 2019. (Doc. 33) They have no objection to the plaintiffs' request to dismiss with prejudice Claims Six, Seven, and Nine. *Id.* They argue any dismissal of defendants from Claim Eight should be *with prejudice* because "(a) the present Complaint represents the Moores' fourth 'bite at the apple'; and (b) the Moores never had a good faith legal basis for bringing the Eighth Claim in the first instance." (Doc. 33, p. 2)

Where a stipulation to dismiss by all appearing parties is not filed, a plaintiff may cause claims or parties to be dismissed after an answer has been filed only with leave of court. Fed.R.Civ.P. 41(a); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) ("The plaintiff may dismiss some or all of the defendants, or some or all of his claims . . . ."). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "Legal prejudice means prejudice to some legal interest, some legal claim, some legal argument." *Id.* (punctuation modified) "[U]ncertainty because a dispute remains unresolved or because the threat of future litigation causes uncertainty does not result in plain legal prejudice." *Id.*

The court finds that while the defendants prefer that the dismissal of defendants from Claim Eight be *with prejudice*, they have not alleged that they will suffer any legal prejudice if the motion is granted and the dismissal is *without prejudice*.

For good cause shown,

IT IS ORDERED that the plaintiffs' motion to dismiss claims and parties filed on October 10, 2019 is GRANTED. (Doc. 27)

1. The Sixth, Seventh, and Ninth Claims are dismissed with prejudice;
2. All Defendants, except Defendants Sean Garnand and Dain Salisbury, are dismissed from the case, including from the Eighth Claim;
3. All Plaintiffs, except Greg Moore and Patricia Moore, are dismissed from

the case.

The remaining Claims for adjudication are the First through Fifth Claims, and the Eighth Claim, asserted by the Moores against Defendants Garnand and Salisbury.

Dated this 30th day of October, 2019.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge