**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greg Moore, et al., | No. CV-19-00290-TUC-RM (LAB) |
| Plaintiffs, | **ORDER** |
| v. | |
| Sean Garnand, et al., | |
| Defendants. | |

Pending before the court is the plaintiffs' motion, filed on October 7, 2019, to strike the defendants' previously filed motion to stay discovery. (Doc. 26)

This action arises out of the Tucson Police Department's investigation of a fire that occurred on June 8, 2017. (Doc. 1) The plaintiffs allege their constitutional rights were violated by the defendants, Detective Sean Garand and Sergeant Dain Salisbury, particularly as to their conduct in procuring and executing search warrants on June 9, 2017 and June 14, 2017. (Doc. 1)

In the pending motion, the plaintiffs argue that the defendants' previously filed motion to stay discovery should be stricken, in part, because it fails to contain a statement attesting to the fact that the movant has attempted in good faith to resolve the matter without court action. *See* Fed.R.Civ.P. 26(c)(1) and LRCiv 7.2(j). Local Rule 7.2(j) states that "[n]o discovery motion will be considered or decided unless a statement of moving counsel is attached thereto certifying that after personal

consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter." LRCiv 7.2(j) The plaintiffs further argue that the motion was not accompanied by a privilege log in accordance with Fed.R.Civ.P. 26(b)(5).

In this district, "a motion to strike may be filed only if it is authorized by statute or rule, such as Federal Rules of Civil Procedure 12(f), 26(g)(2) or 37(b)(2)(A)(iii), or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule or court order." LRCiv 7.2(m)

In this case, the plaintiffs maintain that the defendants' motion to stay discovery is not in proper form. They argue that it fails to include a certification of counsel's good faith efforts and fails to include a privilege log. But none of the pertinent Rules, Fed.R.Civ.P. 26(c)(1), Fed.R.Civ.P. 26(b)(5), or LRCiv 7.2(j), authorizes striking a motion filed in improper form. This court can *deny* a motion filed in violation of the Rules, but LRCiv 7.2(j) does not authorize striking such a motion.

IT IS ORDERED that the plaintiffs' motion, filed on October 7, 2019, to strike the defendants' previously filed motion to stay discovery is DENIED. (Doc. 26)

Dated this 30th day of October, 2019.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge