**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greg Moore; et al.,          ) | No. CV 19-0290 TUC RM (LAB) |
|         ) | |
|        Plaintiffs,    ) | **ORDER** |
|         ) | |
| vs.         ) | |
|         ) | |
|         ) | |
| Sean Garnand; et al.,      ) | |
|         ) | |
|        Defendants.    ) | |
|         ) | |
| _____ ) | |

Pending before the court is the defendants' motion, filed on September 24, 2019, to assert the law enforcement investigatory privilege and stay all discovery. (Doc. 23)

As of this date, only two defendants remain in the case – Detective Sean Garand and Sergeant Dain Salisbury. *See* (Doc. 1); (Doc. 38) Both men are employed by the Tucson Police Department (TPD). (Doc. 1) The plaintiffs are in the residential real estate business. (Doc. 1, pp. 4-5)

The plaintiffs in this action claim their constitutional rights were violated when the defendants sought and executed search warrants in connection with an arson investigation into the destruction of the Forgeus Apartments on June 8, 2017. (Doc. 1) The plaintiffs bring this action pursuant to 42 U.S.C. s 1983. (Doc. 1, p. 4) The defendants apparently believe that the plaintiffs may be responsible for the fire that destroyed these apartments, which were owned and managed by the plaintiffs at the time of the fire. (Doc. 1) The investigation into that fire is ongoing. In the pending motion, the defendants move to assert the law enforcement investigatory privilege for the arson investigation police files. (Doc. 23)

They further move that the court stay all discovery pending the court's resolution of their motion for partial summary judgment on the issue of qualified immunity. *Id*. The motion will be granted in part.

Discussion

"[T]he law enforcement investigatory privilege is based on the harm to law enforcement efforts which might arise from public disclosure of investigatory files." *Conan v. City of Fontana*, 2017 WL 2874623, at *4 (C.D. Cal. 2017). "The party claiming the privilege has the burden to establish its existence." *Id*. "In order to assert the law enforcement investigatory privilege, certain elements must be met: (1) a formal claim of privilege by the head of the department with control over the requested information; (2) the assertion of the privilege must be based on personal consideration by that official; and (3) the information for which the privilege is claimed must be specified with an explanation as to why it falls within the scope of the privilege." *Id*.

In this case, the defendants support their motion with a declaration from Tucson Police Chief Chris Magnus. (Doc. 23-8, pp. 2-8) Chief Magnus is the "head of the department with control over the requested information." (Doc. 23-8, p. 4) He asserts the privilege "based on personal consideration" and explains that discovery of the documents would "undermine the integrity of the open criminal investigation." *Id*., pp. 3-4 The defendants further provide a "Bates numbered listing of all redactions and/or withheld documents along with the reason each was redacted or withheld." (Doc. 23-8, p. 4); (Doc. 23-9, pp. 6-15) (Doc. 23-10, pp. 1-27); (Doc. 23-11, pp. 1-38); (Doc. 23-12, pp. 1-38); (Doc. 23-13, pp. 1-38) Chief Magnus explains more specifically that some documents describe "precisely how a crime under investigation was accomplished." (Doc. 23-8, pp. 4-8) Other documents describe the officer's observations, or their decision to gather evidence, or their analysis of the evidence gathered. *Id*. Still others disclose the identities of witnesses or the specific information given by those witnesses. *Id*. The defendants argue that disclosure of these documents would undermine the effectiveness of Tucson Police

Department's ability to investigate crimes by discouraging witness from coming forward and disclosing to potential suspects the information that the department has already gathered. *Id*.

The court finds that the defendants have made a sufficient threshold showing to invoke the privilege. Application of the privilege will "prevent disclosure of law enforcement techniques and procedures, [] preserve the confidentiality of sources, [] protect witness and law enforcement personnel, [] safeguard the privacy of individuals involved in an investigation, and otherwise [] prevent interference with [the] investigation." *In re Dep't of Investigation of City of New York*, 856 F.2d 481, 484 (2d Cir. 1988). The court finds that the privilege is particularly applicable here where the Tucson Police Department (TPD) has an ongoing criminal investigation and the plaintiffs are the target of that investigation.

The plaintiffs argue that before the privilege is allowed, the proponent must explain why a "carefully crafted protective order" could not be fashioned that would substantially reduce the risk of harm. (Doc. 25, pp. 8-9) The court finds that a protective order would not suffice here because of the unique circumstances present in this case. A protective order is useful when the parties agree to disclose information to each other but seek to limit disclosure to third parties. Here, the TPD seeks to limit disclosure not only to third parties but also to the plaintiffs because they are the target of the ongoing investigation. A protective order will not suffice to reduce the risk of harm described by Chief Magnus and the defendants.

The plaintiffs further argue that Chief Magnus's affidavit fails to include "a projection of how much harm would be done to the threatened interests if disclosure were made." (Doc. 25, pp. 8-9) The court finds that the affidavit adequately addresses this point. Law enforcement techniques and procedures would be disclosed, witnesses would lose their confidentiality, and the investigation would be compromised. The court finds that discovery into TPD's criminal investigatory file should be stayed.

The defendants further move that all discovery be stayed until the court resolves their motion for partial summary judgment on the issue of qualified immunity citing *Harlow v. Fitzgerald*, 457 U.S. 800, 816–19 (1982) and *Ashcroft v. Iqbal*, 556 U.S. 662, 685–86 (2009).

This motion has yet to be filed. The court therefore considers the defendants' motion to stay all discovery premature.

IT IS ORDERED that the defendants' motion, filed on September 24, 2019, to assert the law enforcement investigatory privilege and stay all discovery is GRANTED in PART. (Doc. 23) Discovery of the TPD arson investigation files for the Forgeus Apartments is stayed pursuant to the law enforcement investigatory privilege. (Doc. 23)

DATED this 13th day of December, 2019.

*Leslie A. Bowman*

Leslie A. Bowman
United States Magistrate Judge