**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greg Moore; et al., | No. CV 19-0290 TUC RM (LAB) |
| Plaintiffs, | **ORDER** |
| vs. | |
| Sean Garnand; et al., | |
| Defendants. | |

Pending before the court is the defendants' motion, filed on November 7, 2019, to submit *ex parte, in camera* evidence and argument in their anticipated dispositive motions. (Doc. 47)

As of this date, only two defendants remain in the case – Detective Sean Garand and Sergeant Dain Salisbury. *See* (Doc. 1); (Doc. 38) Both men are employed by the Tucson Police Department (TPD). (Doc. 1) The plaintiffs are in the residential real estate business. (Doc. 1, pp. 4-5)

The plaintiffs in this action claim their constitutional rights were violated when the defendants sought and executed search warrants in connection with an arson investigation into the destruction of the Forgeus Apartments on June 8, 2017. (Doc. 1) They bring this action pursuant to 42 U.S.C. § 1983. (Doc. 1, p. 4) Among other things, the plaintiffs claim that the search warrant 17SW1017, executed on June 9, 2017, was procured without probable cause. (Doc. 1, pp. 15-16) The defendants apparently believe that the plaintiffs may be

responsible for the fire that destroyed these apartments. (Doc. 1) The investigation into that fire is ongoing.

On December 13, 2019, this court granted the defendants' motion to stay discovery of the arson investigation police files pursuant to the law enforcement investigatory privilege. (Doc. 74) Among the documents withheld from discovery is the affidavit that the defendants used to procure the search warrant 17SW1017, executed on June 9, 2017. (Doc. 47) This affidavit has been disclosed to the plaintiffs only in redacted form.

In the pending motion, the defendants move for permission to submit the unredacted affidavit *ex parte* and *in camera* to this court. (Doc. 47) They then propose to file dispositive motions challenging several of the plaintiffs' claims arguing, among other things, that there *was* probable cause to issue the warrant executed on June 9, 2017. *Id*. They intend to file part of their motions in open court but will submit *ex parte* and *in camera* those arguments that rely on the unredacted affidavit. *Id*. In other words, the defendants want the court to entertain dispositive motions based, in part, on a document the plaintiffs are not allowed to see and arguments to which the plaintiffs cannot respond.

Discussion

"[J]udges . . . are necessarily wary of one-sided process: democracy implies respect for the elementary rights of men and must therefore practice fairness; and fairness can rarely be obtained by secret, one-sided determination of facts decisive of rights." *Am.-Arab Anti-Discrimination Comm. v. Reno*, 70 F.3d 1045, 1069 (9th Cir. 1995). "[T]he very foundation of the adversary process assumes that use of undisclosed information will violate due process because of the risk of error." *Id*. "It is therefore the firmly held main rule that a court may not dispose of the merits of a case on the basis of *ex parte, in camera* submissions." *Id*.

In the past, courts have acknowledged exceptions to the main rule "when the submissions involve compelling national security concerns or the statute granting the cause of action specifically provides for *in camera* resolution of the dispute." *Vining v. Runyon*,

99 F.3d 1056, 1057 (11th Cir. 1996). Neither of these exceptions are present in the pending action. Accordingly, the court finds that the "main rule" governs the pending motion. *See Am.-Arab Anti-Discrimination Comm.*, 70 F.3d at 1069. The court will not "dispose of the merits of this case on the basis of *ex parte, in camera* submissions." *Id*. The pending motion will be denied.

The parties in this case dispute whether probable cause supported the search warrant executed on June 9, 2017. The defendants move that this court resolve the issue by employing an *ex parte, in camera* procedure. They maintain this is proper because criminal courts routinely do so when making probable cause determinations. This argument, however, compares apples to oranges.

When criminal courts entertain motions to suppress evidence, they sometimes make probable cause determinations based on *ex parte, in camera* proceedings, but the purpose of these proceedings is to determine what evidence will be admissible at the trial. They are not deciding the merits of the case. *See United States v. Raddatz*, 447 U.S. 667, 678, 100 S. Ct. 2406, 2413 (1980) ("[T]he interests underlying a voluntariness hearing do not coincide with the criminal law objective of determining guilt or innocence."). Here, the defendants want to use an *ex parte, in camera* proceeding to determine the existence of probable cause and, in turn, the merits of the plaintiffs' claims. The due process concerns are different.

