**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greg Moore, et al., | No. CV-19-00290-TUC-RM (LAB) |
| Plaintiffs, | **ORDER** |
| v. | |
| Sean Garnand, et al., | |
| Defendants. | |

On December 13, 2019, Magistrate Judge Leslie A. Bowman issued an Order (Doc. 74) granting Defendants' Motion to Assert the Law Enforcement Investigatory Privilege and denying Defendants' Motion to Stay Discovery until resolution of their Motion for Partial Summary Judgment on the issue of qualified immunity (Doc. 23). On December 23, 2019, Plaintiffs appealed the Magistrate Judge's decision to this Court and filed an Objection. (Doc. 84.) On January 15, 2020, Defendants filed a Response to Plaintiff's Objection. (Docs. 92, 94.)

**I.  Background**

The Plaintiffs in this case, Greg and Patricia Moore, allege that their constitutional rights were violated when the Defendants, Detective Sean Garnand and Sergeant Dain Salisbury, who are both employed by the Tucson Police Department (TPD), sought and executed search warrants in connection with an arson investigation into the destruction of

the Forgeus Apartments on June 8, 2017. (Doc. 74 at 1.) Plaintiffs bring this action pursuant to 42 U.S.C. § 1983. (Doc. 1 at 4.) Plaintiffs allege that between June 8 and June 14, 2017, Defendants violated their constitutional rights under the First and Fourth Amendments in connection with Defendants' investigation of the Forgeus fire. (Doc. 84 at 4.) Plaintiffs further allege that Defendants "commenced an unwarranted financial crimes investigation against Greg Moore as well as actions intended to intimidate Plaintiffs into dropping their federal claims." (*Id*. at 5.) TPD is conducting an ongoing investigation into the fire that destroyed the apartments and the Plaintiffs are or were suspects in the arson case. (Doc. 74 at 1, Doc. 92 at 2.)

        Defendants move to assert the law enforcement investigatory privilege for the arson investigation police files. (Doc. 23.) Defendants assert that this civil action is a "pretextual attempt" by Plaintiffs to gain access to the TPD criminal investigative file pertaining to their potential involvement in the Forgeus fire. (Doc. 23 at 2.) Defendants set forth the history of Plaintiffs' prior attempts to gain access to the files, including prior litigation in state and federal court, public records requests, informal communications with Defendants, TPD officers and their attorneys requesting the files, and an internal affairs complaint to TPD. (*Id*. at 2-6.) Notably, on March 18, 2019, Plaintiffs filed a special action in Pima County Superior Court pursuant to the Arizona Public Records Act seeking to obtain unredacted versions of nearly 1,000 pages of documents that had been disclosed by TPD. (*Id*. at 4, Doc. 92 at 3.) In that case (Pima County Superior Court No. 20191313), after Plaintiffs objected to the redactions and argued for disclosure of the redacted portions as well as additional undisclosed evidence, Superior Court Judge Leslie Miller undertook an in-camera review of approximately 2,000 pages of documents and denied Plaintiffs any relief. (*Id*.) Details of the discovery disputes over the requested documents in the instant case are set forth in Defendants' Reply. (Doc. 30 at 2-4.)

        In their Response, Plaintiffs contend that the records and documents they request are necessary in order to establish their constitutional violation claims. (Doc. 25.) Plaintiffs argue, in part, that: (1) The Motion is for a protective order that is non-

compliant with Fed. R. Civ. P. 26; (2) Defendants failed to establish the "substantial threshold showing" required for an assertion of the "official information privilege;" (3) the Court should not take note of Judge Miller's decision in the Superior Court case; (4) Defendants failure to produce an appropriate privilege log dooms the Motion; (5) the Motion is unsupported by precedent; (6) Permitting discovery would not prejudice the ongoing criminal investigation; (7) although the balancing test that Defendants analyze in their motion is an "exercise in misdirection," if the Court were to apply the nine-factor test, it would find that a stay is not warranted. (Doc. 25.)

In their Reply, Defendants assert that: (1) Plaintiffs have repeatedly requested unredacted documents from TPD's criminal investigation file during discovery; (2) Plaintiffs apply the wrong legal standard for the law enforcement investigatory privilege; (3) Plaintiffs wrongly contend that Defendants did not produce a sufficient privilege log; (4) Plaintiffs are not entitled to special treatment as "private attorneys general;" (5) Plaintiffs concede by their non-response that a stay of discovery for purposes of deciding Defendants' qualified immunity claim is appropriate. (Doc. 30.)

## II.     Standard of Review

Pursuant to the Federal Magistrates Act, a district court may "accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the findings to which objections have been made. 28 U.S.C. § 636(b)(1)(C). The district court considers the objections and must "modify or set aside any part of the order that is clearly erroneous or that is contrary to law." Fed. R. Civ. P. 72(a). "The clearly erroneous standard, which applies to a magistrate judge's findings of fact, is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Jones v. Corr. Corp. of Am.*, 2011 WL 1706838, at 4 (D. Ariz. 2011). The clearly erroneous standard requires the court to determine "if there is any evidence to support the magistrate judge's finding and that the finding was reasonable." *Darjee v. Betlach*, 2018 WL 4214438, at 12 (D. Ariz. 2018). The contrary to law standard "permits independent review of purely legal

determinations by the magistrate judge." *Jones*, 2011 WL 1706838, at 4.

**III.     Magistrate Judge Bowman's Order and Objections to the Order**

On December 13, 2019, Judge Bowman issued an Order granting Defendants' Motion to Assert Law Enforcement Investigatory Privilege and stayed discovery of the TPD arson investigation files for the Forgeus Apartments. (Doc. 74 at 4.) The Order finds that the declaration of Tucson Police Chief Chris Magnus (Doc. 23-8 at 2-8), which states why the documents pertaining to the criminal investigation should be protected from discovery, is sufficient to meet the threshold showing to invoke the law enforcement investigatory privilege. (*Id*. at 3.) The declaration and other attached exhibits provide a "Bates numbered listing of all redactions and/or withheld documents along with the reason each was redacted or withheld." (*Id*. at 2.) The declaration explains that some of the redacted or withheld documents describe "precisely how a crime under investigation was accomplished." (*Id*.) The documents describe officers' observations, their decisions to gather evidence, and their analysis of gathered evidence. (*Id*.) Other documents disclose the identity of witnesses and information provided by those witnesses. (*Id*.) Defendants contend that disclosure of the documents would impair TPD's ability to investigate crimes by discouraging witnesses from coming forward and disclosing to potential suspects information that has been gathered in the course of the investigation. (*Id*. at 3.) The Order finds that "the privilege is particularly applicable here where the [TPD] has an ongoing criminal investigation and the plaintiffs are the target of that investigation." (*Id*.)

The Order addresses Plaintiffs' arguments in favor of disclosure, including that a protective order, rather than a limitation on discovery, would adequately protect Defendants' interests, and that Chief Magnus's declaration fails to include "a projection of how much harm would be done to the threatened interests if disclosure were made." (*Id*. at 3.) The Order finds that a protective order would not suffice due to the "unique circumstances" of the case, particularly the fact that Plaintiffs are the target of the investigation for which they seek disclosure of documents. (*Id*.) The Order further finds

that Chief Magnus's declaration adequately addresses the harm that would occur if disclosure were made. (*Id.*) The Order finds that "law enforcement techniques and procedures would be disclosed, witnesses would lose their confidentiality, and the investigation would be compromised." (*Id.*) The Order concludes that, while discovery of the TPD arson investigation files for the Forgeus Apartments should be stayed pursuant to the law enforcement investigatory privilege, that Defendants were not entitled to a stay of all discovery pending resolution of their forthcoming motion for partial summary judgment. (*Id.* at 3-4.)

Plaintiffs object to the Order. (Doc. 84.) Plaintiffs raise five objections: (1) the Magistrate failed to apply Ninth Circuit authority holding that the standard to be applied (privileges in a Section 1983 civil rights case) must be narrowly drawn; (2) the Magistrate failed to test the Defendants' assertion of law enforcement privilege against the burdens set forth in Ninth Circuit case law; (3) the Magistrate failed to enforce the privilege log requirement; (4) the Magistrate failed to apply the second step of the privilege analysis; and (5) the Magistrate improperly conflated the analysis of privilege and the line of cases addressing stay of a civil action until the conclusion of criminal proceedings against a Plaintiff. (*Id.* at 6.) Plaintiffs contend that the Magistrate's decision effectively created a "permanent stay of discovery" as to Plaintiff's claims One through Five, which effectively operates as a dismissal of those claims. (*Id.*)

A. <u>The Magistrate Judge correctly applied the standard for assertion of law enforcement investigatory privilege.</u>

Plaintiffs contend that the Magistrate Judge applied the incorrect standard for the assertion of a privilege. (*Id.* at 7-8.) Defendants respond that the standards set forth by Plaintiffs are irrelevant and do not address the law enforcement investigatory privilege. (Doc. 92 at 6-7.) Defendants further argue that Plaintiff's objections on this point impermissibly restate the same arguments raised before Judge Bowman. (*Id.* at 7.)

The Ninth Circuit has not formally recognized the law enforcement investigatory privilege. *See Shah v. Dep't of Justice*, 714 F. App'x 657, 659 n. 1 (9th Cir. 2017)

(assuming without deciding that the privilege exists because the plaintiff did not contest the government's assertion of the privilege as "not in accordance with law."). However, the District of Arizona has recognized the applicability of the law enforcement privilege to ongoing criminal investigative files sought by civil litigants. *Torres v. Goddard*, 2010 WL 3023272, at 8 (D. Ariz. 2010). The privilege is "based on the harm to law enforcement efforts which might arise from public disclosure of investigatory files." *Id*. The party asserting the privilege has the burden to establish its three elements: (1) a formal claim of privilege by the head of the department with control over the requested information; (2) the assertion of the privilege must be based on personal consideration by that official; and (3) the information for which the privilege is claimed must be specified with an explanation as to why it falls within the scope of the privilege." *Id*. (citing *U.S. ex rel. Burroughs v. DeNardi Corp.*, 167 F.R.D. 680, 687 (S.D. Cal. 1996)). "To invoke the privilege, the official claiming the privilege must have seen and considered the contents of the documents and himself have formed the view that on grounds of public interest they ought not to be produced and state with specificity the rationale of the claimed privilege." *Id*. (citing *Kerr v. United States Dist. Court for N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir.1975)).

Plaintiffs do not contest the Magistrate Judge's factual or legal findings or analysis based upon this test. Rather, Plaintiffs contend that both the law enforcement privilege and official information privilege apply to motions for assertion of law enforcement privilege, and that both utilize the same test. *Kerr*, 511 F.2d at 198. However, *Kerr* does not set forth or mandate a different test for the assertion of law enforcement privilege than the one outlined by the District Court in *Torres*. *Id*. ("To assert the privilege, a responsible government official must lodge a formal claim of privilege, after actual personal consideration of the information sought. The formal claim of privilege must specify with particularity the information for which the protection is sought and explain why the information falls within the scope of the privilege.")

The Court finds that the Magistrate Judge applied the correct standard for the

assertion of the law enforcement investigatory privilege. The Order finds that Chief Magnus, the head of the department with control over the requested information, made a formal claim of privilege based on a personal consideration of the evidence. (Doc. 74 at 2.) The Order further finds that Defendants specified the information for which the privilege is claimed by providing a Bates numbered listing of all the redacted and withheld documents along with the reason for the redaction or withholding. (*Id*.) Furthermore, Chief Magnus explained why the documents fall within the scope of the privilege. (*Id*.) Upon reviewing the parties' arguments and the record, the Court finds that the Magistrate Judge did not make a clear error of fact or a finding contrary to law regarding her application of the standard for assertion of the law enforcement privilege.

        B. <u>The Magistrate Judge correctly found that the privilege log submitted by Defendants was sufficient.</u>

Plaintiffs argue that Defendants did not comply with the requirements for a privilege log of allegedly privileged information. (Doc. 84 at 10.) They argue that the privilege log provided by Defendants is inadequate because it does not specifically address how the governmental or public interest would be harmed by disclosure of the withheld documents. (*Id*. at 11-12.) Defendants respond that (1) the District of Arizona has not required a privilege log for assertion of the law enforcement privilege; (2) under Ninth Circuit case law a privilege log is not an absolute prerequisite to the assertion of privileges; and (3) the affidavits and log provided by the Defendants are adequate because they include detailed and specific privilege assertions. (Doc. 92 at 10-12.)

The fundamental principle underlying the requirement that a party claiming privilege must provide a privilege log of the withheld or redacted documents is that the log must be sufficient to enable the opposing party and the Court to assess the substance of the privilege claimed as to each document so as to balance the interests of the parties. *Kelly v. City of San Jose*, 114 F.R.D. 653, 669 (N.D. Cal. 1987) ("Unless the government, through competent declarations, shows the court what interests would be harmed, how disclosure under a protective order would cause the harm, and how much harm there

would be, the court cannot conduct a meaningful balancing analysis."); Fed. R. Civ. P. 26(b)(5)(ii). "In essence, the party asserting the privilege must make a prima facie showing that the privilege protects the information the party intends to withhold. We have previously recognized a number of means of sufficiently establishing the privilege, one of which is the privilege log approach." *In re Grand Jury Investigation*, 974 F.2d 1068, 1071-71 (9th Cir. 1992) (privilege log and affidavits were sufficient to establish privilege in context of attorney-client privilege). If a privilege log or other form of establishing a specific rationale for the privilege is not timely produced, the privilege may be waived. In determining whether a privilege was waived, courts consider the following factors: "(1) the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); (2) the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); (3) the magnitude of the document production; and (4) other particular circumstances of the litigation that make responding to discovery unusually easy. . .or unusually hard." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005).

The Magistrate Judge correctly found that the privilege log submitted by Defendants was sufficient. The affidavits provided by Chief Magnus (Doc. 23-8 at 2-8) and Detective Sean Garnand (*Id*. at 10-19) describe with specificity and detail the reasons why the law enforcement privilege was asserted for the withheld documents. Defendants provide a list of thirteen specific reasons for assertion of the privilege for the withheld documents and link each document to one or more of the thirteen reasons. (*Id*. at 15-17.) At least some of the thirteen reasons apply specifically to the criminal investigation of the Forgeus fires, for example, "[i]nvestigative processes and techniques used to investigate arson that would be usable by TPD in other arson cases." (*Id*. at 16.) Furthermore, the

affidavits and privilege log state with specificity how and why governmental and public interests would be harmed by disclosure of the withheld documents. The Magistrate Judge correctly found that the privilege log and affidavits provided by Defendants were sufficient to establish law enforcement privilege as to the withheld documents and that the privilege was not waived.

> C. <u>The Magistrate Judge correctly declined to conduct an in camera review of the withheld documents.</u>

Plaintiffs additionally contend that the Magistrate Judge erred by not ordering an in camera review of the withheld documents. (Doc. 84 at 13); *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995) ("If a defendant meets the threshold requirements [to establish privilege], the court will order an in camera review of the material and balance each party's interests.") Defendants respond that (1) Plaintiffs have not shown that they have a substantial need for the documents and are not able to obtain their substantial equivalent by other means; (2) Plaintiffs are barred by the doctrines of collateral estoppel and issue preclusion from seeking a second in camera review because the matter has already been litigated in state court; and (3) the federal court lacks subject matter jurisdiction to undertake an in camera review because such review would constitute improper appellate review of a previously adjudicated state court determination. (Doc. 92 at 14-15.)

"[I]n camera review is a highly appropriate and useful means of dealing with claims of governmental privilege." *Kerr v. U. S. Dist. Court for N. Dist. of California*, 426 U.S. 394, 406 (1976). In the context of arguments involving the crime-fraud exception to the attorney-client privilege, the Supreme Court has held that "the judge should require a showing of a factual basis adequate to support a good faith belief by a reasonable person" that "in camera review of the materials may reveal evidence to establish the claim[.]" *United States v. Zolin*, 491 U.S. 554, 572 (1989). Once such a showing is made, the decision whether to conduct the in camera review rests within the sound discretion of the trial court. *Id*. "The court should make that decision in light of the

facts and circumstances of the particular case, including, among other things, the volume of materials the district court has been asked to review, the relative importance to the case of the alleged privileged information, and the likelihood that the evidence produced through in camera review, together with other available evidence then before the court, will establish that the crime-fraud exception does apply." *Id*. Neither party cites, and the Court has not located, mandatory authority setting forth a standard of review for in camera inspection of documents in the law enforcement privilege context.

Applying the standard set forth in *Zolin*, the Court finds that Plaintiffs have not demonstrated a factual basis to support a good faith belief that the materials they seek may reveal evidence to establish their claim. Plaintiffs have not explained how documents and materials pertaining to witnesses, evidence, and law enforcement decision making in TPD's criminal investigation of the Forgeus fire could be relevant to Plaintiff's remaining claims that their First and Fourth Amendment rights were violated during and immediately after the procurement and execution of the search warrant for Plaintiff's home and business. *Pederson v. Preston*, 250 F.R.D. 61, 64 (D.D.C. 2008) ("[D]iscovery of matters not reasonably calculated to lead to the discovery of admissible evidence are not within the scope of discovery."). As far as the Court can ascertain, the only one of Plaintiff's claims for which evidence related to the criminal investigation could be relevant are that the warrant application lacked probable cause and that the search warrant was a product of judicial deception. (*See* Doc. 84 at 4.) However, Plaintiffs admit that they received an unredacted copy of the application and warrant. (*Id*.) Plaintiffs have not explained in their briefing how discovery of the criminal investigation documents is reasonably calculated to lead to the discovery of admissible evidence and therefore have not shown that the documents they seek are within the scope of discovery. *Pederson*, 250 F.R.D. at 64.

"[F]ederal courts must give state-court judgments the same preclusive effect as would be given ... under the law of the State in which the judgment was rendered.' *Thornton v. City of St. Helens*, 425 F.3d 1158, 1165 (9th Cir. 2005) (internal quotations

omitted); 28 U.S.C. § 1738. This rule holds true for suits brought pursuant to 42 U.S.C. § 1983. *Id*. Under Arizona law, "[c]ollateral estoppel or issue preclusion is applicable when the issue or fact to be litigated was actually litigated in a previous suit, a final judgment was entered, and the party against whom the doctrine is to be invoked had a full opportunity to litigate the matter and actually did litigate it, provided such issue or fact was essential to the prior judgment." *Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 573, 716 P.2d 28, 30 (1986). Defendants argue, and Plaintiffs do not dispute, that this precise issue was previously litigated in state court between these two parties and that the litigation, which included an in camera review of the documents, resulted in a judgment against Plaintiffs on the issue of the discoverability of the documents. (Doc. 23-4.) Therefore, the Court further finds that issue preclusion or collateral estoppel applies to Plaintiffs' argument that the Court should conduct an in camera review of the withheld documents and that the Magistrate Judge correctly declined to conduct a second review.

> D. <u>The Magistrate Judge correctly found that substantial prejudice to Defendants would result from disclosing documents related to the criminal investigation.</u>

Plaintiffs assert that Defendants have not shown that "substantial prejudice to the rights of the parties involved" precludes the "simultaneous parallel [civil and criminal] proceedings" that Plaintiffs seek in this case. (Doc. 84 at 15-16); *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (simultaneous civil and criminal proceedings are unobjectionable absent substantial prejudice). In response, Defendants contend that federal policy bars persons under criminal investigation from bringing a federal civil action in order to take advantage of the liberal discovery rules in civil litigation to obtain information about the investigation of their suspected criminal activities. *See Osband v. Woodford*, 290 F.3d 1036, 1042 (9th Cir. 2002); *see also Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962). "The most persuasive cases in which a court has prohibited. . . discovery in a related civil action have involved a criminal defendant who initiated the civil action after learning that a criminal action had been or would be commenced." *United States v. Percuoco*, 109 F.R.D. 565, 567 (D.

Mass. 1986).

As Plaintiffs contend, it is true that they have not been indicted for the suspected arson that caused the Forgeus fire. However, the Court finds that the same logic that precludes discovery of criminal case materials via civil litigation applies here, where Plaintiffs are the subject of an ongoing criminal investigation. Given the facts of this case, including that Plaintiffs knew of the criminal investigation pertaining to them before initiating this lawsuit, the Court finds it likely that the discovery Plaintiffs seek is targeted at learning more about a criminal investigation that involves them. *See Application of Eisenberg*, 654 F.2d 1107, 1113 (5th Cir. 1981). Furthermore, as discussed *supra*, Defendants demonstrated via the affidavits and privilege log submitted in conjunction with their Motion that substantial prejudice would result from disclosure of the withheld documents. Accordingly, the Court finds that the Magistrate Judge correctly granted Defendants' Motion.

However, the application of the law enforcement investigatory privilege does not permit Defendants to indefinitely delay discovery in this case. A civil litigant has a right to a "reasonably prompt determination" of her claims. *See Campbell*, 307 F.2d at 487. Even in cases where courts have stayed civil proceedings pending completion of ongoing criminal prosecutions, temporal and reporting requirements have been imposed on the state. *See Souza v. Schiltgen*, 1996 WL 241824, at *4 (N.D. Cal. May 6, 1996) (ordering a 90-day stay on discovery in the civil action during criminal proceedings and requiring the Government to submit a report on the status of the criminal investigation). The Court finds that such requirements are appropriate here and will order Defendants to provide an update on the status of the criminal investigation of the Forgeus fire and a predicted timeline for completion of the investigation to the Magistrate Judge for in camera review.

. . . .

. . . .

. . . .

. . . .

The Court has reviewed Judge Leslie A. Bowman's Order, the parties' briefs, objections, and the record. The Court finds no error in Judge Leslie A. Bowman's Order.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Assert the Law Enforcement Investigatory Privilege (Doc. 23) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection (Doc. 84) is **overruled**.

**IT IS FURTHER ORDERED** that Defendants shall provide a detailed report on the status of the criminal investigation into the Forgeus Apartment fires and a predicted timeline for completion of the investigation to Magistrate Judge Jacqueline Rateau for in camera review.

Dated this 24th day of March, 2020.

Honorable Rosemary Márquez
United States District Judge