**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greg Moore; et al., | No. CV 19-0290 TUC RM (LAB) |
| Plaintiffs, | **ORDER** |
| vs. | |
| Sean Garnand; et al., | |
| Defendants. | |

Pending before the court is a motion, filed by the defendants on November 15, 2019, to quash the plaintiffs' subpoena duces tecum to State Farm Insurance Company, or, in the alternative, for a protective order. (Doc. 52)

Also pending is the plaintiffs' motion that the court issue State Farm an order to show cause why it should not be held in contempt for failure to comply with their subpoena. (Doc. 67)

The plaintiffs in this action claim their constitutional rights were violated when the defendants executed search warrants in connection with an arson investigation into the destruction of the Forgeus Apartments on June 8, 2017. (Doc. 1) They bring this action pursuant to 42 U.S.C. s 1983. (Doc. 1, p. 4) The defendants apparently believe that the plaintiffs may be responsible for the fire that destroyed these apartments. (Doc. 1) They further believe the fire that destroyed the Forgeus Apartments displayed similarities to the fire that destroyed an apartment on Blacklidge Drive in 2011. (Doc. 1, p. 10) The investigation into the Forgeus fire is ongoing.

In the pending motion, the defendants move pursuant to Fed.R.Civ.P. 26(b)(2)(C)(iii) to quash the plaintiffs' subpoena duces tecum directed to State Farm Insurance Company. In that subpoena, the plaintiffs seek "all files relevant to any investigation of the fire[s]" at 3954 E. Blacklidge Drive and 2427-2429 N. Forgeus Avenue. (Doc. 52-1, p. 2)

The defendants argue that the subpoena seeks documents that are beyond the scope of discovery. (Doc. 52); *see* Fed.R.Civ.P. 26(b)(2)(C)(iii) They maintain that State Farm's investigation into the Blacklidge and Forgeus fires could not be relevant to the defendants' actions in procuring and executing the search warrants that form the basis for this action. (Doc. 52) They surmise that the subpoenas are actually a backdoor attempt to obtain Tucson Police Department files that are contained within State Farm's files. (Doc. 52)

In their response, the plaintiffs argue that the subpoena will enable them to prove that the defendants "fabricated evidence, particularly that regarding the Blacklidge fire, in order to secure warrants." (Doc. 64, p. 3) They suggest that the State Farm documents may provide evidence pointing to the true perpetrators. (Doc. 64, p. 4) They argue that "the State Farm documents will reveal the identities of witnesses – TPD officers, TFD investigators, and others – who possess discoverable knowledge as to both Blacklidge and Forgeus incidents." (Doc. 64, p. 4) They further explain that they are seeking Tucson Police Department and Tucson Fire Department documents that may be contained in those insurance files. (Doc. 64, p. 4) Apparently, they hope to find documents that will show that the defendants knew certain facts favorable to the plaintiffs but suppressed those facts when they applied for their search warrants.

When the pending motion was filed, the court had under advisement the defendants' previously filed motion to stay discovery pursuant to the law enforcement investigatory privilege. (Docs. 23, 37) That motion has since been granted. (Doc. 74) The plaintiffs appealed the order granting the motion; but they were unsuccessful. (Doc. 113)

Assuming without deciding that the defendants have standing to object to the plaintiffs' subpoena on the grounds of relevance, the court finds that the State Farm documents are relevant and discoverable in so far as they are the product of State Farm's

1  independent investigation of the fires. Reports generated by the Tucson Police Department
2  or Tucson Fire Department and any references made to those reports are not discoverable
3  because they fall under the law enforcement investigatory privilege. *See* (Docs. 74, 113)

5  IT IS ORDERED that the motion, filed by the defendants on November 15, 2019, to quash the plaintiffs' subpoena to State Farm Insurance Company, or, in the alternative, for a protective order is GRANTED in PART. (Doc. 52) State Farm shall comply with the plaintiffs' subpoena in so far as it seeks documents that are the product of State Farm's independent investigation, but it may not disclose any reports generated by the Tucson Police Department or Tucson Fire Department or any references made to those reports. The plaintiffs' motion for an award of attorney fees and costs pursuant to Fed.R.Civ.P. 26(C)(3) and 37(a)(5) incorporated into their response brief is DENIED. (Doc. 64)

IT IS FURTHER ORDERED that the plaintiffs' motion that the court issue State Farm an order to show cause why it should not be held in contempt for failure to comply with their subpoena is DENIED. (Doc. 67)

DATED this 26th day of March, 2020.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge