**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greg Moore; et al., | No. CV 19-0290 TUC RM (LAB) |
| Plaintiffs, | **ORDER** |
| vs. | |
| Sean Garnand; et al., | |
| Defendants. | |

Pending before the court is a motion, filed by the non-party City of Tucson (City) on November 20, 2019, to quash the plaintiffs' subpoena served on Tucson Fire Department Inspector Jorge Lola and the Notice of Deposition directed to Tucson Police Officer Jacob Smith. (Doc. 54) Since filing its motion, the City has discovered that the plaintiffs issued a subpoena to Officer Smith to testify at the deposition. (Doc. 73-1, p. 3) The court will treat the motion as though it seeks to quash these two subpoenas. The plaintiffs filed a response on December 4, 2019. (Doc. 65) The City filed a reply on December 11, 2019. (Doc. 73)

The plaintiffs in this action claim their constitutional rights were violated when the defendants executed search warrants in connection with an arson investigation into the destruction of the Forgeus Apartments on June 8, 2017. (Doc. 1) They bring this action pursuant to 42 U.S.C. s 1983. (Doc. 1, p. 4) The defendants apparently believe that the plaintiffs may be responsible for the fire that destroyed these apartments. (Doc. 1) They further believe that the fire that destroyed the Forgeus Apartments displayed similarities to

the fire that destroyed an apartment on Blacklidge Drive in 2011. (Doc. 1, p. 10) The investigation into the Forgeus fire is ongoing.

In the pending motion, the defendants move pursuant to Fed.R.Civ.P. 45(d)(3)(A)(iii) and (iv) to quash the plaintiffs' subpoena directed to Tucson Fire Department Inspector Jorge Lola to testify at a deposition and produce documents related to his investigation of the Forgues fire. (Doc. 54-1, p. 2) They also seek to quash the subpoena directed to Tucson Police Officer Jacob Smith to testify at a deposition. (Doc. 54-1, p. 6); (Doc. 73-1, p. 3) The defendants argue, among other things, that the depositions are precluded by the law enforcement investigatory privilege. *See Conan v. City of Fontana*, 2017 WL 2874623, at *4 (C.D. Cal. 2017) ("[T]he law enforcement investigatory privilege is based on the harm to law enforcement efforts which might arise from public disclosure of investigatory files.").

Rule 45 reads in pertinent part as follows:

> On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>
> \* \* \*
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A).

When the pending motion was filed, the court had under advisement the defendants' previously filed motion to stay discovery pursuant to the law enforcement investigatory privilege. (Docs. 23, 37) That motion has since been granted in part. (Doc. 74) The plaintiffs appealed that order, but they were unsuccessful. (Doc. 113)

In its motion, the City asserts that the plaintiffs are only seeking information that falls within this privilege. (Doc. 54) The court finds that this is a fair assumption in light of the plaintiffs' failure to suggest any other purpose for the depositions. (Doc. 65, pp. 6-7) The motion to quash will be granted because the depositions would violate the law enforcement investigatory privilege.

The plaintiffs argue to the contrary that the Federal Rules of Civil Procedure preclude the City's motion. Specifically, they argue that "*any party* may move the Court to modify or quash a subpoena on the grounds of privilege," but a non-party, like the City, cannot do so, citing, among other things, *Salem Vegas, L.P. v. Guanci*, 2013 WL 5493126, at *3 (D. Nev. 2013). (Doc. 65, p. 2)

This court, however, finds nothing in the wording of Rule 45(d)(3)(A) that precludes the City from filing the pending motion. Moreover, the plaintiffs' proposed reading of Rule 45 would leave the City with a right but no remedy. The proposed depositions threaten to violate the City's privilege. Accordingly, the Rules should be interpreted in a way that permits it to file a motion to quash. *See* Fed.R.Civ.P. 1; *see also R. Prasad Indus. v. Flat Irons Envtl. Sols. Corp.*, 2014 WL 2804276, at *3 (D. Ariz. 2014) (collecting cases)

The plaintiffs further argue that the City might have standing to object to a subpoena for documents, but it has no standing to oppose a *deposition* subpoena. (Doc. 65, p. 2) Again, the court fails to find anything in the wording of Rule 45(d)(3)(A) that supports the plaintiffs' proposed reading. Moreover, the court fails to see why the Rules would be constructed in such a way. *See* Fed.R.Civ.P. 1. The proposed depositions are just as likely to violate the City's privilege as would be the disclosure of documents. It would not make sense if the Rules allowed the City to quash a subpoena duces tecum but not a deposition subpoena.

The plaintiffs note that the City previously disclosed to them Loya's fifteen-page report on the Forgeus fire. (Doc. 65, p. 4) They argue that this disclosure waives the City's claim of privilege over any related matters. The court does not agree.

This court adopts the reasoning of the First Circuit and holds that in the context of the law enforcement privilege, the "release of a document only waives the[] privilege[] for the document or information specifically released, and not for related materials." *Commonwealth of Puerto Rico v. United States*, 490 F.3d 50, 66 (1st Cir. 2007) (quoting *In re Sealed Case*, 121 F.3d 729, 741 (D.C.Cir.1997)). "This limited approach to waiver serves important interests in open government by ensuring that agencies do not forego voluntarily disclosing

some privileged material out of the fear that by doing so they are exposing other, more sensitive documents." *Commonwealth of Puerto Rico*, 490 F.3d at 66 (punctuation modified). Moreover, if the disclosure was inadvertent or negligent, it hardly seems equitable that the public at large, one of the beneficiaries of the privilege, should pay the price for the City's improvidence.

IT IS ORDERED that the motion, filed by the non-party City of Tucson (City) on November 20, 2019, to quash the plaintiffs' subpoenas served on Tucson Fire Department Inspector Jorge Lola and Tucson Police Officer Jacob Smith is GRANTED. (Doc. 54)

The plaintiffs' motion for an award of attorney fees and costs pursuant to Fed.R.Civ.P. 26(C)(3) and 37(a)(5) incorporated into their response brief is DENIED. (Doc. 65)

DATED this 2nd day of April, 2020.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge