**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Greg Moore; et al., | ) | No. CV 19-0290 TUC RM (LAB) |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| Sean Garnand; et al., | ) | |
| Defendants. | ) | |

Pending before the court is a motion, filed by the defendants on January 28, 2020, to quash the plaintiffs' subpoena served on Robin Newgren/Internal Revenue Service or, in the alternative, for a protective order. (Doc. 96) The plaintiffs filed a response on February 10, 2020. (Doc. 98) The defendants filed a reply on February 18, 2020. (Doc. 99)

The plaintiffs in this action claim their constitutional rights were violated when the defendants executed search warrants in connection with an arson investigation into the destruction of the Forgeus Apartments on June 8, 2017. (Doc. 1) They bring this action pursuant to 42 U.S.C. s 1983. (Doc. 1, p. 4) The defendants apparently believe that the plaintiffs may be responsible for the fire that destroyed these apartments. (Doc. 1) The investigation into the Forgeus fire is ongoing.

During its investigation into the fire, the Tucson Police Department (TPD) seized the plaintiffs' personal and business financial records. (Doc. 1, pp. 11-12) The plaintiffs allege, among other things, that the defendants encouraged TPD Sergeant Richard Radinsky to open a financial crime investigation against the plaintiffs. (Doc. 1, pp. 4, 12) This investigation

was closed on April 11, 2018, but the plaintiffs allege it was resurrected at the defendants' request in retaliation for the plaintiffs' filing of this case. (Doc. 1, p. 14) The plaintiffs further allege that the defendant Sean Garnand delivered documents to IRS Agent Robin Newgren in an effort to convince her to open a criminal investigation against them. (Doc. 1, p. 14) The plaintiffs claim that the defendants acted without reasonable suspicion and in violation of their First and Fourteenth Amendment rights. (Doc. 1, p. 21)

In the pending motion, the defendants move pursuant to Fed.R.Civ.P. 26(b)(1), 26(v)(2)(C)(iii), and 45(d)(3)(A)(iii) that the court quash the plaintiffs' subpoena directed to Robin Newgren/Internal Revenue Service commanding her to testify at a deposition and produce documents relating to any communications between "any IRS agent . . . and any representative of the Tucson Police Department, regarding Eric Gregory Moore . . . and/or Patricia Moore." (Doc. 96, p. 1); (Doc. 96-1, p. 2) They move in the alternative for a protective order forbidding discovery pursuant to Fed.R.Civ.P. 26(c)(1)(A). (Doc. 96, p. 1)

The defendants argue, among other things, that the subpoena seeks discovery in violation of the law enforcement investigatory privilege. *See Conan v. City of Fontana*, 2017 WL 2874623, at *4 (C.D. Cal. 2017) ("[T]he law enforcement investigatory privilege is based on the harm to law enforcement efforts which might arise from public disclosure of investigatory files."). The defendants' earlier filed motion to stay discovery pursuant to the law enforcement investigatory privilege was granted in part on December 13, 2019. (Docs. 23, 74) In its order, this court held that "Discovery of the TPD arson investigation files for the Forgeus Apartments is stayed pursuant to the law enforcement investigatory privilege." (Doc. 74, p. 4) The plaintiffs appealed the order, but they were unsuccessful. (Doc. 113)

Rule 45 reads in pertinent part as follows:

On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

\* \* \*

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A).

In their motion, the defendants assert that the plaintiffs are seeking information that falls within this law enforcement investigatory privilege. (Doc. 96, pp 3-4) The court agrees. The plaintiffs seek documents that were gathered during TPD's investigation of the Forgues fire. Disclosure of those documents and the communications between the defendants and INS Agent Newgren would compromise the effectiveness of TPD's investigative techniques. *See* (Doc. 23-8, p. 6, par. j) (Police Chief Chris Magnus's Declaration) ("Records disclosing information pertaining to crimes other than the Forgues fire under investigation . . . would undermine the effectiveness of TPD's investigative . . . techniques.") The plaintiffs' subpoena will be quashed.

The plaintiffs argue to the contrary that the defendants do not have standing to file a motion to quash a subpoena directed to a third party. (Doc. 98, p. 2) This court, however, finds nothing in the wording of Rule 45(d)(3)(A) that precludes the defendants from filing the pending motion. Moreover, the plaintiffs' proposed reading of the Rule would leave the defendants with a right but no remedy. The proposed discovery threatens to violate the defendant's privilege. Accordingly, the Rules should be interpreted in a way that allows them to file a motion to quash. *See* Fed.R.Civ.P. 1; *see also R. Prasad Indus. v. Flat Irons Envtl. Sols. Corp.*, 2014 WL 2804276, at *3 (D. Ariz. 2014) (collecting cases)

The plaintiffs further argue that because the proposed deponent did not serve an objection within 14 days of service, all objections to the discovery are waived. (Doc. 98, p. 2) The court does not agree. The 14-day deadline appears in Fed.R.Civ.P. 45(d)(2)(B) and applies to objections filed by the "person commanded to produce documents . . . ." It does not apply to a motion to quash filed pursuant to Fed.R.Civ.P. 45(d)(3)(A). *Arthur J. Gallagher & Co. v. O'Neill*, 2017 WL 5713361, at *2 (E.D. La. 2017) (citing 9A C. Wright, A. Miller, M. Kane, R. Marcus, A. Spencer, A. Steinman, *Federal Practice and Procedure* § 2463 (3d ed. 2017)), on reconsideration, 2017 WL 6524044 (E.D. La. 2017).

The plaintiffs maintain that disclosure of documents to a third party waives the privilege. (Doc. 98, p. 3) The plaintiffs, however, do not cite any authority for their

argument. The court concludes that while this might be the general rule, disclosure of TPD documents to the IRS, another law enforcement body, does not waive the law enforcement investigatory privilege.

IT IS ORDERED that the motion, filed by the defendants on January 28, 2020, to quash the plaintiffs' subpoena served on Robin Newgren/Internal Revenue Service or, in the alternative, for a protective order is GRANTED. (Doc. 96) The subpoena is quashed.

DATED this 3rd day of April, 2020.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge