**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greg Moore, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>Sean Garnand, et al.,<br><br>   Defendants. | No. CV-19-00290-TUC-RM (LAB)<br><br>**ORDER** |

  Pending before the Court are Plaintiff's Motion for Reconsideration (Doc. 120) and Motion for Clarification (Doc. 134). Plaintiffs ask the Court to reconsider and clarify its March 24, 2020 Order granting Defendants' Motion to Assert the Law Enforcement Investigatory Privilege (Doc. 113). For the following reasons, the Motion for Reconsideration (Doc. 120) will be denied and the Motion for Clarification (Doc. 134) will be granted in part and denied in part.

  **I.**  **Background**

  Magistrate Judge Leslie A. Bowman issued an Order on December 13, 2019 granting Defendants' Motion to Assert the Law Enforcement Investigatory Privilege and denying Defendants' Motion to Stay Discovery until resolution of their Motion for Partial Summary Judgment on the issue of qualified immunity. (Doc. 74.) Plaintiffs appealed the portion of that Order granting the Motion to Assert the Law Enforcement Investigatory Privilege and filed an Objection. (Doc. 84.) Defendants responded to Plaintiff's

Objection. (Docs. 92, 94.) On March 24, 2020, this Court issued a thirteen-page Order affirming Magistrate Judge Bowman's Order, granting Defendants' Motion to Assert the Law Enforcement Investigatory Privilege, and ordering Defendants to submit a detailed report on the status of the criminal investigation into the Forgeus Apartment fires and a predicted timeline for completion of the investigation to Magistrate Judge Leslie Bowman for in camera review. (Docs. 113, 121.)[1] Plaintiffs filed the instant Motion for Reconsideration on April 2, 2020. (Doc. 120.) Defendants submitted the status report to Judge Bowman on April 6, 2020. (Doc. 124.) The Court ordered Defendants to respond to Plaintiff's Motion for Reconsideration, with no reply allowed. (Doc. 123.) Plaintiffs filed the instant Motion for Clarification on April 16, 2020. (Doc. 134.) Defendants filed a Response to the Motion for Reconsideration on April 20, 2020. (Doc. 136.) Defendants have not filed a Response to the Motion for Clarification and the time for doing so has expired. LRCiv 7.2(c).

## II.     Plaintiffs' Motion for Reconsideration

In their Motion for Reconsideration, Plaintiffs make three main arguments: (1) the Court misapprehended the nature of Plaintiff's claims and, in so doing, erroneously concluded that Plaintiffs had not demonstrated how or why the discovery they seek is relevant or reasonably calculated to lead to the discovery of admissible evidence (Doc. 120 at 2-3); (2) the Court erred in finding that collateral estoppel applied to bar the discovery that Plaintiffs seek because (a) the Magistrate Judge did not reach the issue of collateral estoppel and (b) the discovery matter before this Court was not sufficiently similar to the state court action in which judgment was entered against Plaintiffs on the issue of discoverability of the documents to warrant application of the collateral estoppel doctrine (*id*. at 5-6); and (3) the Court erred in finding that disclosure of the documents would result in substantial prejudice to Defendants because it is false that Plaintiffs knew of the criminal investigation pertaining to them before initiating this lawsuit (*id*. at 7.)

---

[1] The Court's Order erroneously directed Defendants to submit the status report to Magistrate Judge Jacqueline Rateau. (Doc. 113.) The Order was amended (Doc. 121) to reflect that the report be submitted to the Magistrate Judge assigned to the case, Magistrate Judge Leslie A. Bowman.

Defendants' Response addresses each of these arguments. (Doc. 136.) First, Defendants respond that the Court sufficiently considered the nature and extent of Plaintiffs' claims. (*Id.* at 2.) Defendants respond that, even insofar as the Court did not address the Plaintiffs' need or request for specific documents to the extent that Plaintiffs would, in retrospect, have liked, it is irrelevant because Plaintiffs had not previously shown in either their briefing or their objection "how discovery of the criminal investigation documents is reasonably calculated to lead to the discovery of admissible evidence and therefore have not shown that the documents they seek are within the scope of discovery." (Doc. 113 at 10, Doc. 136 at 2-4.) Defendants further point out that Plaintiffs argue for the first time in their Motion for Reconsideration that the documents they seek "may well hold crucial evidence" in support of their claims and that Plaintiffs did not show why that argument could not have been raised and developed earlier. (Doc. 120 at 2-4; Doc. 136 at 5.) Indeed, Plaintiffs are in possession of hundreds of pages of redacted City of Tucson law enforcement documents and had every opportunity to make a case-specific showing of "substantial need" based on a review of those documents, yet failed to do so. (Doc. 136 at 5-6); *United States v. Hardrives, Inc.*, No. CIV901656PHXRGSMM, 1991 WL 12008395, at *5 (D. Ariz. Feb. 4, 1991) (a party seeking privileged documents must show a substantial need for the information and an inability to obtain it by other means).

Second, Defendants respond that the Court did not err when it found that collateral estoppel applies to bar Plaintiffs' request for a second in camera review of the privileged law enforcement materials. (Doc. 136 at 7-11.) Defendants contend that, as a matter of law, the district court's consideration of the collateral estoppel issue was proper because a district court may affirm a Magistrate Judge's decision based on a slightly different or additional ground. (*Id.* at 9-10.) Defendants further contend that Plaintiffs mischaracterize the collateral estoppel analysis in an effort to escape its preclusive effect on their requests for discovery of the law enforcement investigation documents. (*Id.*)

Third, Defendants point out that Plaintiffs did, in fact, know of the criminal

investigation into them related to the Forgeus Apartment fires prior to initiating this action, which is the second civil rights litigation commenced by Plaintiffs regarding this matter. (*Id.* at 6-7.)

### III. Standard of Review for Motion for Reconsideration

LRCiv 7.2(g) sets forth the standard under which a Court reviews a Motion for Reconsideration. It states:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

In the District of Arizona, motions for reconsideration will be granted when:

> (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
> (2) There are new material facts that happened after the Court's decision;
> (3) There has been a change in the law that was decided or enacted after the Court's decision; or
> (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.

*Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 586 (D. Ariz. 2003). "Reconsideration is indicated in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041,

1046 (9th Cir. 2003). Whether to grant reconsideration is within the sound discretion of the trial court. *Id.* A denial of a motion for reconsideration is reviewed for abuse of discretion. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).

Plaintiffs' Motion for Reconsideration does not raise new material facts or evidence that happened after the Court's decision, nor does it raise an intervening change in law that would affect the Court's decision. Plaintiffs also do not assert that any "material differences in fact or law" brought forward in their Motion for Reconsideration could not have been brought to the Court's attention earlier with reasonable diligence. Plaintiffs' Motion for Reconsideration includes no discussion of the "reasonable diligence" standard. Therefore, the Court finds that Plaintiffs' Motion for Reconsideration rests upon an underlying, though not explicitly stated, assertion of either manifest error or manifest injustice, including the possibility that "the Court failed to consider material facts that were presented to the Court before the Court's decision." *Motorola, Inc.*, 215 F.R.D. at 586. As explained below, the Court is satisfied that its Order (Doc. 113) was not the result of manifest error and did not result in manifest injustice and that it sufficiently considered the material facts presented by Plaintiffs in reaching its decision.

### IV. Discussion of Motion for Reconsideration

First, the Court is satisfied that it sufficiently apprehended the nature of Plaintiffs' claims and their arguments set forth in the underlying briefing and objection (Docs. 25, 84) when it concluded that Plaintiffs had not demonstrated "how discovery of the criminal investigation documents is reasonably calculated to lead to the discovery of admissible evidence and therefore have not shown that the documents they seek are within the scope of discovery." (Doc. 113 at 10.) In their Motion for Reconsideration, Plaintiffs argue that the documents may contain "crucial evidence" to support their claims. (Doc. 120 at 2-4.) Yet nowhere in the briefing or objection upon which this Court based its findings did Plaintiffs explain with specificity which documents may contain "crucial evidence" or connect those documents to one or more of their civil rights claims.

(*See* Docs. 25, 84, 113.) That is why the Court determined that Plaintiffs had failed to show how the discovery they sought was reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs misconstrue the Court's findings when they assert that the Court found that "nothing else in the City's file is relevant." (Doc. 120 at 3.) The Court made no determination as to the relevancy of the contested documents; it found that Plaintiffs had not demonstrated their relevancy or connection to their claims. Plaintiffs' Motion for Reconsideration attempts to remedy this oversight by providing a more detailed explanation of their claims. (Doc. 120 at 2-4.) But as Plaintiffs have not shown why these arguments could not have been brought to the Court's attention earlier with reasonable diligence, the Court may not use them as a basis to reconsider its Order. LRCiv 7.2(g). Nor does Plaintiffs' explanation convince the Court that it committed manifest error when it concluded that the law enforcement privilege operates to bar discovery, at this stage in the litigation, of the criminal investigation documents Plaintiffs seek, regardless of their relevancy to Plaintiffs' claims. (Doc. 113.)

Second, the Court is satisfied that, with respect to its findings on the collateral estoppel issue, Plaintiffs have not made "a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision" or shown manifest error. "[M]anifest error of law is not merely a party's disagreement with how the trial court applied the law. . . [n]or is manifest error demonstrated by the disappointment of the losing party." *Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 231 (D. Ariz. 2012) (internal citations and quotations omitted). Manifest error is "plain and indisputable" and "amounts to a complete disregard of the controlling law or the credible evidence in the record." *Id.*

Plaintiffs contend that "the Magistrate Judge did not reach the Defendants' argument on collateral estoppel." (Doc. 120 at 5.) However, this does not preclude the Court from reaching the issue of collateral estoppel, which was in the record. *See Suzuki v. Helicopter Consultants of Maui, Inc.*, 2016 WL 3753079, at *6 (D. Haw. July 8, 2016) ("the district court may affirm the magistrate judge's ultimate conclusion on a different

1 basis") (citing *United States v. Pope*, 686 F.3d 1078, 1080 (9th Cir. 2012) (affirming the district court decision where the district court affirmed the magistrate on "slightly different grounds")). Therefore, this argument does not provide a basis for reconsideration. Plaintiffs further contend that "the issue decided in the state court cannot be identical" because the state court decision did not balance the interests of Plaintiffs against those of Defendants and because "Plaintiffs' standing in the Superior Court action, representing citizens of Arizona, has no parallel to their standing in this Court." (Doc. 120 at 6.) Plaintiffs cite no authority to support the contention that these elements are essential elements of the collateral estoppel analysis or to show that the Court committed manifest error by not considering them in its collateral estoppel analysis. (*Id*.; *see also* Doc. 136 at 10-11); *Teamsters*, 282 F.R.D. at 231 ("manifest error of law is not merely a party's disagreement with how the trial court applied the law").

Finally, the Court is satisfied that it did not err in finding that Defendants would suffer "substantial prejudice" were they required to disclose to Plaintiffs the law enforcement documents concerning the ongoing investigation of the Forgeus Apartment fire. (Doc. 113 at 11-12.) This conclusion is bolstered by the facts that Plaintiffs are subjects of the ongoing investigation and that, notwithstanding Plaintiffs' assertions to the contrary, they knew of the investigation before initiating this action. (*Id*.; Doc. 120 at 7; Doc. 136 at 6-7.) In fact, Plaintiffs' Motion for Reconsideration does not dispute that they knew of the investigation before initiating this action, but instead attempts to mislead the Court by stating that they "commenced the first civil rights litigation" before they knew of the investigation. (Doc. 120 at 7.) The Court is aware that the instant matter is the second, not the first, civil rights litigation based on the events giving rise to Plaintiffs' claims, and the apparent attempts to mislead the Court are not well-taken. *See* Fed. R. Civ. P. 11(b).

Plaintiffs failed to carry their burden to demonstrate a substantial need for the documents (*id*. at 10), and in balancing the Plaintiffs' stated need for the privileged documents against the prejudice to Defendants that would result from disclosure, the

Court is satisfied that it did not err in finding that the balance favored Defendants. (*Id.*); *see Hardrives*, 1991 WL 12008395 at *2-3, 5 (application of the law enforcement privilege must be balanced against the opposing party's substantial need for the documents and its inability to obtain them by other means); *Torres v. Goddard*, 2010 WL 3023272, at *8 (D. Ariz. July 30, 2010) ("The law enforcement investigatory privilege is based on the harm to law enforcement efforts which might arise from public disclosure of investigatory files.")

### V. Motion for Clarification

In a separate Motion for Clarification (Doc. 134), Plaintiffs move the Court to clarify the portion of its Order in which it directed Defendants to submit "a detailed report on the status of the criminal investigation into the Forgeus Apartment fires and a predicted timeline for completion of the investigation to Magistrate Judge [Leslie Bowman] for in camera review" (Doc. 113). Plaintiffs move the Court to address the following questions:

> (1) What obligation is there on the Magistrate Judge to assess the Defendants' in camera report with the due process constraints requiring a finite limit on the stay?[2]
> (2) What obligation is there on the Magistrate Judge to report to this Court and report on the record, the length of time Defendants project their investigations to go on and whether that projection is reasonable and necessary in light of the absolute need to preserve evidence of the Defendants' actions going back three years?
> (3) What right do the Plaintiffs have to know and, if necessary, oppose any finding of the Magistrate Judge that the stay already burdening Plaintiffs be extended for any additional period of time?
> (4) Will this Court, as the other cases have, give the Defendants a deadline to conclude their investigations and bring charges against the Plaintiffs, or, if the Defendants do not do so within that deadline, lift the stay so that

---

[2] Plaintiffs characterize the application of the law enforcement privilege to the documents they seek as a "stay." While this characterization is not technically correct, as this case has not been stayed, the Court acknowledges that the application of the law enforcement privilege effectively operates to prevent Plaintiffs from further litigating the discoverability of the documents they seek.

- 8 -

> Plaintiffs' due process rights are vindicated and their claims not damaged by the passage of time and loss of evidence?

(Doc. 134 at 5-6.)

"Private litigants have certain rights and. . . the Department of Justice may not retain documents indefinitely and keep them from disclosure on a statement that the investigation is still continuing. There must be a reasonable terminus." *United States v. Hardrives, Inc.*, 1991 WL 12008395, at *5 (D. Ariz. Feb. 4, 1991). "Of course the District Court has a broad discretion in granting or denying stays so as to coordinate the business of the court efficiently and sensibly. This discretion, however, may be abused by a stay of indefinite duration in the absence of a pressing need." *McSurely v. McClellan*, 426 F.2d 664, 671 (D.C. Cir. 1970) (internal quotations omitted).

The Court finds that, given the circumstances of this case, due process requires a reasonable limitation on the length of Defendants' criminal investigation into Plaintiffs' potential involvement in the Forgeus Apartment fires. While the integrity of the ongoing criminal investigation constitutes a "pressing need" that justifies Plaintiffs' lack of access to the criminal investigation documents pursuant to the law enforcement investigatory privilege (Doc. 113), Plaintiffs' due process rights mandate that Defendants not extend the length of the investigation indefinitely. As the facts underlying this civil litigation are now more than three years old (Doc. 134 at 5), the Court finds that Defendants must determine and provide to the Magistrate Judge an anticipated "reasonable terminus" of the ongoing criminal investigation into Plaintiffs. *See Hardrives*, 1991 WL 12008395 at *5.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 120) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Clarification (Doc. 134) is **granted in part and denied in part**, as follows:

. . . .

(1) The Motion for Clarification is **granted** to the extent that Defendants must provide to Magistrate Judge Leslie A. Bowman an anticipated "reasonable terminus" of the ongoing criminal investigation into Plaintiffs' potential involvement in the Forgeus Apartment fires. This information may be provided ex parte and in camera. Magistrate Judge Leslie A. Bowman shall consider Defendants' submitted report and projected timeline (*see* Doc. 124) and the anticipated reasonable terminus of the investigation to ensure that Plaintiffs' claims in this action are litigated consistent with their due process rights and applicable case law, including ascertaining a reasonable terminus to Defendants' criminal investigation of Plaintiffs and adjusting the discovery schedule accordingly.

(2) The Motion for Clarification is **denied** in all other respects.

Dated this 8th day of May, 2020.

_____
Honorable Rosemary Márquez
United States District Judge