**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greg Moore, et al., | No. CV-19-00290-TUC-RM (LAB) |
| Plaintiffs, | **ORDER** |
| v. | |
| Sean Garnand, et al., | |
| Defendants. | |

Pending before the Court are three appeals by Plaintiffs of Magistrate Judge Leslie A. Bowman's Orders granting Defendants' and non-party City of Tucson's Motions to Quash. The appeals will be denied, and the Orders affirmed, except for the Appeal of the Order Quashing Plaintiffs' Subpoena of Robin Newgren and the Internal Revenue Service ("IRS") (Docs. 96, 135), which will be granted in part.

**I.     Background**

The Plaintiffs in this case, Greg and Patricia Moore, allege that their constitutional rights were violated when the Defendants, Detective Sean Garnand and Sergeant Dain Salisbury, who are both employed by the Tucson Police Department ("TPD"), sought and executed search warrants in connection with an arson investigation into the destruction of the Forgeus Apartments on June 8, 2017. (Doc. 74 at 1.) Plaintiffs bring this action pursuant to 42 U.S.C. § 1983. (Doc. 1 at 4.)

By Order dated October 30, 2019, Magistrate Judge Bowman, to whom this case is referred, dismissed all claims other than Claims One through Five and Claim Eight. (Doc. 38.) In those claims, Plaintiffs allege that between June 8 and June 14, 2017, Defendants violated their constitutional rights under the First and Fourth Amendments in connection with Defendants' investigation of the Forgeus fire. (Doc. 84 at 4.) Plaintiffs further allege that Defendants "commenced an unwarranted financial crimes investigation against Greg Moore as well as actions intended to intimidate Plaintiffs into dropping their federal claims." (*Id.* at 5.) Specifically, Claim One alleges that, on June 9, 2017, Defendants seized and arrested Plaintiff Greg Moore without probable cause" and that Defendant Garnand used excessive force, in violation of the Fourth Amendment. (Doc. 1 at 15-16). Claim Two alleges that Defendant Garnand seized and arrested Plaintiff "in retaliation for Plaintiffs' counsel's advice to Mr. Moore to remain silent, and because of Plaintiff's compliance with that advice," in violation of the First Amendment. (*Id.* at 17.) Claim Three alleges that, on June 14, 2017, Defendant Garnand submitted a warrant application without probable cause, and that both Defendants executed the invalid search warrant at Plaintiffs' home and business, searching the locations and seizing property without probable cause and beyond the scope of the warrant, in violation of the Fourth Amendment. (*Id.* at 17-18.) Claim Four alleges that Defendant Garnand seized and arrested Plaintiff Patricia Moore, in violation of the Fourth Amendment. (*Id.* at 18.) Claim Five alleges that Defendants swore out and executed the warrant and engaged in other actions against Plaintiffs on June 14, 2017 "in retaliation for Plaintiff Greg Moore's having engaged in expression protected under the First and Fourteenth Amendments," in violation of the First Amendment. (*Id.* at 19.)  Claim Eight alleges that Defendants' actions of "opening a financial fraud investigation of the Moores and any 'affiliated' companies, [] applying for the four (4) Grand Jury subpoenas on the Company Entities, [] continuing efforts to induce the IRS to open a criminal investigation against Plaintiffs, and [] continuing to investigate the Plaintiffs without reasonable suspicion that any crime has been committed" were motivated by retaliatory animus "because of Greg Moore's

protected expression [] on June 9, 2017," because of Plaintiff's filing a civil rights action (described in the Complaint), and "because of Plaintiff's requests for disclosure of public records of the investigative activities of Defendants," in violation of the First Amendment. (*Id*. at 21.)

TPD is conducting an ongoing investigation into the fire that destroyed the apartments; Plaintiffs are, or were, suspects in the arson case. (Doc. 74 at 1; Doc. 92 at 2.) By Order dated December 13, 2019, Magistrate Judge Bowman granted Defendants' Motion for Assertion of the Law Enforcement Investigatory Privilege. (Doc. 74.) Plaintiffs appealed that decision. On March 24, 2020, this Court affirmed Judge Bowman's Order, barring discovery of the investigative files relating to the arson while the investigation is ongoing. (Doc. 113.) On May 8, 2020, this Court denied Plaintiffs' Motion for Reconsideration of the March 24, 2020 Order and ordered Defendants to provide a status update and a predicted timeline for completion of the investigation to Magistrate Judge Bowman in order to facilitate a timely resolution of the investigation so that this case may go forward. (Doc. 154.)

## II. Standard of Review

A party may serve and file objections to a magistrate judge's non-dispositive order within 14 days after being served with a copy. Fed. R. Civ. P. 72. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id*.; *see also* 28 U.S.C. § 636(b)(1)(A). "A judicial finding is deemed to be clearly erroneous when it leaves the reviewing court with a definite and firm conviction that a mistake has been committed." *Darjee v. Betlach*, No. CV-16-00489-TUC-RM, 2018 WL 4214438, at *12 (D. Ariz. Sept. 5, 2018) (internal quotation marks omitted). The Court "may affirm the magistrate judge's ultimate conclusion on a different basis." *Suzuki v. Helicopter Consultants of Maui, Inc.*, No. 13-0075 JMS/KJM, 2016 WL 3753079, at *6 (D. Haw. July 8, 2016) (citing *United States v. Pope*, 686 F.3d 1078, 1080 (9th Cir. 2012)).

. . . .

### III. Discussion

Plaintiffs have appealed three of Magistrate Judge Bowmans' Orders granting Defendants' Motions to Quash.

Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Compass N. Indus. LLC v. Taylor*, No. CV-14-00034-PHX-GMS, 2014 WL 2779175, at *1 (D. Ariz. June 19, 2014).

To obtain discovery, a party may, through the clerk of the court, issue a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure. Rule 45 also provides circumstances in which a court must quash or modify a subpoena. In relevant part, the Court must do so if the subpoena "(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed.R.Civ.P. 45(d)(3)(A)(iii)-(iv). An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party and to consider factors including relevance, the party's need for the documents, the breadth of the document request, the time period covered, the particularity with which the documents are described, and the burden imposed. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (internal citations and quotations omitted). Although Rule 45 does not list relevancy as a reason for quashing a subpoena, courts have considered relevance as a factor when determining motions to quash. *Id*. The party seeking to quash a subpoena bears the burden of persuasion under Rule 45(d)(3). *Compass*, 2014 WL 2779175, at *1.

**A. Appeal of Order Quashing in Part Plaintiffs' Subpoena of State Farm Insurance Company (Doc. 114)**

On November 15, 2019, Defendants Filed a Motion to Quash Plaintiffs' subpoena duces tecum to State Farm Insurance Company ("State Farm"), or in the alternative, for a

protective order. (Doc. 52.) Defendants argued that the discovery sought by Plaintiffs from State Farm was outside the scope of discovery pursuant to Fed. R. Civ. P. 26(b)(1) and irrelevant pursuant to Fed. R. Evid. 401. (*Id*.) On March 27, 2020, Magistrate Judge Bowman granted in part the Motion to Quash, finding that the State Farm documents that are the product of State Farm's independent investigation of the fires are relevant and discoverable but that "[r]eports generated by the Tucson Police Department or Tucson Fire Department and any references made to those reports are not discoverable because they fall under the law enforcement investigatory privilege." (Doc. 114 at 2-3.) However, it further found that "reports generated by the Tucson Police Department or Tucson Fire Department and any references made to those reports are not discoverable because they fall under the law enforcement investigatory privilege." (*Id*.)

On March 31, 2020, Plaintiffs appealed the Order. (Doc. 117.) Plaintiffs argue on appeal that the magistrate judge committed clear error by applying the law enforcement privilege to documents in the possession of State Farm. (*Id*. at 6.) Plaintiffs contend that even if the privilege did apply to the law enforcement documents in State Farm's possession, prior disclosure of copies of such documents constitutes a waiver of any claim of privilege in the hands of the third party. (*Id*. at 4) Plaintiffs also contend that the magistrate judge erred in excluding State Farm's documents that reference the City's law enforcement investigation because there is no precedent to extend the privilege to third-party generated documents. (*Id*. at 5.) Plaintiffs further contend that discovery of the Tucson Fire Department ("TFD") documents has not been precluded and that the law enforcement investigatory privilege applies, or should apply, only to TPD documents. (*Id*.)

In response, Defendants argue that the Court should decline to exercise its discretion to consider the Plaintiffs' arguments related to the law enforcement privilege because they were raised for the first time on appeal. (Doc. 131 at 2-6.) Defendants argue that Plaintiffs were aware since September 25, 2019 that Defendants intended to assert the law enforcement privilege over the information that Plaintiffs are attempting to obtain

1   from State Farm and that Plaintiffs have provided no reason why the Court should
2   consider that argument here when they did not previously argue it before Magistrate
3   Judge Bowman. (*Id*. at 6.)

4   Defendants further contend that, if the Court does consider the privilege argument,
5   Plaintiffs have not shown that Magistrate Judge Bowman committed clear error. (*Id*. at 6-
6   8.) Defendants argue that no waiver of the law enforcement privilege occurred via
7   disclosure of the privileged documents to third-party State Farm because TPD and State
8   Farm "have a common interest in investigating what happened and the extent to which
9   any crime(s) may have occurred." (*Id*. at 7-8.) Defendants further contend that the record
10  shows that the assertion of privilege covers both TPD and TFD documents. (*Id*. at 9.)

11  The Court finds that the law enforcement privilege has not been waived as to the
12  TPD and TFD documents in the possession of State Farm and that, as stated in its
13  previous Orders on this subject, the law enforcement privilege applies to bar discovery of
14  documents related to the law enforcement investigation of the Forgeus fire. (*See* Docs.
15  113, 154.) Plaintiffs have not cited any authority showing that the disclosure of
16  documents covered by the law enforcement privilege to a third-party insurance carrier
17  waives the privilege. The authority cited by Plaintiffs holds only that the attorney-client
18  privilege is waived by third-party disclosure, not that the law enforcement privilege is
19  waived by such disclosure. *See Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d
20  18, 24 (9th Cir. 1981) ("Voluntary disclosure of the content of a privileged attorney
21  communication constitutes waiver of the privilege as to all other such communications on
22  the same subject."); *United States v. Plache*, 913 F.2d 1375, 1379 (9th Cir. 1990)
23  (attorney-client privilege "may be waived by voluntary disclosure"). The authority cited
24  by Defendants indicates that the disclosure of documents covered by the law enforcement
25  privilege to State Farm does not constitute waiver. (*See* Doc. 131 at 8); *see also Singh v.*
26  *S. Asian Soc'y of George Washington Univ.*, No. 06-574(RMC), 2007 WL 1556669, at *4
27  (D.D.C. May 24, 2007) (where party requested incident reports and investigative files
28  relating to an ongoing law enforcement investigation of a homicide, the Court found that

"*any* investigation files relating to [the] murder are protected from disclosure by the law enforcement privilege" (emphasis added)). The Court finds that permitting discovery of the law enforcement documents in State Farm's possession would violate the law enforcement investigatory privilege and, for that reason, will affirm Magistrate Judge Bowman's Order granting the Motion to Quash.

### B. Appeal of Order Quashing Plaintiffs' Subpoena of TFD Inspector Jorge Loya and TPD Officer Jacob Smith (Doc. 118)

On November 20, 2019, non-party City of Tucson ("the City") filed a Motion to Quash the Subpoena issued to TFD Inspector Jorge Loya and the "Notice of Deposition" issued to TPD Officer Jacob Smith. (Doc. 54.) After filing its Motion, the City discovered that Plaintiffs issued a subpoena to Officer Smith to testify at the deposition (Doc. 73-1 at 3) and the magistrate judge's Order addressed that subpoena as well. The City argues that the depositions are precluded by the law enforcement investigatory privilege. (Doc. 54 at 2-4.) It also argues that the depositions would unduly burden the City. (*Id*. at 5-6.) It further argues that the depositions are barred by collateral estoppel/issue preclusion because the discoverability of the information sought was already litigated and resolved, in favor of Defendants, in state court. (*Id*. at 6-8.)

By Order dated April 2, 2020, Magistrate Judge Bowman granted the City's Motion to Quash, finding that the requested depositions would violate the law enforcement investigatory privilege. (Doc. 118.) The Order, in addressing Plaintiffs' argument that non-party City of Tucson may not file the instant Motion to Quash, "finds nothing in the wording of Rule 45(d)(3)(A) that precludes the City from filing the pending motion" and further finds that Plaintiffs' "proposed reading of Rule 45 would leave the City with a right but no remedy." (*Id*. at 2.) The Order also finds that the City has standing to object to a deposition subpoena as well as a subpoena for documents because "the proposed depositions are just as likely to violate the City's privilege as would be the disclosure of documents." (*Id*.) The Order notes that the City previously disclosed to Plaintiffs TFD Inspector Loya's fifteen-page report on the Forgeus fire (*id*.,

Doc. 65 at 4) and holds, contrary to Plaintiffs' arguments, that "in the context of the law enforcement privilege, the 'release of a document only waives the privilege for the document or information specifically released, and not for related materials.'" (*Id.* (citing *Commonwealth of Puerto Rico v. United States*, 490 F.3d 50, 66 (1st Cir. 2007)).) The Order states, "This limited approach to waiver serves important interests in open government by ensuring that agencies do not forego voluntarily disclosing some privileged material out of the fear that by doing so they are exposing other, more sensitive documents." (*Id.* at 2-3 (citing *Commonwealth of Puerto Rico*, 490 F.3d at 66).)

On May 11, 2020, Plaintiffs appealed the Order. (Doc. 155.) Because the Order was issued on April 2, 2020, the appeal was untimely. Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections[.]") "[O]bjections to magistrate's orders that are not timely made shall not be considered." Fed. R. Civ. P. 72, advisory committee's note to 1991 amendment.

Because Plaintiffs' appeal is untimely, the Court finds that Plaintiffs' arguments on appeal have been waived. Even if the Court were to consider the arguments, the Court agrees with Magistrate Judge Bowman's reasoning and with other courts, faced with similar situations, that have reached the same result. *See In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988) (law enforcement investigatory privilege may be asserted to protect testimony about or other disclosure of contents of law enforcement investigation documents); *Borchers v. Commercial Union Assur. Co.*, 874 F. Supp. 78, 80 (S.D.N.Y. 1995) (the possibility that plaintiffs seek to use a civil action to circumvent the criminal discovery process weighs against disclosure); *Commonwealth of Puerto Rico*, 490 F.3d at 66 (release of a document only waives the law enforcement privilege for the document or information that is released, and not for related materials). The Court will affirm the Order granting the City's Motion to Quash.

. . . .

. . . .

**C. Appeal of Order Quashing Plaintiffs' Subpoena of Robin Newgren and the Internal Revenue Service ("IRS") (Doc. 122)**

On January 28, 2020, Defendants filed a Motion to Quash the Plaintiffs' subpoena served on Robin Newgren/Internal Revenue Service or, in the alternative, for a protective order. (Doc. 96.) The subpoena commands production of "all documents, and correspondence, including electronic transmissions, relating to communications between any IRS agent, or affiliate and any representative of the Tucson Police Department, regarding Eric Gregory Moore [] and/or Patricia Moore []." (Doc. 96-1.)

Defendants argue that the deposition subpoena, which includes a document production request, issued to Robin Newgren/IRS (the "Newgren/IRS Subpoena"), is an attempt by Plaintiffs to make an end-run around Magistrate Judge Bowman's December 13, 2019 Order accepting Defendants' assertion of the law enforcement investigatory privilege and staying discovery of the Forgeus fire investigation files. (Doc. 96 at 2-3.) Defendants contend that the subpoena must be quashed to the extent it elicits privileged information. (*Id*. at 3.) Specifically, Defendants contend that the subpoena must be quashed "to the extent that Robin Newgren and/or the IRS has documents over which the Law Enforcement Investigatory Privilege was asserted by City Defendants and accepted by this Court, and to the extent that Robin Newgren can testify regarding those documents or any information contained therein." (*Id*.)

Defendants further contend that the information elicited in the subpoena is irrelevant to Plaintiff's claims. (*Id*. at 4.) Defendants contend that information in possession of the IRS that may relate to the Defendant's ongoing criminal investigation of the Forgeus fires is of no consequence to Plaintiffs' § 1983 claims because "none of those claims rise, fall, or hinge on what the IRS knows or did." (*Id*.) Defendants argue that Plaintiff's Complaint alleges only that Defendant Garnand gave investigative documents to the IRS, and that because Plaintiffs have not alleged that the IRS did anything wrong or injured them, there is no basis for the Newgren/IRS subpoena. (*Id*. at

4-5.) Defendants concede that non-party Newgren/IRS has not objected to the subpoena pursuant to Fed. R. Civ. P. 45(d). (Doc. 99 at 2.)

In response, Plaintiffs argue that Defendants lack standing to move to quash the Newgren/IRS subpoena. (Doc. 98.) Plaintiffs further argue that, even if Defendants do have standing to move to quash the subpoena, they have failed to show their "personal right or privilege" as to the subject matter of the subpoena. (*Id*. at 2-3.) Plaintiffs contend that disclosure of the documents to a third party waived any assertion of privilege. (*Id*. at 3.) They argue that Defendants have provided no authority to support their contention that Newgren could not testify as to her communications with Defendants. (*Id*. at 3-4.) Plaintiffs further argue that the evidence sought in the Newgren/IRS subpoena is relevant to Claim Eight, involving the financial crimes investigation into Plaintiffs, and that Defendants have not asserted the law enforcement investigatory privilege over those documents. (*Id*. at 4.) Lastly, Plaintiffs contend that the evidence is relevant to show "the actions and motives of the named Defendants in retaliating against the Plaintiffs for Greg Moore's First Amendment expression." (*Id*. at 4.)

In reply, Defendants make five arguments: (1) Defendants have standing to oppose the Newgren/IRS subpoena on both relevance and privilege grounds; (2) Newgren/IRS's failure to object to the subpoena does not affect the Defendants' ability to move to quash or move for a protective order; (3) TPD's provision of documents to the IRS does not waive the law enforcement investigatory privilege; (4) the subpoena duces tecum is patently overbroad; and (5) if the subpoena is not quashed, the Court should conduct an in camera review of the IRS's file and protect privileged material from discovery. (Doc. 99.)

By Order dated April 6, 2020, Magistrate Judge Bowman granted the Motion to Quash and determined that Plaintiffs were seeking information subject to the law enforcement investigatory privilege. (Doc. 122.) Magistrate Judge Bowman found that the disclosure of documents that were gathered during the investigation of the Forgeus fire and of communications between Defendants and INS Agent Newgren would

1  "compromise the effectiveness of TPD's investigative techniques." (*Id*. at 3.) She rejected Plaintiffs' argument that Defendants lacked standing to file a motion to quash a subpoena issued to a third party. (*Id*.) She further found that disclosure of the documents to third-party IRS, another law enforcement body, did not waive the law enforcement investigatory privilege. (*Id*. at 4.)

On April 20, 2020, Plaintiffs appealed Judge Bowman's Order to this Court. (Doc. 135.) Plaintiffs argue on appeal that the Defendants' characterization of this lawsuit as a "pretextual attempt" to gain access to the files in the open criminal investigation pertaining to them is incorrect. (*Id*. at 2-3.) Plaintiffs contend that the information requested in the subpoena is relevant to Claim Eight, which alleges that Defendants retaliated against Plaintiffs' filing of this lawsuit by reopening a previously closed financial crimes investigation into Plaintiffs. (*Id*. at 3.) Specifically, Plaintiffs contend that, a week after they filed this lawsuit, Defendant Garnand "reached out to TPD's financial crimes unit and then to Robin Newgren, an IRS criminal investigator in Phoenix, attempting to induce the IRS to open a criminal investigation on Plaintiffs." (*Id*.) Plaintiffs contend that the subpoena, which seeks "all documents, and correspondence, including electronic transmissions, relating to communications between any IRS agent, or affiliate and any representative of the Tucson Police Department, regarding Eric Gregory Moore [] and/or Patricia Moore []," would produce evidence relevant to Claim Eight. (*Id*. at 4.)

Plaintiffs argue that Magistrate Judge Bowman wrongly disregarded the relevancy of this evidence to Claim Eight. (*Id*.) Plaintiffs further argue that Magistrate Judge Bowman clearly erred by determining that "no examination of *any kind*" would be allowed of Newgren. (*Id*.) Plaintiffs argue that they should be permitted to depose Newgren as to non-privileged communications and to obtain IRS documents not subject to the law enforcement investigatory privilege and not originating with TPD. (*Id*. at 6-7). Lastly, Plaintiffs argue that TPD's disclosure of any law enforcement investigation documents to third parties Newgren and/or IRS waives the law enforcement investigatory

privilege. (*Id*. at 8.) Plaintiffs attached to their Motion redacted TPD documents and communications that they claim support their arguments.[1] (Doc. 135-1.)

Defendants responded to the Appeal. (Doc. 151.) In response, Defendants contend that this Court should decline to exercise its discretion to consider two of Plaintiffs' arguments that were raised for the first time on appeal: the argument that the lawsuit is not a pretextual attempt to access the open criminal investigation and the argument that the magistrate judge should have but failed to balance the parties' interests after Defendants asserted privilege over the documents in Newgren/IRS's possession. (*Id*. at 3-4.) Defendants contend that Plaintiffs offered no evidence of their "interest" to be balanced in this calculation, and that Magistrate Judge Bowman balanced the parties' interests to the extent it was possible to do so. (*Id*. at 4.) Lastly, Defendants argue that Plaintiffs' appeal improperly rehashes arguments that were already raised before and rejected by the magistrate judge, providing five examples of such arguments. (*Id*. at 4-6)

"One of the purposes of Rule 45 is 'to facilitate access outside the deposition procedure provided by Rule 30 to documents and other information in the possession of persons who are not parties[.]'" *Moon*, 232 F.R.D. at 636 (citing Advisory Committee Notes to 1991 Amendment). "A nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objections have been waived." *Id*. However, "in unusual circumstances and for good cause, the failure to act timely will not bar consideration of objections to a Rule 45 subpoena." *Id*. Courts have found unusual circumstances where, for instance, the subpoena is overbroad on its face and exceeds the bounds of fair discovery and the subpoenaed witness is a non-party acting in good faith. *Id*.

"Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought." *Sec'y of Labor, United States Dep't of Labor v.*

---

[1] Plaintiffs state that the TPD financial crimes unit "closed the investigation without referring any criminal charge." (Doc. 135 at 3.) The record attached to the Motion indicates that the investigation was referred to the IRS, although Plaintiffs are correct that the report identifies no specific criminal charge. (Doc. 135-1 at 15.)

*Kazu Constr., LLC*, No. 16-00077 ACK-KSC, 2017 WL 628455, at *10 (D. Haw. Feb. 15, 2017). "Conversely, a party does not have standing to quash a subpoena on the basis that the non-party recipient of the subpoena would be subjected to an undue burden when the non-party has failed to object." *Id.* (internal quotation omitted).

The Court finds that Defendants have standing to move to quash the Newgren/IRS subpoena as to documents and testimony regarding the law enforcement investigation of the Forgeus fires. Defendants successfully asserted the law enforcement investigatory privilege over documents and information pertaining to the Forgeus fires (*see* Doc. 113). Rule 26(b)(1) of the Federal Rules of Civil Procedure limits discovery to "nonprivileged matter that is relevant to any party's claim or defense." The rule precludes discovery of privileged materials. Although Plaintiffs argue that Defendants waived the law enforcement investigatory privilege when they disclosed documents to nonparty Newgren/IRS, they have provided no authority for this contention. Finding a waiver of the privilege in this circumstance would undermine the purpose of the privilege and render it meaningless. Therefore, the Court affirms the granting of the Motion to Quash as to any and all documents, testimony, or information in the possession of Newgren and/or IRS that relate to the ongoing investigation of the Forgeus fires.

However, as to any "documents, and correspondence, including electronic transmissions, relating to communications between any IRS agent, or affiliate and any representative of the Tucson Police Department, regarding Eric Gregory Moore [] and/or Patricia Moore []" that do not involve the ongoing investigation of the Forgeus fire and over which the law enforcement investigatory privilege has not been asserted, the Court reverses the granting of the Motion to Quash.

To assert the law enforcement investigatory privilege, three requirements must be met: (1) there must be a formal claim of privilege by the head of the department having control over the requested information; (2) assertion of the privilege must be based on actual personal consideration by that official; and (3) the information for which the privilege is claimed must be specified, with an explanation why it properly falls within

- 13 -

the scope of the privilege. *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988). Defendants have not successfully asserted the law enforcement privilege regarding any information or documents not related to the Forgeus fire investigation. The privilege was not waived with respect to the financial crimes investigation documents; rather, it simply does not apply to those documents or information because it has not been formally asserted pursuant to the legal requirements for doing so. Defendants have established no "personal right or privilege" as to documents or information in the possession of Newgren/IRS that are not covered by the law enforcement investigatory privilege as previously defined in this case. Therefore, they lack standing to move to quash the Newgren/IRS subpoena with respect to those materials.

If Defendants find that an in camera review or other proceedings are necessary to ensure that the law enforcement investigatory privilege is maintained in the course of disclosure pursuant to this subpoena, they may separately move Magistrate Judge Bowman to conduct such proceedings.

Accordingly,

**IT IS ORDERED THAT**:

(1) Magistrate Judge Bowman's Order granting Defendants' Motion to Quash Plaintiffs' Subpoena to State Farm Insurance Company (Doc. 114) is **affirmed**. Plaintiffs' Appeal (Doc. 117) is **denied**.

(2) Magistrate Judge Bowman's Order (Doc. 118) granting nonparty City of Tucson's Motion to Quash Subpoena Issued to Fire Inspector Loya and Notice of Deposition Issued to Officer Jacob Smith (Doc. 118) is **affirmed**. Plaintiffs' Appeal (Doc. 155) is **denied**.

. . . .

. . . .

. . . .

. . . .

. . . .

(3) Magistrate Judge Bowman's Order (Doc. 122) granting Defendants' Motion to Quash Plaintiffs' Subpoena to Robin Newgren/Internal Revenue Service is **partially affirmed**, as set forth above. The Motion (Doc. 96) is **granted** with respect to any and all documents, materials, or information pertaining to the ongoing criminal investigation of the Forgeus fires, but the Motion is **denied** in all other respects. Plaintiffs' Appeal (Doc. 135) is **granted in part and denied in part**, as set forth above.

Dated this 30th day of June, 2020.

_____
Honorable Rosemary Márquez
United States District Judge