**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Greg Moore; et al., | ) | No. CV 19-0290 TUC RM (LAB) |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) ) | |
| Sean Garnand; et al., | ) ) | |
| Defendants. | ) ) ) | |

Pending before the court is the plaintiffs' motion to compel discovery and for attorney's fees filed on April 15, 2020. (Doc. 133) The defendants filed a response on April 29, 2020. (Doc. 148) The plaintiffs filed a reply on May 5, 2020. (Doc. 152)

Also pending is the plaintiffs' motion to file a sur-reply in support of their motion to compel. (Doc. 175) The defendants filed a response; the plaintiffs did not file a reply. (Doc. 179)

The plaintiffs in this action claim their constitutional rights were violated when the defendants executed search warrants in connection with an arson investigation into the destruction of the Forgeus Apartments on June 8, 2017. (Doc. 1) The plaintiffs bring this action pursuant to 42 U.S.C. § 1983. (Doc. 1, p. 4) The first warrant, for DNA and other personal effects, was executed on June 9, 2017. (Doc. 1, p. 8) The second warrant, for financial documents, was executed on June 14, 2017. (Doc. 1, pp. 9-10) The defendants apparently believe that the plaintiffs may be responsible for the fire that destroyed these apartments. (Doc. 1) The investigation into the Forgeus fire is ongoing. In the pending

1  motion, the plaintiffs move for an order compelling the defendants to produce a copy of the

2  documents seized pursuant to the second warrant.  (Doc. 133)

3      Early in the action, the defendants filed a motion to stay discovery pursuant to the law

4  enforcement investigatory privilege.  (Doc. 23)  The motion to stay discovery  was granted

5  in part on December 13, 2019.  (Doc. 74)  In its order, this court held that "Discovery of the

6  TPD arson investigation files for the Forgeus Apartments is stayed pursuant to the law

7  enforcement investigatory privilege."  (Doc. 74, p. 4)  The plaintiffs appealed the order, but

8  they were unsuccessful.  (Docs. 84, 113)

9      In the pending motion, the plaintiffs move, pursuant to Fed.R.Civ.P. 26(b)(1),

10  37(a)(3)(B)(iv), and 37(a)(5)(A) and Local Rule 37.1, that the court compel the defendants

11  to comply with their Request for Production No.1 and produce copies of the documents that

12  were seized pursuant to the search warrant executed on June 14, 2017 on Territorial Brokers,

13  the plaintiffs' business.  (Doc. 133, pp. 1-2)  A list of those documents was previously

14  disclosed by the defendants, who separated them into categories A though E and VEH-1. *Id.*

15  For example, the documents A2-A9 are listed as "Banking, Payroll, etc. docs in binders,"

16  "Checkbook register," "Certified Mail receipts," "Handwritten notes, passwords, etc.,"

17  "Financial documents; written checks, registers, etc.,"  "Financial documents; tax records,"

18  "Copies of Credit cards,"  and "Financial documents, tax etc."  *Id.*

19      In general, "[p]arties may obtain discovery regarding any nonprivileged matter that

20  is relevant to any party's claim or defense and proportional to the needs of the case,

21  considering the importance of the issues at stake in the action, the amount in controversy, the

22  parties' relative access to relevant information, the parties' resources, the importance of the

23  discovery in resolving the issues, and whether the burden or expense of the proposed

24  discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

25      "[T]he court must limit the frequency or extent of discovery otherwise allowed by

26  these rules or by local rule if it determines that: (i) the discovery sought is unreasonably

27  cumulative or duplicative, or can be obtained from some other source that is more

28  convenient, less burdensome, or less expensive;  (ii) the party seeking discovery has had

1    ample opportunity to obtain the information by discovery in the action; or (iii) the proposed

2    discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).

3            Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv),  "A party seeking discovery may move

4    for an order compelling . . . production . . . if . . .  a party fails to produce documents."

5            The court finds that the requested documents are relevant to the current action.  *See*

6    Fed. R. Civ. P. 26(b)(1).  In Claim Eight, the plaintiffs argue that the defendants' ongoing

7    criminal financial investigation is a sham calculated to punish them in retaliation for Greg

8    Moore exercising his First Amendment rights on June 9, 2017 during the execution of the

9    first warrant.  (Doc. 1, p. 21)  If the financial documents at issue here show that the

10   defendants were doing nothing suspicious, then it becomes more likely that the defendants'

11   continuing financial investigation is not based on genuine law enforcement motivations but

12   is based on something else, like retaliation.[1]

13           The defendants argue that the only relevant evidence on Claim Eight is evidence that

14   the defendants possessed prior to the search on June 14, 2017.  (Doc. 148, p. 4)  They are

15   incorrect.  The plaintiffs do not limit themselves to arguing that the defendants' improper

16   retaliation resulted in the search on June 14, 2017.  They further assert that improper

17   retaliation continues to animate the defendants' ongoing financial investigation. (Doc. 1, pp.

18   20-21)  Accordingly, what the defendants learned, or should have learned, from the

19   documents seized on June 14, 2017 is relevant.

20           The defendants further argue that the motion should be denied because the plaintiffs

21   "should not be allowed to make use of the liberal discovery procedures applicable to a civil

22   suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain [documents]

23   he would not otherwise be entitled to for use in his criminal suit" quoting *Campbell v.*

24   *Eastland*, 307 F.2d 478, 487 (5th Cir. 1962).  (Doc. 148, pp. 5-6)  This court, however, finds

25

26           [1] The court further observes that the documents are relevant on the issue of damages.
27   If the defendants conducted an unconstitutional search in violation of the plaintiffs' privacy
     interests, the nature and number of documents seized would help the plaintiffs prove the
28   amount of their damages.

1   *Campbell* distinguishable.  The *Campbell* court held that a civil plaintiff facing criminal

2   prosecution can not use the liberal civil discovery rules to obtain more documents than are

3   permitted by Rule 16, Fed.R.Crim.P.  *Campbell*, 307 F.2d at 487.  The plaintiffs here,

4   however, are only seeking documents to which they would be entitled under that Rule.

5   Rule 16(a)(1)(E)(iii) permits a defendant "to inspect and to copy or photograph . . .

6   documents . . . if . . . the item was obtained from or belongs to the defendant."

7   Fed.R.Crim.P.; *see also* Ariz.R.Crim.P. 15.1(b)(5), 15.1(e)(1)(A) (similar).  In the pending

8   motion, the plaintiffs only seek copies of documents that were seized from them and belong

9   to them.  These documents would be disclosed to them under the Rules of Criminal

10  Procedure if they were being prosecuted.  Consequently, their disclosure does not constitute

11  an unfair use of the Rules of Civil Procedure.

12  This court previously granted the defendants' motion to keep its open criminal

13  investigation files confidential in accordance with the law enforcement investigatory

14  privilege. (Docs. 74, 113) This privilege serves to "prevent disclosure of law enforcement

15  techniques and procedures, preserve the confidentiality of sources, protect witnesses and

16  law enforcement personnel, safeguard the privacy of individuals involved in an investigation,

17  and otherwise prevent interference with the investigation." (Doc. 74)  (*quoting In re Dep't*

18  *of Investigation of City of New York*, 856 F.2d 481, 484 (2nd Cir. 1988))  In the pending

19  motion, however, the defendants only seek copies of their own documents.  They do not seek

20  documents generated by the defendants.  Accordingly, their disclosure would not

21  compromise any of the rationale underpinning the law enforcement investigatory privilege.

22  The defendants further argue that the pending motion is actually a motion for return

23  of property, which, if filed before indictment, requires a showing that the seizure was illegal

24  and the movant is the lawful possessor of the property.  (Doc. 148, pp. 7-8); *see also*

25  Fed.R.Crim.P. 41(g).  The court disagrees with the defendants' characterization of the

26  pending motion.  The plaintiffs do not seek the return of the documents, they seek production

27  of a copy of the documents.  And they have filed a motion to compel that production

28  pursuant to Fed.R.Civ.P. 37.

The plaintiffs further move that this court award attorney's fees pursuant to Rule 37(a)(5)(A).  Fed.R.Civ.P.  The rule reads as follows:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).  "There is no bright line standard for substantial justification." *Salary v. Cty. of Orange*, 2019 WL 2902695, at *2 (C.D. Cal. 2019).  "Courts generally focus on the quality of the justification and the genuineness of the dispute and whether an impartial observer would agree that a party had good reason to withhold discovery."  *Id.*  (punctuation modified)

The court finds that the defendants' objection to the plaintiffs' request for production was substantially justified.  This case presents unusual circumstances, and there does not appear to be any controlling case law directly on point.  Reasonable minds could differ about the plaintiffs' right to discovery.  Accordingly,

IT IS ORDERED that the plaintiffs' motion to compel discovery and for attorneys fees filed on April 15, 2020 is GRANTED in PART.  (Doc. 133)  The defendants shall comply with the plaintiffs' Request for Production No.1 and produce a copy of the documents that were seized pursuant to the search warrant executed on June 14, 2017 on Territorial Brokers, the plaintiffs' business.  The defendants shall comply within 30 days from the date this order is issued.  The plaintiffs' motion for attorney's fees pursuant to Fed. R. Civ. P. 37(a)(5)(A) is DENIED.  (Doc. 133)

1      IT IS FURTHER ORDERED that the plaintiffs' motion to file a sur-reply in support

2  of their motion to compel is DENIED in PART as MOOT.  (Doc. 175)  That part of the

3  motion that seeks permission to file a sur-reply in support of their motion for sanctions (Doc.

4  143) will be addressed in a subsequent order.

5      DATED this 9th day of July, 2020.

Leslie A. Bowman
United States Magistrate Judge

- 6 -