**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Greg Moore; et al., | ) | No. CV 19-0290 TUC RM (LAB) |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| Sean Garnand; et al., | ) | |
| Defendants. | ) | |

Pending before the court is the plaintiffs' motion, filed on April 27, 2020, for sanctions pursuant to Fed.R.Civ.P. 37(d)(1)(A)(i) and 37(d)(3). (Doc. 143) The defendants and their counsel filed a response on May 11, 2020. (Doc. 157) The plaintiffs filed a reply on May 14, 2020. (Doc. 160)

Also pending is the plaintiffs' motion to file a sur-reply in support of their motion for sanctions. (Doc. 175) The defendants filed a response; the plaintiffs did not file a reply. (Doc. 179)

The plaintiffs in this action claim their constitutional rights were violated when the defendants executed search warrants in connection with an arson investigation into the destruction of the Forgeus Apartments on June 8, 2017. (Doc. 1) The plaintiffs bring this action pursuant to 42 U.S.C. s 1983. (Doc. 1, p. 4) The defendants apparently believe that the plaintiffs may be responsible for the fire that destroyed these apartments. (Doc. 1) The investigation into the Forgeus fire is ongoing. In the pending motion, the plaintiffs move that this court sanction the defendants and their counsel for failing to appear at the defendants'

1 noticed depositions. (Doc. 143) The court finds that the defendants' failure to appear was
2 substantially justified.

3 Early in the action, on September 24, 2019, the defendants filed a motion to stay
4 discovery pursuant to the law enforcement investigatory privilege. (Doc. 23) Shortly
5 afterward, on or about November 5, 2019, the plaintiffs served Fire Inspector Jorge Loya and
6 Tucson Police Officer Jacob Smith with deposition subpoenas. (Doc. 54, p. 2); (Doc. 118)
7 On November 15, 2019, the City of Tucson filed a motion to quash arguing that the
8 depositions were precluded by the law enforcement investigatory privilege. (Doc. 54)  On
9 December 4, 2019, the plaintiffs filed a response to the motion to quash arguing that they
10 were in possession of a report by the Tucson Fire Department and that even if the privilege
11 applied is some areas, it did not preclude discovery about the specific facts contained in the
12 report. (Doc. 65, p. 5)

13 On December 13, 2019, the court granted the defendants' motion to stay discovery
14 in part. (Doc. 74) The court held that "Discovery of the TPD arson investigation files for
15 the Forgeus Apartments is stayed pursuant to the law enforcement investigatory privilege."
16 (Doc. 74, p. 4) The plaintiffs appealed, but the district court denied their appeal on March
17 24, 2020. (Doc. 113)

18 On April 2, 2020, the court issued an order quashing the deposition subpoenas served
19 on Fire Inspector Jorge Loya and Tucson Police Officer Jacob Smith because the plaintiffs
20 appeared to be seeking only information that was covered by the law enforcement
21 investigatory privilege. (Doc. 118) The court found "that this is a fair assumption in light
22 of the plaintiff's failure to suggest any other purpose for the depositions." (Doc. 118, p. 2)

23 Previously, on March 19, 2020, the plaintiffs served notice of intent to take the
24 depositions of the defendants Sean Garnand and Dain Salisbury on April 7, 2020. (Doc. 143)
25 (citing Doc. 111) Counsel for the defendants informed the plaintiffs that the defendants
26 would not appear in accordance with this court's order of March 24, 2020, Doc. 113,
27 upholding on appeal the defendants' assertion of the law enforcement investigatory privilege.
28 (Doc. 143, p. 2) After the court issued its order quashing the deposition subpoenas served

on Loya and Smith on April 2, 2020, Doc. 118, the defendants' counsel further informed the plaintiffs that the defendants would not appear at the depositions for the reasons discussed in this newly issued order. *Id.* In response, the plaintiffs' counsel "pointed out that there are many areas of necessary examination that are not precluded by any order of the Court, as an example identifying the Third Claim's allegations regarding the issuance by written application and execution of Search Warrant 17SW1037 – which, as all now know, were obtained by Plaintiffs from the Superior Court in an unredacted form." (Doc. 143, p. 2)

In spite of the defendants' counsels' clear statement that the defendants would not appear, the plaintiffs' counsel arranged for a court reporter and waited in vain for the appearance of the defendants at the appointed time and place. True to their counsels' word, the defendants did not appear for the deposition. (Doc. 143, p. 2)

In the pending motion, the plaintiffs move, pursuant to Fed.R.Civ.P. 37(d)(1)(A)(i) and 37(d)(3) for sanctions because of the defendants' failure to appear at the noticed deposition. (Doc. 143) Rule 37(d)(1)(A)(i) states that a court "may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition." Rule 37(d)(3) explains that

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P.   The listed sanctions read as follows:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;

Fed. R. Civ. P. 37(b)(2)(A)   The burden to prove substantial justification is on the respondent. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994), as amended (July

- 3 -

1  25, 1994). "While a finding of bad faith is not a requirement for imposing sanctions, good
2  or bad faith may be a consideration in determining whether imposition of sanctions would
3  be unjust." *Id*. "[A] good faith dispute concerning a discovery question might, in the proper
4  case, constitute 'substantial justification'." *Id*.

5  The plaintiffs do not urge this court to sanction the defendants by issuing an order
6  listed in Rules 37(b)(2)(A)(i)-(vi). Instead, they move that this court order the defendants
7  to appear at a deposition, place the costs of the depositions on the defendants, and award
8  costs and reasonable attorney's fees. (Doc. 143, pp. 3-4)

9  The plaintiffs are correct when they observe that if a deponent wishes to be relieved
10 of the obligation to appear for a deposition, he must obtain an order from the court. *Pioche*
11 *Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964). "[U]nless he has obtained
12 a court order that postpones or dispenses with his duty to appear, that duty remains." *Id*. It
13 is not enough that he has on file a pending motion for a protective order. *Id*.; *Scott v.*
14 *Palmer*, 2014 WL 6685813, at *2, n.5 (E.D. Cal. 2014) (The *Pioche Mines* court referred
15 to Rule 30(b) whose language is now found at Rule 26(c)). He must obtain an order from
16 the court. *Id*. Otherwise, a delay could be had for the asking. Here, there is not even a
17 pending motion. There is simply an objection by the deponents' counsel. That certainly is
18 not enough.

19 The defendants admit that they failed to appear at the noticed deposition, but they
20 argue their failure is substantially justified. The court agrees.

21 The defendants had good reason to suspect that the depositions noticed on March 19,
22 2020 were precluded by this court's order granting the defendants' motion to stay discovery
23 of the Tucson Police Department's criminal investigation files. Accordingly, counsel
24 informed the plaintiffs that the defendants would not appear in accordance with the court's
25 order upholding on appeal the defendants' assertion of the law enforcement investigatory
26 privilege. (Doc. 143, p. 2)

27 Later, on April 2, 2020, this court quashed the plaintiffs' deposition subpoenas on Fire
28 Inspector Jorge Loya and Tucson Police Officer Jacob Smith because the plaintiffs appeared

- 4 -

1 to be seeking only information that was covered by the law enforcement investigatory
2 privilege. (Doc. 118) The defendants' counsel apparently saw the parallels between those
3 depositions and the noticed depositions for the defendants. They understandably came to the
4 conclusion that the noticed depositions, like the depositions for Loya and Smith, sought only
5 information that was precluded by the law enforcement investigatory privilege. Accordingly,
6 they informed the plaintiffs that the defendants would not appear. (Doc. 143, p. 2) In
7 response, the plaintiffs argued that there were still areas that could be explored at the
8 depositions that were not precluded by the privilege. The plaintiffs stated, "You have
9 produced a number of documents in the clear, of particular importance the 17SW1037 search
10 warrant materials. Those are examples of areas of testimony not covered by Judge Bowman
11 or Judge Marquez's orders." (Doc. 157, p. 7)

12 If there were subject areas that were not precluded by the privilege, the defendants
13 should have appeared at the depositions ready to answer questions about those subject areas.
14 The plaintiffs' argument, however, sounds more than a little like the argument they made to
15 the court in opposition to the defendants' motion to quash the Loya and Smith depositions,
16 and the court rejected that argument. Accordingly, the defendants had reason to believe that
17 the plaintiffs could not identify any areas of inquiry that did not encroach on the privilege
18 and the entire deposition was precluded.

19 The court finds that the defendants' failure to appear was substantially justified. The
20 depositions appeared to be precluded by the law enforcement investigatory privilege, and
21 when notified of this, the plaintiffs were unable to clearly specify areas of inquiry that
22 avoided the privilege.

23 The court addresses an additional point. It appears that the plaintiffs seek to have the
24 defendants pay the costs of the deposition that did not occur. The court finds, in the
25 alternative, that awarding these expenses would be "unjust." *See* Fed.R.Civ.P. 37(d)(3). The
26 defendants' counsel clearly notified the plaintiffs that the defendants would not be attending
27 the depositions. The costs incurred at the deposition that did not take place, therefore, could
28

1 have been avoided had the plaintiffs taken defense counsel at their word, as they should have
2 done.

3 The court notes that it would have been better practice for the defendants to follow
4 the Rules and move for a protective order.  They might have believed that simply informing
5 the plaintiffs that they were not going to appear was a reasonable way to avoid unnecessary
6 motion practice, but, as we have seen, they were mistaken. Parties are generally encouraged
7 to solve problems informally if possible, but problems cannot be solved informally if there
8 is no meeting of the minds.

10 IT IS ORDERED that the plaintiffs' motion, filed on April 27, 2020, for sanctions
11 pursuant to Fed.R.Civ.P. 37(d)(1)(A)(i) and 37(d)(3), is DENIED.  (Doc. 143)
12 IT IS FURTHER ORDERED that the plaintiffs' motion to file a sur-reply in support
13 of their motion for sanctions is DENIED.  (Doc. 175); *see also* (Doc. 198)  The plaintiffs
14 note that subsequent to the filing of the pending motion, the defendants disclosed a report
15 from arson expert Edward Nordskog on, or about, May 19, 2020. (Doc. 175); *see* (Doc. 172-
16 1)  They argue that Nordskog "gives his 'expert' opinions not only about what evidence
17 Defendants had, but *how they viewed that evidence, and why the evidence was more than*
18 *sufficient for the existence of probable cause from the night of the fire to present*." (Doc.
19 175, p. 2)  (emphasis in original)  Assuming that the plaintiffs accurately describe
20 Nordskog's report, this court fails to perceive how its existence affects the resolution of the
21 pending motion for sanctions.  Even if the report gives the plaintiffs a legitimate reason to
22 depose the defendants in hindsight, the plaintiffs did not advance this argument when the
23 defendants challenged them to come up with deposition topics that did not run afoul of the
24 law enforcement investigatory privilege.  Accordingly, the Nordskog expert report does not
25 affect the court's conclusion that the defendants were substantially justified in failing to
26 appear for the noticed depositions on April 7, 2020.

28 DATED this 10th day of July, 2020.

- 6 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                    *Leslie A. Bowman*
                    Leslie A. Bowman
               United States Magistrate Judge