**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greg Moore, et al., | No. CV-19-00290-TUC-RM (LAB) |
| Plaintiffs, | **ORDER** |
| v. | |
| Sean Garnand, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' "Emergency Motion to Vacate Order." (Doc. 187.) Defendants have responded and oppose the Motion. (Doc. 197.) No Reply has been filed and the time for doing so has expired. LRCiv 7.2(d). The Motion will be denied.

On March 24, 2020, this Court issued an Order granting Defendants' Motion to Assert the Law Enforcement Investigatory Privilege (Doc. 113) and affirming Magistrate Judge Leslie A. Bowman's Order providing the same relief (Doc. 74.) The March 24, 2020 Order barred Plaintiffs' requested discovery of the Tucson Police Department's criminal investigation into a suspected arson pursuant to the law enforcement investigatory privilege, which protects information involving ongoing law enforcement investigations from disclosure so as to maintain the integrity of active investigations. (Doc. 113.) Plaintiffs are, or were, suspects in the arson investigation. (*Id*.) Plaintiffs filed

a Motion for Reconsideration (Doc. 120) and a Motion for Clarification (Doc. 134) which were resolved in a May 8, 2020 Order (Doc. 154). The May 8, 2020 Order denied the Motion for Reconsideration and granted in part and denied in part the Motion for Clarification. (Doc. 154.) On July 1, 2020, Magistrate Judge Bowman issued a revised Scheduling Order setting a new discovery deadline of December 7, 2020. (Doc. 193.)

Plaintiffs request that the Court vacate its March 24, 2020 Order granting Defendants' Motion to Assert the Law Enforcement Investigatory Privilege. (Doc. 187.) Plaintiffs state that one of their key witnesses, Kevin Rousseau, passed away on June 15, 2020, and they argue that his passing provides grounds to vacate the Order. (*Id.*) Plaintiffs fail to locate a basis for this request in the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure. (*Id.*)

If, as Defendants argue, the Motion is an "ill-disguised" second Motion for Reconsideration, such a Motion is substantively deficient because it does not attempt to address the standard for reconsideration pursuant to LRCiv 7.2(g). (Doc. 197.) Furthermore, a second Motion for Reconsideration would be procedurally improper. *See Lopez v. Bollweg*, No. CV 13-00691-TUC-DCB, 2017 WL 4677851, at *3 (D. Ariz. Aug. 28, 2017) (denying second motion for reconsideration and noting that "filing a successive motion for reconsideration. . . .wastes valuable Court resources"). Nothing in the Local Rules permits filing multiple motions for reconsideration of the same order and there is no reason to provide Plaintiffs with a second opportunity to litigate this issue.

Alternatively, the Court could construe the Motion as a Motion for Relief from Order pursuant to Fed. R. Civ. P. 60(b), which states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Plaintiffs have not set forth any arguments to justify relief from the March 24, 2020 Order pursuant to parts (1) through (5) of Rule 60(b), nor does the Court find that Plaintiffs' stated reason for relief—the death of a witness—justifies the relief requested. Plaintiffs have not cited, and the Court has not located, any case in which a court granted relief from the law enforcement investigatory privilege due to the passing of a witness. Moreover, Defendants assert in response to the Motion that "[n]ot only did [Plaintiffs] have access to Kevin Rousseau at all times since the June 8, 2017 fire, but attorney Moore actually recorded Mr. Rousseau's statement in July of 2017. Indeed, [Plaintiffs'] refusal to turn over the recorded statements of Kevin Rousseau. . . .as required under General Order 17-08, is the subject of a pending motion to compel." In light of these assertions, which Plaintiffs have not contested, the Court finds no reason to grant the requested relief.

Accordingly,

**IT IS ORDERED** that the Emergency Motion to Vacate Order (Doc. 187) is **denied**.

**IT IS FURTHER ORDERED** that this case remains referred to Magistrate Judge Leslie A. Bowman for all pretrial proceedings and report and recommendation.

Dated this 20th day of July, 2020.

_____
Honorable Rosemary Márquez
United States District Judge