**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Greg Moore; et al., | ) | No. CV 19-0290 TUC RM (LAB) |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| Sean Garnand; et al., | ) | |
| Defendants. | ) | |

Pending before the court is the plaintiffs' motion to compel discovery filed on May 11, 2020.  (Doc. 156)  The defendants filed a response on May 21, 2020.  (Doc. 165)  The plaintiffs filed a reply on May 28, 2020.  (Doc. 172)

The plaintiffs in this action claim their constitutional rights were violated when the defendants executed search warrants in connection with an arson investigation into the destruction of the Forgeus Apartments on June 8, 2017.  (Doc. 1)  The plaintiffs bring this action pursuant to 42 U.S.C. § 1983.  (Doc. 1, p. 4)  The first warrant, for DNA and other personal effects, was executed on June 9, 2017.  (Doc. 1, p. 8)  The second warrant, for financial documents, was executed on June 14, 2017.  (Doc. 1, pp. 9-10)  The defendants apparently believe that the plaintiffs may be responsible for the fire that destroyed these apartments.  (Doc. 1)  The investigation into the Forgeus fire is ongoing.  In the pending motion, the plaintiffs move for an order compelling the defendant Sean Garnand to answer Interrogatories 20-25.  (Doc. 156)

Discussion

Pursuant to Rule 37(a)(3)(B)(iii):

> A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . a party fails to answer an interrogatory submitted under Rule 33 . . . .

Fed.R.Civ.P. Rule 33 permits a party to serve written interrogatories. Fed.R.Civ.P. The interrogatories "may relate to any matter that may be inquired into under Rule 26(b)." Fed.R.Civ.P.33(a)(2).

And, Rule 26(b)(1) permits discovery requests "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P.

Interrogatory 20

This interrogatory states as follows: "With regard to any arson investigation done by you that resulted in the filing of criminal charges, please: a. Identify the case name, docket number [and] court; b. State whether you gave evidence before a grand jury from which an indictment issued, and, if so, state the date(s) of your testimony in each case; c. State whether you gave evidence in any hearing or trial of any case, identifying (1) which case, (2) the nature of the hearing, i.e., motion to suppress, trial; (3) the date(s) of your testimony." (Doc. 156-2, pp. 1-3)

The plaintiffs assert that these interrogatories are relevant because Detective Garnand has put into issue his expertise to determine what constitutes probable cause in the first instance. (Doc. 156, p. 5) They conclude that these interrogatories are relevant on the judicial deception and First Amendment retaliation claims. (Doc. 156, p. 6) This argument is somewhat difficult to follow.

1  The plaintiffs seem to be arguing that if the search warrants are not supported by
2  probable cause, then they will argue that Garnand knew they were not supported by probable
3  cause and chose to file them anyway for some illegitimate purpose. And these interrogatories
4  will help show that Garnand knew the warrants were not supported by probable cause
5  because they will show that he knew what facts make up probable cause and what facts do
6  not. The court is not convinced.

7  Each arson investigation entails its own unique facts and circumstances. Discovery
8  into the arson investigations that Garnand conducted in the past will shed little light on the
9  arson investigation that Garnand conducted in the pending action. At best, the interrogatories
10 posed by the plaintiffs would reveal broad generalities such as: Garnand believes arsonist
11 sometimes burn buildings for financial gain or Garnand believes arsonists sometimes use
12 flammable materials to set their fires.

13 Moreover, Garnand does not keep records of his past investigations in a form that
14 would allow him to easily track which investigations resulted in prosecutions and which
15 prosecutions required him to give testimony. To properly respond to the plaintiffs'
16 interrogatories, he would have "to undertake a file-by-file review" of the "more than 500
17 arson investigations in which he has participated since joining TPD (the Tucson Police
18 Department) over 20 years ago," which he estimates "would likely take hundreds of hours."
19 (Doc. 165-2, p. 3)

20 The court concludes that "the burden or expense of the proposed discovery outweighs
21 its likely benefit." Fed.R.Civ.P. 26(b)(1)

22

23 Interrogatory 21

24 This interrogatory asks the following: "State whether you have been disqualified from
25 giving evidence or opinions in any case, civil or criminal, a. Identify each case by name,
26 docket number and court, b. State the reason(s) you were disqualified from giving evidence
27 or opinions." (Doc. 165-2, p. 4) Garnand answered this Interrogatory, "No." *Id.* The
28 plaintiffs do not explain why this answer is unsatisfactory.

<u>Interrogatories 22, 23, 24, and 25</u>

Interrogatories 22 and 23 ask for the "text or publications upon which you rely in conducting arson investigations" and the "text or publications you consider authoritative in the investigation of arson." (Doc. 156-2, pp. 4-7)

Interrogatory 24 asks: "With regard to any opinions regarding the arson at 2427-2429 N. Forgeus Avenue on June 8, 2017, that you have arrived at:  a. State each opinion, b. Identify each document you reviewed in arriving at the opinions, c. Identify each person upon whose counsel you relied in forming each opinion." (Doc. 156-2, pp. 9-11)

Interrogatory 25 asks:  "With regard to any opinions regarding the arson at 3954 E. Blacklidge Drive[1] Unit # 3 on March 30, 2011 that you have arrived at:  a. State each opinion, b. Identify each document you reviewed in arriving at the opinions, c. Identify each person upon whose counsel you relied in forming each opinion."  (Doc. 156-2, pp.11-12)

These interrogatories ask for information that is subject to this court's order issued on December 13, 2019 staying discovery into the Tucson Police Department's arson investigation files for the Forgeus Apartments in accordance with the law enforcement investigatory privilege  *See* (Docs. 74, 113)  The answers to these interrogatories are privileged and not discoverable.

//

//

//

IT IS ORDERED that the plaintiffs' motion to compel discovery filed on May 11, 2020 is DENIED.  (Doc. 156)

DATED this 24th day of August, 2020.

---

[1] The defendants apparently believe that the fire that destroyed the Forgeus Apartments displayed similarities to the fire that destroyed an apartment on Blacklidge Drive in 2011. (Doc. 1, p. 10)

- 4 -

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge