**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Greg Moore; et al., | ) | No. CV 19-0290 TUC RM (LAB) |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| Sean Garnand; et al., | ) | |
| Defendants. | ) | |

Pending before the court is the defendants' motion to compel discovery filed on May 15, 2020. (Doc. 161)  The plaintiffs filed a response on May 29, 2020. (Doc. 174)  The defendants filed a reply on June 5, 2020. (Doc. 178)

The plaintiffs in this action claim their constitutional rights were violated when the defendants executed search warrants in connection with an arson investigation into the destruction of the Forgeus Apartments on June 8, 2017. (Doc. 1)  The plaintiffs bring this action pursuant to 42 U.S.C. § 1983. (Doc. 1, p. 4)  The first warrant, for DNA and other personal effects, was executed on June 9, 2017. (Doc. 1, p. 8)  The second warrant, for financial documents, was executed on June 14, 2017. (Doc. 1, pp. 9-10)  The defendants apparently believe that the plaintiffs may be responsible for the fire that destroyed these apartments. (Doc. 1)  The investigation into the Forgeus fire is ongoing.  In the pending motion, the defendants move for an order compelling the plaintiffs to produce four

1  previously recorded witness statements and for sanctions pursuant to Fed.R.Civ.P. 37(a)(1)
2  and 37(b)(2)(C).  (Doc. 161)

### Background

In July of 2017, the plaintiffs took recorded statements from Patricia Moore, Thomas Alfonso, Lupita Bachelier, and Kevin Rousseau.  (Doc. 161, p. 2)  Patricia Moore is one of the plaintiffs.  (Doc. 1)  She was a witness to the execution of the search warrant on June 14, 2017.  (Doc. 1)  Thomas Alfonso "is the principal of Central City Contracting, which is the general partner of ESMJ Partners, the umbrella entity that owns Forgeus Apartments, LLC."  (Doc. 174, p. 3)  Lupita Bachelier is an administrator of the business and witnessed the execution of the search warrant on June 14, 2017.  (Doc. 1, pp. 11-12)   Kevin Rousseau is a maintenance contractor with knowledge of the remodeling of the Forgeus property before the fire.  (Doc. 174-1, p. 2)

The existence of these recordings was revealed in the plaintiffs' MIDP (Mandatory Initial Discovery Pilot project) response.   (Doc. 161, p. 2)  That document lists the four statements along with the following notation: "*work product and attorney client privilege."  (Doc. 161, pp. 2-4);  (Doc. 161-2, p. 9)  The plaintiffs' MIDP response further asserts that these persons have information that is relevant to the plaintiffs' claims, the Forgeus fire, and/or the execution of the search warrants.  (Doc. 161, pp. 2-4)

The defendants subsequently tried to get the plaintiffs to provide more information about the statements, such as who was the attorney, who was the client, in what format was the statement recorded, who was present, and who has a copy of the statements. (Doc. 161, p. 5)  When the plaintiffs failed to provide further information, the defendants filed the pending motion to compel on May 15, 2020.  (Doc. 161)  They argue, in the main, that the plaintiffs have failed to establish  properly their claim of privilege.

### Discussion

Pursuant to Rule 37(a)(3)(B)(iv):

> A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . a party fails to produce documents . . . .

Fed.R.Civ.P.

If a party improperly fails to provide discovery:

> the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C)

In general, Rule 26(b)(1) permits discovery requests "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P.

In their response to the motion, the plaintiffs argue, among other things, that the statements are privileged. They attached to their response a declaration from counsel Michael Moore in which he explains that he took the statements in July of 2017, just after the search warrants were executed, as part of "an investigation of potential civil rights claims which might be brought by Greg and Patricia Moore. . . ." (Doc. 174-1, p. 1)  Attorney Jeff Rogers had previously been retained "to represent Greg Moore and any entities potentially targets of the Defendants' criminal investigation, as well as the State Farm claim matter." *Id.* Attorney Michael Moore and attorney Jeff Rogers "engaged in a joint representation with regard to those matters . . . ." *Id.* No one was present for the recordings except for the plaintiff Greg Moore, the witnesses, and the attorneys. *Id.*, p. 2

Rule 26(b)(3)(A) reads as follows:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety,

- 3 -

> indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means

Fed.R.Civ.P. Rule 26(b)(4) provides specific protection for retained expert witnesses. Fed.R.Civ.P.

It appears, based on the information supplied in the plaintiffs' response, that the witnesses' statements were obtained by the plaintiffs' attorneys in anticipation of the present litigation. They are protected attorney work product. *See* Fed.R.Civ.P. 26(b)(3)(A)

The defendants argue that the plaintiffs' response fails to provide enough information to establish either attorney client privilege or attorney work product immunity. The court does not agree. The statements were taken after the search warrants were executed from witnesses who had information related to the Forgeus fire and the execution of the search warrants. They were taken at the behest of the plaintiffs' attorneys in anticipation of a possible civil rights action. The plaintiffs' showing is sufficient to establish attorney work product immunity. *See In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d 900, 907 (9th Cir. 2004) ("[A] document should be deemed prepared 'in anticipation of litigation' and thus eligible for work product protection under Rule 26(b)(3) if in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation.") (punctuation modified). The court offers no opinion as to whether the statements are protected by the attorney client privilege.

The defendants further argue that if the statements are indeed privileged, then the plaintiffs should have produced a privilege log as required by the MIDP. (Doc. 3, p. 4, ¶ 4) The court agrees that the plaintiffs should have listed these statements in a privilege log. Their failure to do so, however, does not compel the court to grant the pending motion to compel.

- 4 -

1  The defendants do not argue that "it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *See* Fed.R.Civ.P.26(b)(3)(A)(ii). The defendants do not allege that witnesses are unavailable or could not be deposed if they so choose.

IT IS ORDERED that the defendants' motion to compel discovery filed on May 15, 2020 is DENIED. (Doc. 161) The defendants' motion for sanctions is also DENIED. (Doc. 161) The plaintiffs are instructed to file a privilege log in accordance with the MIDP, General Order 17-08, if they have not already done so. *See* (Doc. 3, p. 4, ¶ 4).

DATED this 3rd day of September, 2020.

_____
Leslie A. Bowman
United States Magistrate Judge