**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Greg Moore; et al., | ) | No. CV 19-0290 TUC RM (LAB) |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) | |
| Sean Garnand; et al., | ) ) ) | |
| Defendants. | ) ) ) | |

Pending before the court is the plaintiffs' motion to compel discovery and for expenses and attorney fees filed on August 24, 2020. (Doc. 208) The defendants filed a response on September 8, 2020. (Doc. 220) The plaintiffs filed a reply on September 15, 2020. (Doc. 225)

The plaintiffs in this action claim their constitutional rights were violated when the defendants executed search warrants in connection with a Tucson Police Department arson investigation into the destruction of the Forgeus Apartments on June 8, 2017. (Doc. 1) The plaintiffs bring this action pursuant to 42 U.S.C. § 1983. (Doc. 1, p. 4) The first warrant, for DNA and other personal effects, was executed on June 9, 2017. (Doc. 1, p. 8) The second warrant, for financial documents, was executed on June 14, 2017. (Doc. 1, pp. 9-10) The defendants apparently believe that the plaintiffs may be responsible for the fire that destroyed these apartments. (Doc. 1) The investigation into the Forgeus fire is ongoing.

In the pending motion, the plaintiffs move pursuant to Fed.R.Civ.P. 26(b)(1), 37(a)(3)(B)(iv), 37(a)(5)(A), and Local Rule 37.1 that the court compel the defendants to

produce (1) "6/9/17 records of DNA seizures," (2) "6/9/17 jail/substation intake, processing and discharge records . . ." and (3) "[a]ll documents relevant to the . . . accusations made by Plaintiffs in their Complaint to the Office of Professional Standards (formerly "Internal Affairs") on May 31, 2019 . . . ." (Doc. 208, pp. 2-3)

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv), "A party seeking discovery may move for an order compelling . . . production . . . if . . . a party fails to produce documents."

Discussion

First, the plaintiffs seek records concerning the DNA sample collected from Mr. Moore pursuant to the first search warrant. In their initial response to the request for production, the defendants stated that all responsive documents have been produced. (Doc. 220, p. 2) Since then, the defendants have identified an additional document, but that document "was neither created, nor maintained, by Det. Garnand." *Id.*; *see also* Fed.R.Civ.P. 34(a)(1) (Documents must be produced if they are "in the responding party's possession, custody or control.").

The plaintiffs argue that the defendants' counsel "has admitted that documents exist, admitted the relevance, and simply refused to produce." (Doc. 225, p. 1) They do not address the defendants' implicit assertion that the records are not in their "possession, custody or control." *Id.*; *see also* Fed.R.Civ.P. 34(a)(1) It appears that the newly discovered document does not fall within the scope of discoverable material. *See* Fed.R.Civ.P. 34(a)(1) The plaintiffs' motion will be denied as it relates to this request for production.

With respect to the second category of documents, Jail Records, the defendants affirmatively state that they have disclosed all records responsive to this request. (Doc. 220, p. 2) The plaintiffs do not argue the contrary. (Doc. 225) The plaintiffs' motion will be denied as it relates to this request for production.

The third category of documents concerns the Complaint the plaintiffs lodged with the City's Office of Professional Standards (OPS). The plaintiffs explain that they want to know what investigations have been made into their allegations that the defendants have engaged in wrongdoing. The documents already disclosed to the plaintiffs, however, include a letter dated September 6, 2019 from Assistant Chief Silva. (Doc. 220, pp. 4-5) Silva explains that the plaintiffs' OPS Complaint will not be addressed until the outstanding civil litigation between the plaintiffs and the City is resolved. *Id.* It appears that there are no other responsive documents in the defendants' possession.

The plaintiffs argue in their reply that the OPS documents are relevant to the case and are therefore discoverable. They do not, however, offer any argument contradicting the defendants' assertion that additional relevant documents do not exist. The plaintiffs' motion will be denied as it relates to this request for production.

The plaintiffs further move that this court award expenses and attorney fees pursuant to Rule 37(a)(5)(A). Fed.R.Civ.P. The Rule reads as follows:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). "There is no bright line standard for substantial justification." *Salary v. Cty. of Orange*, 2019 WL 2902695, at *2 (C.D. Cal. 2019). "Courts generally focus

1 on the quality of the justification and the genuineness of the dispute and whether an impartial
2 observer would agree that a party had good reason to withhold discovery." *Id.* (punctuation
3 modified)
4     The plaintiffs' motion to compel discovery will be denied. Accordingly, their motion
5 for reasonable expenses and attorney fees will also be denied.

7     IT IS ORDERED that the plaintiffs' motion to compel discovery and for expenses and
8 attorney fees filed on August 24, 2020 is DENIED. (Doc. 208)

10     DATED this 5th day of November, 2020.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge