**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greg Moore; et al., | No. CV 19-0290 TUC RM (LAB) |
| Plaintiffs, | **ORDER** |
| vs. | |
| Sean Garnand; et al., | |
| Defendants. | |

Pending before the court is the plaintiffs' motion for sanctions filed on August 31, 2020. (Doc. 215) The defendants filed a response on September 14, 2020. (Doc. 224) The plaintiffs did not file a reply.

The plaintiffs in this action claim their constitutional rights were violated when the defendants executed search warrants in connection with a Tucson Police Department arson investigation into the destruction of the Forgeus Apartments on June 8, 2017. (Doc. 1) The plaintiffs bring this action pursuant to 42 U.S.C. § 1983. (Doc. 1, p. 4) The first warrant, for DNA and other personal effects, was executed on June 9, 2017. (Doc. 1, p. 8) The second warrant, for financial documents, was executed on June 14, 2017. (Doc. 1, pp. 9-10) The defendants apparently believe that the plaintiffs may be responsible for the fire that destroyed these apartments. (Doc. 1) The investigation into the Forgeus fire is ongoing.

In the pending motion, the plaintiffs move pursuant to Fed.R.Civ.P. 37(b)(2)(A) that the court impose sanctions against the defendants and counsel for failing to comply with this court's prior discovery order, Doc. 198. (Doc. 215) They move specifically that this court

1 find the defendants in contempt of court, order immediate delivery of the withheld
2 documents, and award costs and reasonable attorney fees. (Doc. 215, p. 4)
3     Fed.R.Civ.P 37(b)(2)(A) provides that

> If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following:
>
>     *    *    *
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

9 Instead of or in addition to other remedial orders, "the court must order the disobedient party,
10 the attorney advising that party, or both to pay the reasonable expenses, including attorney's
11 fees, caused by the failure, unless the failure was substantially justified or other
12 circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C).

### Discussion

Earlier in the case, the plaintiffs filed a motion to compel production of documents that had been seized from their offices by the defendants on June 14, 2017. (Doc. 133) This court granted the motion on July 9, 2020. (Doc. 198) The defendants subsequently produced 10,664 documents in accordance with this court's order. (Doc. 224, p. 2)

The defendants did not release seven documents, however, because they discovered that one of the court's prior orders held that those documents were subject to the Law Enforcement Investigatory Privilege. (Doc. 224, p. 2) The seven documents also have been deemed privileged by a prior order of the Arizona Superior Court in a separate proceeding. (Doc. 224, p. 2)

When the court considered the plaintiffs' earlier motion to compel, the defendants were unaware of this privilege issue. (Doc. 224, p. 4) The issue was not presented by either party or considered by this court. The defendants only discovered the issue when they were preparing to comply with this court's order to disclose the documents. The defendants

1  subsequently filed a notice on August 7, 2020 explaining why these seven documents were
2  being withheld.  (Doc. 205)
3       On August 31, 2020, the plaintiffs filed the pending motion that the court sanction the
4  defendants and counsel for failure to disclose the seven documents. (Doc. 215) They do not
5  address in their motion the privilege issue raised in the defendants' notice.  *Id.*  In their
6  response brief, the defendants argue in accordance with their notice that the seven documents
7  need not be disclosed because a prior court order held that they fell within the Law
8  Enforcement Investigatory Privilege.  (Doc. 224)  The plaintiffs did not file a reply
9  addressing the defendants' privilege argument.

11       IT IS ORDERED that the plaintiffs' motion for sanctions and costs and attorney fees
12  filed on August 31, 2020 is DENIED.  (Doc. 215)  In accordance with the law-of-the-case
13  doctrine, the defendants reasonably withheld from production those documents that this court
14  previously deemed privileged.  *See Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035,
15  1042 (9th Cir. 2018)  ("The law-of-the-case doctrine generally provides that when a court
16  decides upon a rule of law, that decision should continue to govern the same issues in
17  subsequent stages in the same case.")  (punctuation modified).

19       DATED this 1st day of December, 2020.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge