**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Greg Moore; et al., | ) | No. CV 19-0290 TUC RM (LAB) |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) | |
| Sean Garnand; et al., | ) ) | |
| Defendants. | ) ) | |
| | ) | |

Pending before the court is the defendants' motion, filed on September 29, 2020, to compel answers to interrogatories. (Doc. 233) The plaintiffs filed a response on October 13, 2020. (Doc. 235) The defendants filed a reply on October 20, 2020. (Doc. 237)

The plaintiffs in this action claim their constitutional rights were violated when the defendants executed search warrants in connection with a Tucson Police Department arson investigation into the destruction of the Forgeus Apartments on June 8, 2017. (Doc. 1) The plaintiffs bring this action pursuant to 42 U.S.C. § 1983. (Doc. 1, p. 4) The first warrant, for DNA and other personal effects, was executed on June 9, 2017. (Doc. 1, p. 8) The second warrant, for financial documents, was executed on June 14, 2017. (Doc. 1, pp. 9-10) The defendants apparently believe that the plaintiffs may be responsible for the fire that destroyed these apartments. (Doc. 1) The investigation into the Forgeus fire is ongoing. In the pending motion, the defendants move pursuant to Fed.R.Civ.P. 37(a)(1) that the court compel the plaintiffs to respond fully to their second set of interrogatories.

1  Earlier in the case, the plaintiffs filed a motion to compel production of documents
2  that had been seized from their offices by the defendants on June 14, 2017. (Doc. 133) The
3  plaintiffs argued, among other things, that these documents would show that the plaintiffs
4  had nothing to do with the arson of the Forgeus or the Blacklidge properties and had no
5  financial interest in those properties. (Doc. 133, p. 8) Moreover, the documents would show
6  that the defendants' investigation of the plaintiffs was not well founded. *Id.* This court
7  granted the motion on July 9, 2020. (Doc. 198) The defendants subsequently produced
8  10,664 documents in accordance with this court's order. (Doc. 224, p. 2)

9  The defendants then propounded interrogatories asking the plaintiffs to state, among
10 other things, which documents establish that the plaintiffs had nothing to do with the arson,
11 which documents establish that they had no financial interest in those properties, and which
12 documents show that the defendants' investigation of the plaintiffs was not well founded.
13 (Doc. 233) The plaintiffs answered the interrogatories in a general way stating "that the
14 documents, taken together, reveal that Greg Moore had no motive to torch either Blacklidge,
15 nor Forgeus properties." (Doc. 233, p. 4)

16 On September 29, 2020, the defendants filed the pending motion to compel answers
17 to interrogatories. (Doc. 233) They argue that the plaintiffs' answers do not respond the
18 interrogatories in sufficient detail and are therefore non-responsive. *Id.* They move that this
19 court compel the plaintiffs to fully answer the interrogatories. *Id.*

20

21 Discussion

22 Pursuant to Rule 37(a)(1), "a party may move for an order compelling disclosure or
23 discovery." Fed.R.Civ.P. More specifically, Rule 37(a)(3)(B)(iii) states as follows:

24 A party seeking discovery may move for an order compelling an answer,
designation, production, or inspection. This motion may be made if . . . a party
25 fails to answer an interrogatory submitted under Rule 33 . . . .

26 Fed.R.Civ.P. Rule 33 permits a party to serve written interrogatories. Fed.R.Civ.P. The
27 interrogatories "may relate to any matter that may be inquired into under Rule 26(b)."
28 Fed.R.Civ.P.33(a)(2). And Rule 26(b) explains that the scope of discovery generally

- 2 -

1 includes any nonprivileged matter that is relevant and "proportional to the needs of the case."
2 Fed.R.Civ.P. In the pending motion, the defendants move that this court compel the plaintiffs
3 to fully answer their interrogatories by specifying which documents prove that the plaintiffs
4 had nothing to do with the fires and which documents show that the defendants'
5 investigations are not well founded.

6 It appears, however, that the plaintiffs have answered the interrogatories with as much
7 specificity as they are able to provide. As they explain in their response, when they argued
8 that the documents would show that they had nothing to do with the fires, they were more
9 or less *hoping* that the documents would show this. (Doc. 235, p. 2) They have now
10 examined the documents, but they have not found any specific document on point. They now
11 assert that the documents *as a whole* "reveal legitimate companies doing business in the
12 ordinary manner of real estate investment." (Doc. 233-2, p. 9); (Doc. 235, pp. 2-3)
13 Apparently, that is as good as it gets.

14 It does not appear that the plaintiffs were being intentionally obtuse when they
15 answered the defendants' interrogatories in a general way. Ordering the plaintiffs to be more
16 specific would be pointless.

17

18 IT IS ORDERED that the defendants' motion to compel answers to interrogatories,
19 filed on September 29, 2020, is DENIED. (Doc. 233)

20

21 DATED this 7th day of December, 2020.

22
23
24
25       _Leslie A. Bowman_
         Leslie A. Bowman
26       United States Magistrate Judge
27
28

- 3 -