**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greg Moore, et al., | No. CV-19-00290-TUC-RM (LAB) |
| Plaintiffs, | **ORDER** |
| v. | |
| Sean Garnand, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion for Reconsideration. (Doc. 239.) Defendants ask the Court to reconsider its Order dated July 1, 2020 (Doc. 192) denying in part Defendants' Motion to Quash Plaintiffs' Subpoena of Robin Newgren and the Internal Revenue Service ("Motion to Quash") (Docs. 96, 135). This matter has been fully briefed. (Docs. 239, 247, 249, 257, 259, 260.) For the following reasons, the Motion for Reconsideration (Doc. 239) will be granted and the Motion to Quash (Doc. 96) will be granted in full.

## I.    Background

Plaintiffs Greg and Patricia Moore filed this action pursuant to 42 U.S.C. § 1983, alleging Defendants Detective Sean Garnand and Sergeant Dain Salisbury, officials employed by the Tucson Police Department ("TPD"), violated Plaintiffs' constitutional rights when seeking and executing search warrants in connection with an arson investigation. (Doc. 1 at 4; Doc. 74 at 1.) The eighth claim outlined in the Complaint alleges that Defendants reopened investigations into financial crimes in retaliation for the filing of

1    the present lawsuit, thereby violating the First Amendment. (Doc 1 at 21.)

2       On January 28, 2020, Defendants filed a Motion to Quash, arguing that Plaintiffs'

3    Subpoena of Newgren and the Internal Revenue Service ("Subpoena") would elicit

4    privileged and irrelevant information. (Doc. 96.) Plaintiffs responded on February 10, 2020

5    asserting, in part, that the subpoenaed documents related to alleged financial crimes rather

6    than the fire investigation. (Doc. 98.) Plaintiffs' only mention of objections to the Subpoena

7    stated that "[t]he proposed deponent has not served objections as required by Rule 45,

8    within fourteen (14) days of service." (*Id.* at 2.) In their Reply filed on February 18, 2020,

9    Defendants argued that they retained the ability to move to quash the Subpoena regardless

10    of whether Newgren or the Internal Revenue Service ("IRS") objected in accordance with

11    Rule 45. (Doc. 99 at 2–3.)

12       On April 6, 2020, Magistrate Judge Leslie A. Bowman issued an Order granting the

13    Motion to Quash in its entirety. (Doc. 122.) Magistrate Judge Bowman found that the

14    Subpoena—requesting "all documents, and correspondence, including electronic

15    transmissions, relating to communications between any IRS agent, or affiliate and any

16    representative of the Tucson Police Department, regarding Eric Gregory Moore [] and/or

17    Patricia Moore[]" (Doc. 96-1)—indeed sought information about the fire investigation

18    protected by the law enforcement investigatory privilege (Doc. 122 at 3).

19       Plaintiffs subsequently appealed Magistrate Judge Bowman's Order on April 20,

20    2020. (Doc. 135.) In their appeal, Plaintiffs again argued that the subpoenaed documents

21    were relevant to the eighth claim and not exclusively to the fire investigation over which

22    Defendants had successfully asserted privilege. (*Id.* at 3.) Further, Plaintiffs stated:

23
24
25

> Neither the IRS, nor Newgren, asserted a timely objection to the subpoena, as required under Fed. R. Civ. P. 45(e). Indeed, had the deponent done so on the grounds of privilege, the Rule requires that the "party asserting the privilege . . . provide a detailed privilege log at the time of asserting the privilege."

26

27    (*Id.* at 4 (quoting *In re Grand Jury Proceedings*, 802 F.3d 57, 67–68 (1st Cir. 2015).)

28       On July 1, 2020, this Court partially affirmed Magistrate Judge Bowman's ruling,

1    quashing the Subpoena as to documents related to the fire investigation because these

2    documents were subject to the law enforcement investigatory privilege. (Doc. 192 at 13.)

3    However, the Court declined to extend the Subpoena to documents unrelated to the fire.

4    (*Id.* at 13–14.) The Court found that Defendants had not successfully asserted law

5    enforcement investigatory privilege over these documents because they had not established

6    a "personal right or privilege" as to documents regarding investigations into Plaintiffs'

7    alleged financial crimes. (*Id.* at 14.) Therefore, Defendants lacked standing to move to

8    quash the Subpoena with respect to these documents. (*Id.*)

9           On October 27, 2020, Defendants filed the instant Motion for Reconsideration.

10   (Doc. 239.) Plaintiffs responded on November 9, 2020 (Doc. 247) and Defendants replied

11   on November 16, 2020 (Doc. 249). On December 8, 2020, Defendants filed a Supplement

12   to their Motion for Reconsideration. (Doc. 257.) Plaintiffs' Response to the Supplement

13   was filed on December 21, 2020 (Doc. 259) and Defendants' Reply on December 23, 2020

14   (Doc. 260).

15          **II.    Defendants' Motion for Reconsideration**

16          Defendants ask this Court to reconsider its July 1, 2020 Order denying in part the

17   Motion to Quash. (Doc. 239 at 1.) They further urge the Court to grant the Motion to Quash

18   in its entirety. (*Id.*) Defendants argue that reconsideration is warranted because the Court

19   made its determination based on incomplete information. (*Id.*) Specifically, Defendants

20   assert that Plaintiffs intentionally withheld material facts by failing to inform Defendants

21   or the Court of a letter they received, dated January 30, 2020. (*Id.*) In the letter, the IRS

22   objected to the production of the subpoenaed documents and asserted privilege under 26

23   U.S.C. § 6103 and 26 C.F.R. §§ 301.9000-1 through 301.9000-7. (*Id.* at 6.) The letter was

24   dated more than a week before Plaintiffs filed their Response to the Motion to Quash. (Doc.

25   239-1.)

26          According to Defendants, they only learned of this letter in mid-October 2020 after

27   conversations with legal counsel for the IRS. (Doc. 239 at 6.) Therefore, they assert that

28   the Motion to Quash was either moot because Plaintiffs were satisfied with the IRS's

1  response or not moot because Plaintiffs nonetheless sought to enforce the Subpoena. (*Id.*
2  at 7.) If the Motion to Quash was not moot, Plaintiffs should have informed the IRS to
3  allow the IRS to become a party to the proceedings and assert its objection to the Subpoena.
4  (*Id.*) Defendants contend that, rather than responding to the IRS, Plaintiffs hid the letter
5  from Defendants and the Court, leading to the false impression that the IRS had not made
6  *any* objection to the production of the requested documents. (*Id.* at 7–8.) Defendants assert
7  that they would have made additional arguments in favor of the Motion to Quash if they
8  had known about the letter and the IRS's assertion of privilege under 26 U.S.C. § 6103.
9  (*Id.* at 8.) Defendants further argue that the Court's finding would have been different had
10  it been aware of the IRS letter. (*Id.*)

11  Finally, Defendants allege that, in a letter dated August 21, 2020, Plaintiffs used this
12  Court's July 1, 2020 Order in an effort to compel the IRS to comply with the Subpoena
13  despite the IRS's assertion of statutory privilege. (*Id.* at 9; Doc. 239-2.) Defendants further
14  underscore that Plaintiffs failed to disclose this August 21, 2020 letter to Defendants or the
15  Court. (Doc. 239 at 9.)

16  In response, Plaintiffs reject the assertion that they intentionally hid material facts.
17  (Doc. 247 at 2.) Instead, Plaintiffs contend that they did not state that the IRS had never
18  asserted *any* objection to the Subpoena. (*Id.*) Rather, they conveyed to the Court that neither
19  Newgren nor the IRS had asserted a timely and proper objection in accordance with Rule
20  45 because the letter was received without a privilege log and after the 14-day period
21  following service. (*Id.*)

22  Plaintiffs further argue that the IRS's objection "had no bearing on the grounds to
23  quash claimed by the Defendants" because the IRS did not assert a law enforcement
24  investigatory privilege but rather refused to disclose the subpoenaed documents based on
25  what Plaintiffs describe as "internal regulations." (*Id.*) Therefore, Plaintiffs only
26  challenged the Motion to Quash based on Defendants' available arguments and not those
27  of any other party. (*Id.* at 3.) Plaintiffs also assert that the Court's determination would
28  have remained the same even if it had known about the IRS letter because Defendants

1    lacked standing to assert a privilege over the documents unrelated to the fire investigation

2    regardless of whether or not the IRS objected to producing those documents. (*Id.*) Finally,

3    Plaintiffs highlight that a favorable ruling on their Motion for Orders Lifting Law

4    Enforcement Investigatory Privilege as to Certain Documents and Dismissing Plaintiffs'

5    Eighth Claim with Prejudice (Doc. 242) would render this issue moot.[1] (Doc. 247 at 1–2.)

6        In reply, Defendants reject Plaintiffs' assertion that the IRS's objection was

7    irrelevant to the outcome of the Motion to Quash. (Doc. 249 at 4–5.) They argue that the

8    IRS properly asserted the statutory privilege that it was able to make based on 26 U.S.C. §

9    6103 and the related regulations. (*Id.* at 4.) The IRS could not and therefore did not assert

10   the same law enforcement investigatory privilege as Defendants. (*Id.* at 5.) The effect

11   remained, however, that the appropriate party objected to producing investigation

12   documents unrelated to the fire. (*Id.*) Thus, Defendants contend that Plaintiffs intentionally

13   misled the Court by not disclosing the IRS letter in order to gain access to "at least one half

14   of a 100% privileged universe." (*Id.*)

15       Moreover, Defendants argue that Plaintiffs' characterization of the IRS letter as an

16   untimely and improper objection under Rule 45 is irrelevant because the rule is inapplicable

17   to the IRS's absolute statutory privilege. (*Id.* at 5–6.) Finally, Defendants argue that

18   Plaintiffs lost their opportunity to argue against the IRS's assertion of privilege when

19   Plaintiffs failed to do so after they received the letter and, instead, waited months to send

20   the August 21, 2020 letter urging the IRS to comply with the Subpoena. (*Id.* at 8.)

21       **III.    Defendants' Supplement to Motion for Reconsideration**

22       Defendants later filed a Supplement to their Motion for Reconsideration, expressing

23   concern over additional undisclosed communications between Plaintiffs and the IRS in

24   which Plaintiffs continued to ask the IRS to comply with the Subpoena. (Doc. 257 at 1–3.)

25   Defendants attach a letter from Plaintiffs to the IRS dated November 25, 2020. (Doc. 257-

26   2.) In this letter, Plaintiffs broadly and erroneously urge the IRS to "produce all responsive

27
28   [1] On February 26, 2021, Magistrate Judge Bowman issued an Order denying Plaintiffs' Motion for Orders Lifting Law Enforcement Investigatory Privilege as to Certain Documents and Dismissing Plaintiffs' Eighth Claim with Prejudice because the discovery deadlines had already been extended. (Doc. 268.)

1   records within thirty (30) days of receipt" despite Defendants' pending Motion for

2   Reconsideration. (*Id.* at 3.) According to Defendants, this letter reveals that Plaintiffs'

3   motive in issuing the Subpoena has always been to circumvent the law enforcement

4   investigatory privilege and obtain privileged documents relating to the fire investigation.

5   (Doc. 257 at 2.)

6          Moreover, Defendants highlight that Plaintiffs received a declaration from IRS

7   Special Agent Gabriel Kornacki acknowledging receipt of certain documents from TPD.

8   (*Id.* at 4; Doc. 257-2 at 10.) Plaintiffs also received a list of these documents. (Doc. 257-2

9   at 12–13.) Defendants assert that these are the same documents Plaintiffs previously

10  obtained via a public records request to TPD. (Doc. 257 at 4.) Therefore, Defendants

11  believe there is no reason Plaintiffs need to continue to seek enforcement of the Subpoena

12  apart from attempting to obtain otherwise privileged documents. (*Id.*)

13         In response, Plaintiffs again reject the assertion that they intentionally hid

14  information. (Doc. 259 at 2.) Instead, Plaintiffs state that they believed Defendants were

15  aware of Plaintiffs' ongoing communication with the IRS because the IRS told Plaintiffs

16  that it would forward all correspondence to Defendants. (*Id.*) Plaintiffs further

17  acknowledge that the documents the IRS obtained from TPD are the same documents they

18  reviewed. (*Id.*) Plaintiffs appear to withdraw their intention to enforce the Subpoena,

19  indicating that "having seen the IRS Declaration, it is a matter of no consequence to the

20  Plaintiffs whether this Court grants or denies the Motion." (*Id.*) Plaintiffs further

21  underscore that any documents from the IRS relating to investigations into alleged financial

22  crimes would be unnecessary now that Plaintiffs have moved to dismiss their eighth claim

23  in their Motion for Orders Lifting Law Enforcement Investigatory Privilege as to Certain

24  Documents and Dismissing Plaintiffs' Eighth Claim with Prejudice. (*Id.* at 3.)

25         Nevertheless, Defendants urge the Court to rule on the instant Motion for

26  Reconsideration because the issue remains "a matter of consequence" to Defendants. (Doc.

27  260 at 2.) First, Defendants remain concerned that Plaintiffs are having undisclosed

28  communication with the IRS. (*Id.*) Further, Defendants do not believe Plaintiffs have

clearly indicated either that the IRS has satisfactorily complied with the Subpoena or that Plaintiffs have withdrawn the Subpoena. (*Id.*) Finally, Defendants contend that "unless and until the subpoena is quashed, there remains a risk to Defendants that their own privileged information will be disclosed . . . and that [Plaintiffs] will continue to abuse their subpoena to the IRS for the improper purpose of conducting criminal discovery . . . ." (*Id.*)

### IV.    Standard of Review

Local Rule of Civil Procedure 7.2(g) provides the standard under which a court reviews a motion for reconsideration. Under LRCiv 7.2(g):

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

It is within the court's discretion whether to grant a motion for reconsideration. *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). A court should only grant a motion for reconsideration in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A court will grant a motion for reconsideration when:

> (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
> (2) There are new material facts that happened *after* the Court's decision;
> (3) There has been a change in the law that was decided or enacted *after* the Court's decision; or
> (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.

1   *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 586 (D. Ariz. 2003)

2   (emphasis in original). Thus, a motion for reconsideration "may not be used to raise

3   arguments or present evidence for the first time when they could reasonably have been

4   raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890

5   (9th Cir. 2000). Moreover, it is improper for a motion for reconsideration to simply repeat

6   an argument previously made in support of or in opposition to a previous motion. *Motorola,*

7   *Inc.*, 215 F.R.D. at 586. The purpose of a motion for reconsideration is not to ask the district

8   court to merely "rethink what the court had already thought through – rightly or wrongly."

9   *Defenders of Wildlife*, 909 F. Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannan*

10   *Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Indeed, mere disagreement with a

11   previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels*

12   *Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

13       **V.     Discussion**

14       Here, the Court finds that there are material differences in fact from those presented

15   to the Court at the time it issued its July 1, 2020 Order, namely the fact that the IRS objected

16   to the Subpoena and asserted statutory privilege over the requested documents under 26

17   U.S.C. § 6103 and 26 C.F.R. §§ 301.9000-1 through 301.9000-7. Moreover, the Court does

18   not believe Defendants could have known about these factual differences through

19   reasonable diligence because Defendants were not involved in the correspondence and only

20   discovered the existence of the January 30, 2020 IRS letter in October 2020 after speaking

21   directly with the IRS's legal counsel.

22       It is also concerning that Plaintiffs did not disclose the existence of the IRS letter

23   and the assertion of statutory privilege contained therein to either Defendants or the Court.

24   Not only did Plaintiffs fail to share this information, they made affirmative statements

25   implying that neither Newgren nor the IRS had objected to the Subpoena, without explicitly

26   revealing the whole truth: the IRS *had* objected, although allegedly not in accordance with

27   Rule 45.

28       The Court is not satisfied with Plaintiffs' explanation as to why they did not disclose

1  the IRS letter. Plaintiffs' explanation parses words more than it exhibits candor. Ethical

2  Rule 3.3(a)(1) of the Arizona Rules of Professional Conduct requires candor to the court

3  and subjects an attorney to possible discipline for "fail[ing] to correct a false statement of

4  material fact or law previously made to the tribunal by the lawyer." Ariz. Rules of Prof'l

5  Conduct ER 3.3. Though Plaintiffs did not expressly made a false statement, they revealed

6  partial information without disclosing the entirety of the relevant facts and thereby created

7  a false impression. In their Response to the Motion to Quash, Plaintiffs stated there were

8  no objections as required by Rule 45. In their Appeal of Magistrate Judge Bowman's Order,

9  Plaintiffs indicated that neither Newgren nor the IRS had asserted a timely or proper

10  objection in accordance with Rule 45. Nowhere in the relevant pleadings did Plaintiffs

11  make clear that the IRS *had* objected and *had* asserted statutory privilege against producing

12  the requested documents.[2]

13        Moreover, the Court finds that Plaintiffs' receipt of a letter in which the IRS asserted

14  statutory privilege over the requested documents is a material fact because it would have

15  affected the Court's decision regarding the Motion to Quash. Although the finding may

16  have remained the same as to the documents over which Defendants asserted law

17  enforcement investigatory privilege, the Court would have granted the Motion to Quash in

18  its entirety given the IRS's statutory privilege to withhold the remaining documents.

19  Defendants persuasively cite *Tri-State Hosp. Supply Corp. v. United States*, 238 F.R.D.

20  102, 109 (D.D.C. 2006) for the proposition that a statute prohibiting disclosure supersedes

21  the Federal Rules of Civil Procedure. Thus, 26 U.S.C. § 6103 and 26 C.F.R. §§ 301.9000-

22  1 through 301.9000-7 create an absolute privilege against the production of the subpoenaed

23  documents. Indeed, Plaintiffs have not put forth any clear argument challenging the IRS's

24  assertion of this privilege. Rather, Plaintiffs now assert that it does not matter to them

25  whether the Court grants this motion because Plaintiffs no longer intend to enforce the

26  Subpoena.

27
28
[2] Furthermore, if Plaintiffs disagreed with the IRS's assertion of privilege, they could have timely notified the IRS, but Plaintiffs instead failed to inform the IRS that they intended to move forward with enforcing the Subpoena until after the Court issued its July 1, 2020 Order.

1    The Court finds that the Motion to Quash should be granted as to all documents.

2 Consequently, the July 1, 2020 Order (Doc. 192) will be vacated to the extent that it denies

3 in part the Motion to Quash.

4    Accordingly,

5    **IT IS ORDERED** that Defendants' Motion for Reconsideration (Doc. 239) is

6 **granted**.

7    **IT IS FURTHER ORDERED** that the Court's July 1, 2020 Order (Doc. 192) is

8 **vacated in part**, to the extent set forth herein.

9    **IT IS FURTHER ORDERED** that Defendants' Motion to Quash Plaintiffs'

10 Subpoena of Robin Newgren and the Internal Revenue Service (Doc. 96) is **granted** as to

11 all documents.

12    Dated this 16th day of March, 2021.

13

14

15

16    _____

17    Honorable Rosemary Márquez
      United States District Judge

18

19

20

21

22

23

24

25

26

27

28