**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greg Moore, et al., | No. CV-19-00290-TUC-RM (LAB) |
| Plaintiffs, | **ORDER** |
| v. | |
| Sean Garnand, et al., | |
| Defendants. | |

On February 26, 2021, Magistrate Judge Leslie A. Bowman issued an Order (Doc. 268) denying Plaintiffs' Motion for Orders Lifting Law Enforcement Investigatory Privilege as to Certain Documents, Dismissing Plaintiffs' Eighth Claim with Prejudice, and Resetting Discovery and Dispositive Motion Deadlines, or, in the Alternative, Setting Deadline for Lifting the Privilege (Doc. 242). Plaintiffs objected to the Magistrate Judge's decision on March 30, 2021. (Doc. 278.)[1] Plaintiffs also requested certification for interlocutory appeal pursuant to 28 U.S.C. §1292(b). (*Id.*) On April 13, 2021, Defendants filed their Response to Plaintiffs' Objection. (Doc. 282.) For the following reasons, the Objection (Doc. 278) will be overruled and Magistrate Judge Bowman's Order (Doc. 268) will be affirmed.

---

[1] The Certificate of Service for Plaintiffs' Objection states that the Objection was filed on March 11, 2021 (Doc. 278 at 12), but the docket indicates it was filed on March 30, 2021. Objections to a magistrate judge's order on a nondispositive matter are due within 14 days after the objecting party is served with a copy of the order. Fed. R. Civ. P. 72(a). Because Defendants do not challenge the Objection on timeliness grounds, the Court will assume the Objection was timely filed.

## I.   Background

Plaintiffs Greg and Patricia Moore filed this action pursuant to 42 U.S.C. § 1983, alleging that between June 8, 2017 and June 14, 2017, Defendants Detective Sean Garnand and Sergeant Dain Salisbury, officials employed by the Tucson Police Department ("TPD"), violated Plaintiffs' constitutional rights when seeking and executing search warrants in connection with an ongoing arson investigation. (Doc. 1 at 4; Doc. 74 at 1; Doc. 84 at 4.) The eighth claim outlined in the Complaint further alleges that Defendants reopened investigations into potential financial crimes by Plaintiffs in retaliation for the filing of the present lawsuit, thereby violating the First Amendment. (Doc. 1 at 21.)

Previously, Defendants successfully asserted the law enforcement investigatory privilege to prohibit disclosure of documents related to the ongoing arson investigation. (Doc. 74 at 4; Doc. 113 at 12.) They argued that the civil action was a pretext to gain access to documents in a criminal investigation. (Doc. 23 at 2.) Defendants outlined the various ways Plaintiffs have tried to gain access to this information, including a special action filed in Pima County Superior Court on March 18, 2019. (Doc. 23 at 2–6; Doc. 92 at 3.) Pima County Superior Court Judge Leslie Miller conducted an *in camera* review of the requested documents and denied Plaintiffs relief. (Doc. 92 at 4.)

On March 24, 2020, this Court overruled Plaintiffs' Objection to Magistrate Judge Bowman's Order (Doc. 74) granting Defendants' Motion to Assert Law Enforcement Investigatory Privilege. (Doc. 113.) The Court found that Magistrate Judge Bowman had correctly applied the standard for assertion of the privilege and correctly declined to conduct an additional *in camera* review of the withheld documents given that the state court had already litigated the issue, reviewed the documents, and denied relief in a final judgment. (Doc. 113 at 5, 11.) The Court also concluded that Plaintiffs "have not demonstrated a factual basis to support a good faith belief that the materials they seek may reveal evidence to establish their claim." (*Id.* at 10.) Therefore, the requested documents remained protected by the law enforcement investigatory privilege. (*Id.* at 13.) The Court recognized that the law enforcement investigatory privilege "does not permit Defendants

1  to indefinitely delay discovery in this case." (*Id.* at 12.) The Court ordered Defendants to provide information to Magistrate Judge Bowman regarding the status of the investigation and the predicted timeline for its completion. (*Id.*; Doc. 154 at 9.) On May 22, 2020, Defendants delivered *in camera* to Magistrate Judge Bowman information regarding a "reasonable terminus" of the ongoing investigation. (Doc. 170.)

On July 1, 2020, Magistrate Judge Bowman issued a revised scheduling order extending the discovery deadlines to December 7, 2020. (Doc. 193.) In light of the impending discovery deadline, Plaintiffs filed their Motion for Orders Lifting Law Enforcement Investigatory Privilege as to Certain Documents, Dismissing Plaintiffs' Eighth Claim with Prejudice, and Resetting Discovery and Dispositive Motion Deadlines, or, in the Alternative, Setting Deadline for Lifting the Privilege. (Doc. 242.) Plaintiffs ask that the law enforcement investigatory privilege be lifted as to the limited set of documents regarding the investigation between June 8, 2017 and June 14, 2017. (*Id.* at 4.) And, with privilege lifted as to these documents, Plaintiffs move to dismiss their eighth claim regarding actions taken after June 14, 2017. (*Id.*) Plaintiffs contend this will streamline the discovery process and permit forward movement in this case. (*Id.* at 8.) They assert that "[t]here can be no legitimate reason why [Defendants] still insist that they are unable to present whatever case they have to a grand jury or admit they lack sufficient evidence to secure charges, and, thus, lack the 'pressing need' for secrecy." (*Id.* at 9.)

In response, Defendants argue the law enforcement investigatory privilege issues have already been litigated and relief has been denied to Plaintiffs. (Doc. 250 at 2–3.) They further contend that Plaintiffs provide no authority for their proposition that the privilege can be lifted as to a certain date range during an ongoing investigation. (*Id.* at 5.) Defendants also renew their assertion that Plaintiffs' attempts to access these documents during civil discovery is a pretext because their true purpose is to obtain criminal discovery. (*Id.* at 6–7.) Finally, they argue that it is irrelevant to the law enforcement investigatory privilege whether Plaintiffs drop their eighth claim. (*Id.* at 12–13.)

. . . .

**II.     Magistrate Judge Bowman's Order and Objections to the Order**

On December 2, 2020, Magistrate Judge Bowman extended the discovery deadline an additional six months to July 7, 2021. (Doc. 253.) Subsequently, on February 26, 2021, Magistrate Judge Bowman issued an Order denying Plaintiffs' Motion for Orders Lifting Law Enforcement Investigatory Privilege as to Certain Documents, Dismissing Plaintiffs' Eighth Claim with Prejudice, and Resetting Discovery and Dispositive Motion Deadlines, or, in the Alternative, Setting Deadline for Lifting the Privilege. (Doc. 268.) The Order explained that, because the discovery deadline had been extended since the time Plaintiffs filed their Motion, and the urgency had thus ben resolved, the Court would not waive the law enforcement investigatory privilege as to certain documents. (*Id.* at 1.) Magistrate Judge Bowman also denied Plaintiffs' conditional request to dismiss their eighth claim, and their request to set a deadline for lifting the privilege entirely. (*Id.*)

Plaintiffs object to the Order, arguing: (1) "the Magistrate Judge committed clear error in not granting the lifting of the [law enforcement investigatory privilege] on the limited documents relevant to the first seven (7) days of the investigation"; (2) the Magistrate Judge committed clear error "in not ordering the dismissal of the Eighth Claim"; and (3) "the facts clearly require that this Court issue its Order setting a reasonable deadline – say ninety (90) days hence – at which time the [law enforcement investigatory privilege] will be lifted as to all investigation." (Doc. 278 at 3.) Plaintiffs assert that Defendants are violating due process by indefinitely delaying disclosure of the requested documents. (*Id.* at 10.)

Defendants respond that Plaintiffs' Objection does not demonstrate how Magistrate Judge Bowman committed clear error. (Doc. 282.) Rather, Defendants argue that Plaintiffs are repeating the same arguments they presented to Magistrate Judge Bowman in their underlying Motion (Doc. 242) in an improper attempt to relitigate issues before this Court. (Doc. 282 at 2–3.) Defendants contend that Plaintiffs have made no showing of a substantial need to justify lifting the law enforcement investigatory privilege. (*Id.* at 5.) They further assert that Plaintiffs cite no authority supporting the limited lifting of the

privilege to a certain date range, and that "[t]he presence or absence of [Plaintiffs'] Eighth Claim has nothing to do with the extent to which [the law enforcement investigatory privilege] should, or should not, apply to the open criminal investigation file." (*Id.*)

### III. Standard of Review

A district judge may designate a magistrate judge to hear and determine certain pretrial matters. 28 U.S.C. § 636(b)(1)(A). The district judge may reconsider any referred pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*; *see also* Fed. R. Civ. P. 72(a). "The clearly erroneous standard, which applies to a magistrate judge's findings of fact, is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Jones v. Corr. Corp. of Am.*, No. CIV 10-2769-PHX-RCB (JRI), 2011 WL 1706838, at *4 (D. Ariz. 2011). The clearly erroneous standard requires the court to determine "if there is any evidence to support the magistrate judge's finding and that the finding was reasonable." *Darjee v. Betlach*, No. CV-16-00489-TUC-RM (DTF), 2018 WL 4214438, at *12 (D. Ariz. 2018). The contrary to law standard "permits independent review of purely legal determinations by the magistrate judge." *Jones*, 2011 WL 1706838, at *4.

### IV. Discussion

#### A. Limited Lifting of the Law Enforcement Investigatory Privilege

This Court finds that the Magistrate Judge did not commit clear error when she denied lifting the law enforcement investigatory privilege as to certain documents. Indeed, Plaintiffs do not cite any authority that supports their position that the privilege can or should be lifted as to certain portions of an otherwise ongoing investigation. Furthermore, the Court has already ruled that Defendants successfully asserted the law enforcement investigatory privilege to prohibit disclosure of documents related to the ongoing arson investigation and took steps to protect Plaintiff's due process rights as that investigation progresses. (*See* Doc. 113.) Plaintiffs' efforts to relitigate the same issue before this Court—albeit in a slightly different form—is not well-taken. Moreover, as the Court also previously stated, Plaintiffs have not demonstrated "how discovery of the criminal

investigation documents is reasonably calculated to lead to the discovery of admissible evidence." (*Id.* at 10.) In the absence of authority to the contrary, the Court cannot conclude that the important policies underpinning the law enforcement investigatory privilege must give way if the Court limits disclosure to a certain period of an otherwise ongoing investigation. Thus, Magistrate Judge Bowman correctly denied lifting the privilege as to documents relating to June 8, 2017 through June 14, 2017.

### B. Dismissal of Plaintiffs' Eighth Claim

Second, the Court finds that the Magistrate Judge did not commit clear error by not dismissing Plaintiffs' eighth claim. Plaintiffs move to dismiss the claim with prejudice contingent upon the limited lifting of the law enforcement investigatory privilege as to documents from June 8, 2017 through June 14, 2017. (Doc. 242 at 4, 8.) As explained above, there is no authority to support the limited lifting of the privilege. Plaintiffs essentially propose giving up their eighth claim in return for additional discovery, but attempting to barter with the Court to obtain a desired outcome is inappropriate. Magistrate Judge Bowman correctly denied dismissal of Plaintiffs' eighth claim.

### C. Deadline to Lift Law Enforcement Investigatory Privilege

The Court further finds that the Magistrate Judge did not commit clear error by not setting a deadline for lifting the law enforcement investigatory privilege as to the entire investigation. This Court previously recognized that the law enforcement investigatory privilege prevents the disclosure of documents in an ongoing investigation upon a sufficient showing by the party asserting the privilege. (Doc. 113 at 6–7.)  The party asserting the privilege has the burden to establish three elements: (1) a formal claim of privilege by the head of the department with control over the requested information; (2) the assertion of the privilege must be based on personal consideration by that official; and (3) the information for which the privilege is claimed must be specified with an explanation as to why it falls within the scope of the privilege." *Torres v. Goddard*, 2010 WL 3023272, at 8 (D. Ariz. 2010) (citing *U.S. ex rel. Burroughs v. DeNardi Corp.*, 167 F.R.D. 680, 687 (S.D. Cal. 1996)). "To invoke the privilege, the official claiming the privilege must have

seen and considered the contents of the documents and himself have formed the view that on grounds of public interest they ought not to be produced and state with specificity the rationale of the claimed privilege." *Id.* (citing *Kerr v. United States Dist. Court for N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir.1975)). Upon reviewing the parties' arguments and the record, the Court found that Magistrate Judge Bowman correctly concluded that the privilege applied in this case. (Doc. 113 at 8–9.) Despite contending that "there can be no legitimate reason" for the ongoing need for secrecy in the investigation, Plaintiffs have not shown that this privilege no longer applies to the investigation, nor have they presented any change in fact, law, or circumstances that could support reconsideration of the Court's prior Order finding that the law enforcement investigatory privilege applies in this case. (Doc. 113); *see also* LRCiv 7.2(g). Plaintiffs do not cite any authority supporting their proposition that the Court should set a 90-day deadline for the lifting of all privilege. (Doc. 242 at 9.)

### D.  28 U.S.C. § 1292(b) Motion

In their Objection, Plaintiffs also move for an order pursuant to 28 U.S.C. § 1292(b) for immediate interlocutory appeal. (Doc. 278 at 11.) Defendants argue that any such motion is premature. (Doc. 282 at 7.) And, even if it were not premature, Defendants contend that Plaintiffs fail to cite authority supporting an immediate appeal in this case and fail to identify (1) a controlling question of law, (2) a substantial ground for difference of opinion, and (3) how the appeal would materially advance the ultimate termination of the litigation. (*Id.* at 7–8.)

Section 1292(b) provides in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

Plaintiffs argue that, if the Court does not lift the law enforcement investigatory privilege or set a deadline to do so, this case will have "no end in sight" and "an immediate appeal can only have the effect of materially advancing the ultimate termination." (Doc. 278 at 11.) They do not, however, identify the controlling question of law at issue or a substantial ground for difference of opinion. Furthermore, the Court disagrees that there no end in sight for this case. As previously stated, Defendants have, in accordance with this Court's Order, provided a status update to the Magistrate Judge regarding a "reasonable terminus" for the investigation. (Doc. 170.) Discovery in this matter is ongoing and the discovery deadline has been set for July 7, 2021. (Doc. 253.) As Plaintiffs have not met the standard set forth in 28 U.S.C. § 1292(b), the Court will deny Plaintiffs' request for certification for an immediate interlocutory appeal.

Accordingly,

**IT IS ORDERED** that Plaintiff's Objection (Doc. 278) is **overruled**, and Magistrate Judge Bowman's Order (Doc. 268) is **affirmed**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for an Immediate Appeal Order Pursuant to 28 U.S.C. § 1292(b) (Doc. 278) is **denied.**

**Dated this 28th day of April, 2021.**

_____
Honorable Rosemary Márquez
United States District Judge