WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greg Moore; et al., | No. CV 19-00290 TUC RM (LAB) |
| Plaintiffs, | **ORDER** |
| v. | |
| Sean Garnand; et al., | |
| Defendants. | |

Pending before the Court is the defendant's motion, filed on February 4, 2021, to strike the plaintiff's deposition corrections. (Doc. 264) Plaintiffs filed a response on February 18, 2021. (Doc. 266) Defendants filed a reply on February 24, 2021. (Doc. 267)

Defendant's motion asks the Court to strike Patricia Moore's attempted corrections to her deposition transcript. After Patricia Moore's deposition, Plaintiffs submitted an errata sheet changing several of the answers she had offered in deposition. Defendants contend that these changes violate Rule 30(e) because they are contradictions of or additions to her testimony at issue, are shams to avoid summary judgment, and were made

for strategic litigation reasons, rather than to correct transcription errors or for other valid purposes. (Doc. 264, p. 4) Additionally, Defendants assert that the correction sheet should be stricken for untimeliness, having been received by defense counsel beyond the 30-day deadline. (Doc. 264, p. 3)

The Court has reviewed the motion, reply, response, and proposed changes. Preliminarily, the Court disagrees with Defendant's assertions that the errata sheet was untimely submitted in violation of Rule 30(e). On the merits, the Court finds most of the changes are not proper corrections falling within Rule 30(e). Rather, they are attempts to substantively alter or contradict deposition testimony on critical issues of fact. However, three of the proposed changes are accepted as valid typographical or clerical corrections. Defendants' Motion will thus be GRANTED in PART.

**I.    DISCUSSION**

On July 31, 2020, Defendants took the deposition of Plaintiff Patricia Moore, during which attorney Michael Moore requested to review the transcript. (Doc. 264, p. 2) The court reporter's affidavit noted the request and stated that the deposition transcript was available for review and signature on August 17, 2020. (*Id.*) On November 3, 2020, defendants received an undated correction sheet signed by Patricia Moore, 81 days after the transcript was made available. (Doc. 264, p. 3) Defendants argue that the errata sheet should be stricken as untimely, having received the corrections 51 days beyond Rule 30(e)'s 30-day deadline for submitting corrections. (*Id.*)

Fed.R.Civ.P. 30(e) states:

> (1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> > (A) to review the transcript or recording; and
> >
> > (B) if there are changes in form or substance, to sign a statement listing the changes and the reason for making them.
>
> (2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

Fed. R. Civ. P. 30(e).

Plaintiffs argue that the errata sheet was submitted to the court reporter on September 4, 2020 via the U.S. Postal Service, in advance of the 30-day deadline on September 14, 2020. (Doc. 266, p. 2) In an email dated September 3, 2020, Patricia Moore sent a signed errata sheet to her attorney's paralegal, Tricia Jochum and said, "will mail a copy to K. Fink [the court reporter]." (Doc. 266-4, p. 7) The court reporter was unable to provide the exact date the errata sheet was received, but confirmed it was received in a timely manner. (Doc. 266-4, p. 9) Plaintiffs further contend that Rule 30(e) does not oblige the deponent to serve the errata on the opposing party, instead leaving it to the reporter. (Doc. 266, p. 2)

The fact that Defendants received the errata sheet on November 3, 2020 does not establish that the errata sheet was submitted late to the court reporter, only that the court reporter did not submit the documents until that later date. The signed errata sheet submitted to Tricia Jochum on September 3, 2020 indicates it was likely completed within

the 30-day requirement. While there is no evidence to corroborate the actual date the errata sheet was mailed to or received by the court reporter, the court accepts the confirmation from the court reporter that it was received in a timely manner according to Rule 30(e). (Doc. 266-4, p. 9) As an initial matter, the Court will not deny the motion as untimely.

Defendants further contend that the errata sheet should be stricken as violating Rule 30(e) because the corrections are "(1) prohibited contradictions of or additions to her deposition testimony; and/or (2) shams to avoid summary judgment; and/or (3) changes for 'strategic purposes.'" (Doc. 264, p. 4)

In response, Plaintiffs argue that: (1) the errata complies with Rule 30(e)(1)(B) with changes made to form or substance; (2) the defendants failed to establish that the errata was submitted in a sham effort to create material issues of fact on summary judgment motions that defendants have not yet filed; and (3) none of the corrections contradict any specific yes or no answers. (Doc. 266)

Under Rule 30(e), a deponent may make changes "in form or substance" after reviewing the deposition transcript. Fed.R.Civ.P. The Ninth Circuit addressed the scope of the rule in *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.,* 397 F.3d 1217, 1226 (9th Cir. 2005), and held that "Rule 30(e) is to be used for corrective, and not contradictory, changes." In *Hambleton,* the witness attempted to modify answers like "I don't know" into substantive responses alleging new facts. *Hambleton Bros.,* 397 F.3d at 1225. The court found that the corrections were "clearly altered" to allege new facts. *Id.*

The Court finds several of the corrections asserted in the errata at issue to be akin to those discussed in *Hambleton*. The contested errata sheet makes multiple attempts to

contradict Patricia Moore's deposition testimony. For example, the errata sheet seeks to change the name Mike Hornisher to James Wadleigh, because deponent Patricia Moore claims she mis-spoke as to who had given Greg Moore the advice not to talk to the police officers.[1] (Doc 264-2, p. 32)

Three other corrections change the original "[n]o" responses to: "I believe Defendant was punishing me by taking the CVS work computer after I told him how important it was for me to do my job…",[2] "I learned later that James Wadleigh and Mike Hornisher spoke on the phone with Greg after Greg was released from the police station the evening of June, 9, 2017,"[3] and "I had learned he gave my personal email to SF because he had no way to email them.…"[4] (Doc. 264-2, p. 33-36) The errata sheet also changes "[y]es" to "I don't know,"[5] and "[t]o the best of my knowledge" to "[n]o, it doesn't include my first visit to Dr. Katz on 10/17/18."[6] (Doc. 264-2, p. 35)

When verifying an earlier statement that her cell phone had been not seized, Patricia Moore initially says, "That is correct." (Doc. 264-2, p. 25) However, the errata sheet changes the affirmative response to say, "I was told I could not call Greg on my cell at the outset of the search. Later in the house the defendant took my phone, scrolled through it

---

[1] The plaintiff's errata sheet incorrectly lists this change as "37:7," but is actually "35:7." (Doc. 264-2, p. 32); Change 1

[2] Change 6

[3] Change 7

[4] Change 18

[5] Change 12

[6] Change 13

- 5 -

and held it on his person for about 30 minutes. He later returned it to me. I don't believe he had any right to take my phone."[7] (Doc. 264-2, p. 36)

In another contradiction, Patricia Moore modifies the original statement, "If – if I was talking to the female and he slipped out and I didn't notice it, I suppose that's possible" by adding, "However, I was never left alone."[8] (Doc. 264-2, p. 37)

Lastly, the deponent claims she "didn't think of [her] review of the SF documents and what [she] learned from them" when asked if she had personally looked into anything having to do with the Forgeus fire. (Doc. 264-2, p. 33, Doc. 291-1, p. 5) Initially, she responds, "I read the documents from the TPD report, yes." (Doc 291-1, p. 5) When asked, "Other than that, did you do anything?," she says, "No." (*Id.*) The errata sheet substantially adds new information discovered through the SF reports, despite her discussing only looking into TPD reports in her original statement.[9]

These changes seem to be a paradigmatic example of a "contradictory" change beyond the scope of Rule 30(e). A deponent is not supposed to return home and, after the benefit of calm reflection, compose the best answer to the attorney's questions. Otherwise, it would be an expensive interrogatory. *See Hambleton Bros.,* 397 F.3d at 1225 (*quoting Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n. 5 (10th Cir. 2002)). Furthermore, many of the changes are submitted without a satisfying rationale, merely stating

---

[7] Change 19

[8] The plaintiff's errata sheet incorrectly lists this change as "183:8," but is actually "182:8." (Doc. 264-2, p. 37); Change 22

[9] Change 8

- 6 -

"clarification" as the reason for change. (Doc. 264-2) The court concludes that changes 1, 6, 7, 8, 12, 13, 18, 19, and 22 are contradictory and not justified by a sufficient reason.

There are also several attempts in the errata sheet to provide explanations and to expand on responses. Patricia Moore attempts to add new information to her original statements for supposed clarification reasons. For example, she initially says, "I was told to sit down when I paced. I asked—" and now adds "I asked if I could go with the officer who swept the house. I was told I have no rights. I was told twice by the TPD officers I have no rights."[10] (Doc. 264-2, p. 32) Another states, "He never told me that," to which she adds, "but he also never told me I was free to leave."[11] (*Id.*) She corrects, "No" to "No, but no other officer ever told me I was free to leave."[12] (*Id.*)

In another correction due to "misunderstanding," deponent adds "as the lawyers use it" to the end of her statement: "I don't really understand what you mean by…arrest."[13] (Doc. 264-2, p. 32) Patricia Moore also claims she misspoke when answering about her stress level, "It was supposed to improve until I found out there was an ongoing criminal investigation." (Doc. 264-2, p. 35; Doc. 266-5, p. 30) She changes this statement to: "I believed my mental, emotional and physical conditions would improve after I terminated with CVS. These did not improve. My stress increased."[14] (Doc. 264-2, p. 35)

---

[10] Change 3
[11] Change 4
[12] Change 5
[13] Change 2
[14] Change 16

Another clarification-based correction expands on "I never went to him for this" to "I never went to him for this issue because I knew my problems were not something he could help me with."[15] (Doc. 264-2, p. 34) Similarly, she corrects, "But I don't go to him" to "I wouldn't go to him with problems I had as he would not be able to help me."[16] (Doc. 264-2, p. 35) One correction seeks to clarify, "They're monitoring it" to "Yes, palpitations. The cardiologist is monitoring it."[17] (*Id.*) Another modifies "Correct" to "Correct, there were two and a half hours worth of audio but numerous conversations that are not on the audio."[18] (Doc. 264-2, p. 36) She adds, "I have no idea what or how many documents were seized" to her statement, "No, I do not know what property was taken."[19] (Doc. 264-2, p.37) The additional information provided in these statements do not clarify responses to the actual question asked, instead offering new facts to her testimony.

Defendants move to strike these attempted corrections as violating Rule 30(e) for the purpose of creating sham fact issues to avoid summary judgment or to make Defendants' use of Patricia Moore's deposition more difficult. (Doc. 264, p. 1) Plaintiffs argue that the defendants failed to establish that the errata sheet was submitted in a sham effort to create material issues of fact on summary judgment motions. (Doc. 266, p. 7) The plaintiffs emphasize that summary judgment motions have not even yet been filed by

---

[15] Change 10
[16] Change 11
[17] Change 15
[18] Change 20
[19] Change 21

Defendants. (*Id.*) However, this court does not believe that a pending motion for summary judgment is a requirement for finding that a party's changes are being made for strategic purposes.

The Court agrees with Defendant that the aforementioned corrections should be stricken as violative of Rule 30(e). The attempted corrections reflect "artful responses," which unfairly avoid the follow up questions that could be asked at the deposition by the opposing attorney. Furthermore, the corrections add substantially new information to Mrs. Moore's testimony, making them improper. The Court concludes the attempted changes 2, 3, 4, 5, 10, 11, 15, 16, 20, and 21 should be stricken.

Lastly, Plaintiffs submit minor typographical or clerical revisions. One changes "2 to 500 a week" to "$200 to $500 a week."[20] (Doc. 264-2, p. 34) The years 2019 and 2020 are added to clarify dates in the statement, "April 2019 because I've been so concerned. It was a little better until June 2020 and it then went off the charts."[21] (Doc. 264-2, p. 35) Another corrects "compete" to "complete."[22] (Doc. 264-2, p. 36) Changes 9, 14, and 17 are reasonable corrections and accepted by the Court.

## II. CONCLUSION

IT IS ORDERED that the defendant's motion to strike the plaintiff's deposition

---

[20] Change 9

[21] Change 14

[22] Change 17

corrections, filed on February 4, 2021 is GRANTED in PART. (Doc. 264) Patricia Moore's deposition changes, except 9, 14, and 17, are STRICKEN.

Dated this 15th day of July, 2021.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge