**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greg Moore, et al., | No. CV-19-00290-TUC-RM (LAB) |
| Plaintiffs, | **ORDER** |
| v. | |
| Sean Garnand, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion for Recusal/Disqualification, which seeks the undersigned's recusal pursuant to 28 U.S.C. § 455. (Doc. 298.) The Motion is fully briefed. (Docs. 299, 301.) Also pending is Defendants' Motion for Leave to Deliver *Ex Parte* and *In Camera* Supplement (Doc. 302), to which Plaintiffs responded (Doc. 303).

**I.     Background**

Plaintiffs initiated this action on May 24, 2019. (Doc. 1.) As alleged in Plaintiffs' Complaint, at all relevant times Defendant Sean Garnand was a Detective employed by the City of Tucson Police Department ("TPD"), Defendant Dain Salisbury was a TPD Sergeant, and Plaintiff Greg Moore was the President of a company that, among other activities, managed the Forgeus Apartments. (*Id.* at 3-5 ¶¶ 4-5, 12.) On June 8, 2017, the Forgeus Apartments were destroyed in a fire suspected to be arson. (*Id.* at 5-6 ¶ 14, 19, 21.) Plaintiffs assert claims under 42 U.S.C. § 1983 alleging First and Fourth Amendment violations arising from Defendants' investigation of Plaintiffs in connection

with the fire.  (*Id.* at 4-22 ¶¶ 10-81, 89-92; *see also* Doc. 38.)

This case was originally assigned to District Judge Cindy K. Jorgenson (Doc. 2), but it was randomly reassigned to Magistrate Judge Leslie A. Bowman after Judge Jorgenson recused herself (Doc. 6).  The case was assigned to the undersigned after a party elected assignment to a district judge.  (Docs. 12, 15.)  Pursuant to the undersigned's standard procedures, the case was referred to Magistrate Judge Bowman for all pretrial proceedings and Report and Recommendation.  (Doc. 16.)[1]

On September 24, 2019, Defendants filed a Motion asserting the law enforcement investigatory privilege and requesting a stay of discovery.  (Doc. 23.)  Magistrate Judge Bowman found that the law enforcement investigatory privilege is applicable and she accordingly stayed discovery of TPD's arson investigation files for the Forgeus Apartments. (Doc. 74.)  Plaintiffs appealed to the district court (Doc. 84), and this Court affirmed Magistrate Judge Bowman's Order but noted that "application of the law enforcement investigatory privilege does not permit Defendants to indefinitely delay discovery in this case," and that "[a] civil litigant has a right to a reasonably prompt determination of her claims."  (Doc. 113 at 12-13 (internal quotation marks omitted).)  Accordingly, this Court ordered Defendants to provide to Magistrate Judge Bowman for *in camera* review a detailed report on the status of the criminal investigation into the Forgeus Apartment fires, as well as a predicted timeline for completion of the investigation.  (*Id.*)  Plaintiffs moved for reconsideration (Doc. 120) and clarification (Doc. 134).  This Court denied the Motion for Reconsideration but partially granted the Motion for Clarification and ordered Defendants to provide to Magistrate Judge Bowman for *in camera* review an anticipated reasonable terminus of the ongoing criminal investigation of Plaintiffs.  (Doc. 154 at 9-10.)  The Court directed Magistrate Judge Bowman to consider Defendants' *in camera* submissions "to ensure that Plaintiffs' claims in this action are litigated consistent with their due process rights and applicable

---

[1] On November 5, 2021, the case was reassigned to Judge John C. Hinderaker after his appointment to the bench, but the case was reassigned back to the undersigned after Judge Hinderaker recused himself.  (Doc. 248.)

case law, including ascertaining a reasonable terminus to Defendants' criminal investigation of Plaintiffs and adjusting the discovery schedule accordingly." (*Id.* at 10.)

Magistrate Judge Bowman's most recently revised Scheduling Order sets a discovery deadline of February 9, 2022 and a dispositive motion deadline of March 9, 2022. (Doc. 289.) Prior to the issuance of that revised Scheduling Order, Defendants filed a Motion for Leave to File Motion for Summary Judgment in Excess of 17 Pages (Doc. 274) and a Motion to Stay Discovery Pending Resolution of Motion for Summary Judgment (Doc. 279). Those Motions are referred to Magistrate Judge Bowman and remain pending. Also referred to Magistrate Judge Bowman and pending is a Motion to Compel Deposition Appearance and Testimony of TPD Officers Edwin Arnaud and Matthew Stoner (Doc. 294), filed by Plaintiffs on August 4, 2021.

## II.     Motion for Recusal

Plaintiffs argue in their Motion for Recusal that an appearance of bias exists due to this Court's rulings regarding the law enforcement investigatory privilege, delay in these proceedings, and the undersigned's "close, personal association with the Mayor of the City of Tucson, Regina Romero." (Doc. 298.) Plaintiffs argue that the relationship between the undersigned and Mayor Romero warrants recusal because the City of Tucson employs the defendants in this case. (*Id.* at 10.) Plaintiffs attach to their Motion a Declaration of Greg Moore, who avers that during the course of this litigation, he learned that members of the undersigned's family gave money to Mayor Romero's mayoral campaign and that the undersigned administered oaths of office to Mayor Romero in 2015 and 2019. (Doc. 298-1 at 3.)

Defendants filed a Response arguing that the Motion for Recusal should be denied as untimely and without merit. (Doc. 299.) Defendants argue that the Motion is untimely because Plaintiffs knew of the undersigned's connection to Mayor Romero at least since 2019 but waited to move for recusal until after the Court ruled against them regarding application of the law enforcement investigatory privilege. (*Id.* at 2-3.) Defendants also argue that the Motion for Recusal lacks merit because there is no evidence that the

undersigned holds deep-seated favoritism or antagonism and the undersigned's connection to Mayor Romero is insufficient to support recusal. (*Id.* at 4-6.)

In Reply, Plaintiffs argue that they did not conclude that the undersigned was impartial until Defendants' procedural Motion for Leave to File Motion for Summary Judgment in Excess of 17 Pages had languished without a ruling and Magistrate Judge Bowman had *sua sponte* extended the discovery deadline an additional six months. (Doc. 301 at 2.) Plaintiffs indicate it was not until that point that they began to research possible grounds for seeking the undersigned's recusal and thereby learned of the undersigned's connection to Mayor Romero. (*See id.* at 1-2.)

### A. Legal Standard

Under 28 U.S.C. § 455(a),[2] a judge "shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a).[3] Section 455(a) requires an objective inquiry: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might be questioned." *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983). The analysis focuses on "how things appear to the well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person." *Matter of Mason*, 916 F.2d 384, 386 (7th Cir. 1990).

### B. Timeliness

Courts have read a timeliness requirement into section 455. *United States v. Rogers*, 119 F.3d 1377, 1380 (9th Cir. 1997). "'[G]ranting a motion to recuse many months after an action has been filed wastes judicial resources and encourages manipulation of the judicial process.'" *United States v. Sierra P. Indus.*, 759 F. Supp. 2d

---

[2] Pursuant to 28 U.S.C. § 144, when a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. Absent good cause for delay, such an affidavit must be filed "not less than ten days before the beginning of the term at which the proceeding is to be heard." *Id.* It does not appear that Plaintiffs are seeking relief under § 144; to the extent they are, the Motion is untimely under § 144.

[3] A judge is also required to recuse herself under specific circumstances specified in 28 U.S.C. § 455(b)(1)-(5), but Plaintiffs do not argue that any of those circumstances are applicable here, and the Court finds that they are not.

1198, 1206 (E.D. Cal. 2010) (quoting *Willner v. Univ. of Kansas*, 848 F.2d 1023, 1029 (10th Cir.1988)). "[A] party having information that raises a possible ground for disqualification cannot wait until after an unfavorable judgment before bringing the information to the court's attention." *Rogers*, 119 F.3d at 1380.

The current action has been pending for approximately 2.5 years. Plaintiffs aver that they did not discover this Court's connection to Mayor Romero until recently, but they could have discovered it at least since 2019, when the local newspaper published an article noting that the undersigned delivered Mayor Romero's oath of office. Plaintiffs filed their Motion for Recusal only after adverse rulings regarding the law enforcement investigatory privilege, and they candidly indicate that they began to investigate potential grounds for recusal due to dissatisfaction with the Court's management of this case. Plaintiffs attempt to seek the undersigned's recusal due to their dissatisfaction with judicial rulings and judicial management of this case constitutes an attempt at strategic manipulation of the judicial process that is not to be encouraged. The Court finds that Plaintiffs' Motion for Recusal is untimely.

### C. Merits

Even if the Motion for Recusal were timely, the undersigned finds that recusal in the above-captioned matter is not appropriate. In their Motion for Recusal, Plaintiffs primarily focus on their dissatisfaction with the Court's rulings on the law enforcement investigatory privilege and the delay that application of that privilege has caused in this case. (Doc. 298 at 1-8, 10.) "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "Almost invariably, they are proper grounds for appeal, not for recusal." *Id.* "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* The Court's rulings in this matter do not display a deep-seated favoritism or antagonism toward either party. The Court also notes that

many of the rulings that Plaintiffs complain of were made by Magistrate Judge Bowman rather than the undersigned.

In addition to complaining about judicial rulings and judicial management of the above-captioned case, Plaintiffs argue that recusal is required due to the undersigned's connection to Mayor Romero. (Doc. 298 at 8, 10.) A judge's recusal is required based on the familial relationships described in 28 U.S.C. § 455(b)(5) and where the degree of a personal relationship prevents the judge from being impartial or would cause a reasonable person to question the judge's impartiality. *Id.* "The more insignificant the relationship and the greater the temporal distance between contacts, the less likely it is that a judge's impartiality can reasonably be questioned." *United States ex rel. Cafasso v. General Dynamics C4 Sys., Inc.*, 2008 WL 169636, *5 (Jan. 16, 2008). "Reasonable, well-informed observers of the federal judiciary understand that judges with political friends or supporters regularly cast partisan interests aside and resolve cases on the facts and law." *Matter of Mason*, 916 F.2d 384, 387 (7th Cir. 1990). The undersigned is unaware of any family members who donated to Mayor Romero's mayoral campaign. Even if family members did donate, and even though this Court administered Mayor Romero's oath of office, the connections between the undersigned and Mayor Romero, and between Mayor Romero and this case, are too attenuated to require recusal. *See McWhorter v. City of Birmingham*, 906 F.2d 674, 678-79 (11th Cir. 1990) (finding district court did not abuse discretion in denying recusal motion based on friendship with Mayor of Birmingham where Mayor was neither a party nor a witness in the case, because the Mayor's "connection with the City [was] insufficient to create the appearance of impropriety").

The undersigned finds that recusal in this matter is not appropriate and therefore will deny Plaintiffs' Motion for Recusal.[4]

---

[4] Plaintiffs also note in their Motion for Recusal that two other district judges—Judge Jorgenson and Judge Hinderaker—recused themselves from this case without specifying the reasons for their recusal. (Doc. 298 at 2-3, 10.) The fact that two other judges had conflicts requiring recusal from this matter has no bearing on whether the undersigned's recusal is appropriate.

- 6 -

### IV. Case Delay and Motion to Deliver Supplement

The Court shares Plaintiffs' concerns regarding delay in this case. The delay stems from the application of the law enforcement investigatory privilege, the ongoing criminal investigation of Plaintiffs, and the due process concerns that would arise from requiring Plaintiffs to litigate dispositive motions while evidence is shielded by the law enforcement investigatory privilege. As this Court previously found, Plaintiffs have a right to a reasonably prompt determination of their claims, and application of the law enforcement investigatory privilege does not justify indefinite delay in these proceedings. (Doc. 113 at 12.) Magistrate Judge Bowman previously found that a protective order would not mitigate the risk of harm justifying application of the law enforcement investigatory privilege because Plaintiffs are the target of an ongoing investigation. (Doc. 74 at 3.) But the Forgeus Fire occurred nearly 4.5 years ago. Defendants have had a lengthy period of time to complete their investigation. Given the length of time Defendants' investigation and this action have been pending, the Court is considering requiring disclosure under a protective order of relevant matters previously shielded by the law enforcement investigatory privilege. However, before lifting the privilege, the Court will allow Defendants to deliver an *ex parte* and *in camera* supplement regarding the status of their investigation. (*See* Doc. 302.) The Court agrees with Plaintiffs that the *ex parte* supplement should be delivered to the undersigned's chambers. (*See* Doc. 303.)

**IT IS ORDERED** that Plaintiffs' Motion for Recusal (Doc. 298) is **denied**.

**IT IS FURTHER ORDERD** that Defendants' Motion for Leave to Deliver *Ex Parte* and *In Camera* Supplement (Doc. 302) is **granted**. Defendants shall deliver a supplement regarding the status of their criminal investigation to Judge Rosemary Márquez's chambers for *in camera* review within **seven (7) days** of the date this Order is filed.

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that the reference to Magistrate Judge Bowman (Doc. 16) is withdrawn solely with respect to resolution of Plaintiffs' Motion for Recusal and *in camera* review of Defendants' *ex parte* supplement. The above-captioned case otherwise remains referred to Magistrate Judge Bowman for all pretrial proceedings and report and recommendation. Magistrate Judge Bowman is directed to promptly resolve the other Motions pending in this action (Docs. 274, 279, 294).

Dated this 29th day of November, 2021.

_____
Honorable Rosemary Márquez
United States District Judge