**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greg Moore, et al., | No. CV-19-00290-TUC-RM (LAB) |
| Plaintiffs, | **ORDER** |
| v. | |
| Sean Garnand, et al., | |
| Defendants. | |

On January 13, 2022, Plaintiffs Greg and Patricia Moore filed a "Motion for Orders (1) Removing United States Magistrate Judge from this Case; (2) Setting an Immediate Hearing on All Pending Motions; and (3) Ruling Expeditiously on All Pending Motions." (Doc. 336.) Defendants responded in opposition. (Doc. 346.) Plaintiffs did not file a reply, and the deadline for doing so has expired.

**I.    Background**

Plaintiffs initiated this 42 U.S.C. § 1983 action on May 24, 2019, alleging First and Fourth Amendment violations arising from Defendants' investigation of Plaintiffs in connection with suspected arson at the Forgeus Apartments. (Doc. 1.) On July 22, 2019, the undersigned referred the case to Magistrate Judge Leslie A. Bowman for all pretrial proceedings and Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). (Doc. 16.)

On December 13, 2019, Magistrate Judge Bowman found that the law enforcement investigatory privilege was applicable to the Tucson Police Department's

("TPD") arson investigation files for the Forgeus Apartments. (Doc. 74.) This Court affirmed Magistrate Judge Bowman's Order but required Defendants to submit for *in camera* review a report on the status of the criminal investigation into Plaintiffs' potential involvement in the Forgeus Apartment fire and an anticipated reasonable terminus of the investigation. (Docs. 113, 154.) The Court directed Magistrate Judge Bowman to consider Defendants' *in camera* submissions "to ensure that Plaintiffs' claims in this action are litigated consistent with their due process rights and applicable case law, including ascertaining a reasonable terminus to Defendants' criminal investigation of Plaintiffs and adjusting the discovery schedule accordingly." (Doc. 154 at 10.)

On October 15, 2021, Plaintiffs filed a Motion for Recusal/Disqualification, which sought the undersigned's recusal pursuant to 28 U.S.C. § 455. (Doc. 298.) In that Motion, Plaintiffs complained, in part, about this Court's rulings regarding the law enforcement investigatory privilege and delay in these proceedings. (*Id.*) The Court denied the Motion, finding that it was untimely and failed to present grounds warranting recusal. (Doc. 304.) However, the Court noted that it shared Plaintiffs' concerns regarding delay in these proceedings, and it ordered Defendants to submit a further *ex parte* supplement regarding the status of TPD's criminal investigation. (*Id.* at 7.) After reviewing Defendants' *ex parte* supplement, the Court lifted the application of the law enforcement investigatory privilege to TPD files related to TPD's investigation of Plaintiffs. (Doc. 306.)

This case remains referred to Magistrate Judge Bowman for all pretrial proceedings and Report and Recommendation. (Doc. 306.)

**II.   Discussion**

In their "Motion for Orders (1) Removing United States Magistrate Judge from this Case; (2) Setting an Immediate Hearing on All Pending Motions; and (3) Ruling Expeditiously on All Pending Motions," Plaintiffs argue that the Court's power to appoint a magistrate judge under 28 U.S.C. § 636(b)(1)(A) "necessarily includes the power to remove" an appointed magistrate judge from a case, and that Magistrate Judge

Bowman's delay in ruling on pending motions warrants her removal from this case. (Doc. 336.)

In their Response, Defendants argue that Plaintiffs' Motion should be denied for lack of jurisdiction because Plaintiffs cite no authority in support of their proposition that 28 U.S.C. § 636(b)(1)(A) authorizes a magistrate judge's removal. (Doc. 346 at 3-4.) Defendants argue that the correct analytical framework for Plaintiffs' requested relief is recusal or disqualification under 28 U.S.C. §§ 144 and 455; they further argue that Plaintiffs did not provide the affidavit required under § 144, that a motion under § 455 is untimely, and that there are no grounds warranting Magistrate Judge Bowman's recusal or disqualification. (*Id.* at 4-9.)

Plaintiffs do not explicitly request relief under 28 U.S.C. § 144 or § 455 in their Motion, nor do they present any facts that would warrant such relief.[1] The Court assumes, as do Plaintiffs, that it has inherent discretion to withdraw a prior order referring a case to a magistrate judge under 28 U.S.C. § 636(b)(1). However, the Court finds no grounds for withdrawing the magistrate-judge reference in this case. The delays that have occurred in this case since the lifting of the law enforcement investigatory privilege are unremarkable considering the busy dockets of judges within this district.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

---

[1] Furthermore, even if Plaintiffs had requested relief under § 144 or § 455, any such request is untimely, and Plaintiffs did not present the affidavit required under § 144.

**IT IS ORDERED** that Plaintiffs' "Motion for Orders (1) Removing United States Magistrate Judge from this Case; (2) Setting an Immediate Hearing on All Pending Motions; and (3) Ruling Expeditiously on All Pending Motions" (Doc. 336) is **denied**. This case remains referred to Magistrate Judge Bowman for all pretrial proceedings and Report and Recommendation.

Dated this 11th day of February, 2022.

_____
Honorable Rosemary Márquez
United States District Judge