The defendants further argue that an *ex parte, in camera* proceeding "is even more permissible in the civil context, where the parties have less stringent due process rights than in the criminal context." (Doc. 47, p. 12) This argument is difficult to follow. The defendants seem to be arguing that if *ex parte, in camera* proceedings are permitted in the criminal context, then they must be permissible in the civil context because due process protections in the former context are more stringent than in the later. This argument elides the fact that all criminal procedures are not accorded the same level of due process protection. The procedure at a criminal suppression hearing does not require the same level of due process that is afforded the defendant at his trial. *U.S. v. Raddatz*, 447 U.S. 667, 679, 100 S.Ct. 2406, 2414 (1980). "At a suppression hearing, the court may rely on hearsay and

99 F.3d 1056, 1057 (11th Cir. 1996). Neither of these exceptions are present in the pending action. Accordingly, the court finds that the "main rule" governs the pending motion. *See Am.-Arab Anti-Discrimination Comm.*, 70 F.3d at 1069. The court will not "dispose of the merits of this case on the basis of *ex parte, in camera* submissions." *Id*. The pending motion will be denied.

The parties in this case dispute whether probable cause supported the search warrant executed on June 9, 2017. The defendants move that this court resolve the issue by employing an *ex parte, in camera* procedure. They maintain this is proper because criminal courts routinely do so when making probable cause determinations. This argument, however, compares apples to oranges.

When criminal courts entertain motions to suppress evidence, they sometimes make probable cause determinations based on *ex parte, in camera* proceedings, but the purpose of these proceedings is to determine what evidence will be admissible at the trial. They are not deciding the merits of the case. *See United States v. Raddatz*, 447 U.S. 667, 678, 100 S. Ct. 2406, 2413 (1980) ("[T]he interests underlying a voluntariness hearing do not coincide with the criminal law objective of determining guilt or innocence."). Here, the defendants want to use an *ex parte, in camera* proceeding to determine the existence of probable cause and, in turn, the merits of the plaintiffs' claims. The due process concerns are different.

The defendants further argue that an *ex parte, in camera* proceeding "is even more permissible in the civil context, where the parties have less stringent due process rights than in the criminal context." (Doc. 47, p. 12) This argument is difficult to follow. The defendants seem to be arguing that if *ex parte, in camera* proceedings are permitted in the criminal context, then they must be permissible in the civil context because due process protections in the former context are more stringent than in the later. This argument elides the fact that all criminal procedures are not accorded the same level of due process protection. The procedure at a criminal suppression hearing does not require the same level of due process that is afforded the defendant at his trial. *U.S. v. Raddatz*, 447 U.S. 667, 679, 100 S.Ct. 2406, 2414 (1980). "At a suppression hearing, the court may rely on hearsay and

other evidence, even though that evidence would not be admissible at trial." *Id*. The identities of confidential informants may be withheld at the suppression hearing, but they must be disclosed before trial if they are "relevant and helpful to the defense." *Id*. In sum, "the process due at a suppression hearing may be less demanding and elaborate than the protections accorded the defendant at the trial itself." *Id*. This is because a criminal suppression hearing is focused on determining what evidence will be admissible at trial, not on the ultimate question of guilt or innocence. *See Id*. at 677-679.

So while the due process protections in the criminal context *generally* exceed the protections afforded in the civil context, one cannot say that the due process protections afforded at a criminal suppression hearing also exceed the level of due process required in the civil context. And while *ex parte, in camera* procedures may be employed in a criminal suppression hearing, that does not mean that the same procedure would pass constitutional muster when resolving a civil claim. *See Anti-Discrimination Comm. v. Reno*, 70 F.3d 1045, 1069 (9th Cir. 1995).

In fact, the Ninth Circuit has already held to the contrary that *ex parte, in camera* procedures are not permitted when deciding the merits of a civil claim absent special circumstances not present in this case. *Anti-Discrimination Comm. v. Reno*, 70 F.3d 1045, 1069 (9th Cir. 1995); *see also Lynn v. Regents of Univ. of California*, 656 F.2d 1337, 1346 (9th Cir. 1981); *Abourezk v. Reagan*, 785 F.2d 1043, 1061 (D.C. Cir. 1986), *aff'd*, 484 U.S. 1, 108 S. Ct. 252 (1987); *Vining v. Runyon*, 99 F.3d 1056, 1057 (11th Cir. 1996); *but see Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 745 (9th Cir. 1991) (District Court could consider *ex parte/in camera* evidence when determining whether agent "was . . . acting within the course and scope of his employment for the United States of America."). The defendants' arguments, even if this court were to find them persuasive, are precluded by Ninth Circuit precedent.

IT IS ORDERED that the defendants' motion, filed on November 7, 2019, to submit *ex parte, in camera* evidence and argument in their anticipated dispositive motions is DENIED. (Doc. 47)

DATED this 8th day of January, 2020.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge