**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Greg Moore; et al., | ) | No. CV 19-0290 TUC RM (LAB) |
| Plaintiffs, | ) | |
| vs. | ) | **ORDER** |
| Sean Garnand; et al., | ) | |
| Defendants. | ) | |

Pending before the court is a motion, filed by the plaintiffs on December 21, 2021, "for an Order deferring briefing on Defendants' Motion for Summary Judgment" pursuant to Fed.R.Civ.P. 56(d). (Doc. 311, p. 1); *see* (Doc. 310) (Declaration in support of motion) The defendants filed a response on January 14, 2022. (Doc. 340) The plaintiffs did not file a timely reply.

The plaintiffs filed a renewed motion and declaration for an order deferring briefing on February 16, 2022. (Doc. 353) The defendants filed a response on February 23, 2022. (Doc. 354) The plaintiffs filed a reply on March 2, 2022. (Doc. 355)

Also pending are two related motions. Previously, on March 31, 2021, the defendants filed a motion "to stay discovery pending resolution of their motion for summary judgment based on qualified immunity." (Doc. 279) The plaintiffs filed a response on April 13, 2021. (Doc. 283) The defendants filed a reply on April 20, 2021. (Doc. 284)

On August 4, 2021, the plaintiffs filed a motion to compel the deposition appearance of Tucson Police Department Officers Arnaud and Matthew. (Doc. 294) The defendants did

1 | not file a timely response, but they informed the plaintiffs that their previously filed motion
2 | to stay discovery addressed this issue. (Doc. 294, p. 3)

3 | Background

4 | The plaintiffs in this action claim their constitutional rights were violated when the defendants executed search warrants in connection with a Tucson Police Department (TPD) arson investigation into the destruction of the Forgeus Apartments on June 8, 2017. (Doc. 1) The plaintiffs bring this action pursuant to 42 U.S.C. § 1983. (Doc. 1, p. 4)

Early in the case, the court granted in part the defendants' motion to stay discovery of the TPD arson investigation files pursuant to the Law Enforcement Investigatory Privilege (LEIP). (Docs. 74, 113) Accordingly, the plaintiffs' scope of discovery has been significantly limited up until recently.

On March 25, 2021, the defendants sought permission to file a motion for summary judgment in excess of the page limit set by LRCiv 7.2(e)(1). (Doc. 274) On March 31, 2021, they filed the pending motion that discovery be stayed pending the resolution of their motion for summary judgment on the issue of qualified immunity. (Doc. 279) On August 4, 2021, the plaintiffs filed the pending motion to compel depositions. (Doc. 294)

On December 13, 2021, this court ordered that the defendants may file a motion for summary judgment in excess of the page limit. (Doc. 307) The Clerk subsequently filed the defendants' lodged summary judgment motion. (Doc. 275)

That same day, this court lifted the Law Enforcement Investigatory Privilege (LEIP) covering the TPD arson investigation files. (Doc. 306) The defendants subsequently disclosed to the plaintiffs certain documents that had been previously withheld including the "unredacted transcript of the June 8, 2017 telephonic affidavit," which was used to obtain one of the search warrants. (Doc. 316, pp. 2-3); *see* (Doc. 340, p. 13) (describing the documents disclosed to the plaintiffs to date)

On December 21, 2021, the plaintiffs filed the pending motion "for an Order deferring briefing on Defendants' Motion for Summary Judgment" pursuant to Fed.R.Civ.P. 56(d). (Doc. 311, p. 1); *see* (Doc. 310) (Declaration in support of motion)

The next day, on December 22, 2021, the defendants sought permission to amend their motion for summary judgment to incorporate the newly disclosed documents. (Doc. 316) The court granted its permission on January 14, 2022. (Doc. 339) The defendants' amended motion for summary judgment on the issue of qualified immunity was filed on February 3, 2022. (Doc. 348)

The plaintiffs filed the pending renewed motion and declaration to stay briefing on the defendants' motion for summary judgment on February 16, 2022. (Doc. 353)

<u>Discussion: Motion to Stay Briefing Pursuant to Rule 56(d), (Docs. 311, 353)</u>

Rule 56(d) reads as follows:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to the pending motion for summary judgment], the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Fed. R. Civ. P.

"Federal Rule of Civil Procedure [56(d)] provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) Ordinarily, "[w]here . . . a summary judgment motion is filed . . . before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule [56(d)] motion fairly freely." *Id*.

"Notwithstanding this [liberal] policy, a Rule 56(d) movant must still make specific showings to be entitled to relief." *Stuart v. City of Scottsdale*, No. CV-20-00755-PHX-JAT, 2021 WL 75830, at *3 (D. Ariz. Jan. 8, 2021). "A party requesting a continuance pursuant

- 3 -

to Rule 56(d) therefore must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *Id.* (punctuation modified). "A party requesting a continuance pursuant to [the Rule] must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Id.*; *see Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

Courts usually take a permissive attitude when considering a Rule 56(d) motion. Here, however, the defendants move for summary judgment on the issue of qualified immunity, which ordinarily should be decided before extensive discovery. The Ninth Circuit explains as follows:

> By design, the issue of qualified immunity is usually resolved "long before trial." The Supreme Court has repeatedly stressed the importance of deciding qualified immunity "at the earliest possible stage in litigation" in order to preserve the doctrine's status as a true "immunity from suit rather than a mere defense to liability." Early determination is often possible "because qualified immunity most often turns on legal determinations, not disputed facts." . . . The upshot is that qualified immunity was conceived as a summary judgment vehicle, and the trend of the Court's qualified immunity jurisprudence has been toward resolving qualified immunity as a legal issue before trial whenever possible.

*Morales v. Fry*, 873 F.3d 817, 822 (9th Cir. 2017) (citations omitted)

The plaintiffs urge the court to stay briefing on the defendants' motion and permit further discovery. They assert generally "that when the Court orders the discovery of defendants to actually commence in substance, the depositions may well reveal additional facts unknown to Plaintiffs, which will justify further discovery. . . . ." (Doc. 310, pp. 3-4) Rule 56(d), however, requires the moving party to state "the specific facts that they hope to elicit from further discovery," give some assurance "that the facts sought exist," and provide an explanation showing that "these sought-after facts are 'essential' to resist the summary judgment motion." *See Stuart v. City of Scottsdale,* No. CV-20-00755-PHX-JAT, 2021 WL 75830, at *3 (D. Ariz. Jan. 8, 2021). A general assertion that discovery is likely to yield valuable information is insufficient.

1       The plaintiffs maintain that they need discovery to oppose the defendants' motion for
2 summary judgment on their claim of judicial deception. (Doc. 310, p. 4) They argue that
3 summary judgment on this claim should be denied if there is evidence that the defendants
4 "recklessly or intentionally include[d] material misrepresentations of fact in the [warrant]
5 application *or omit[ted] material exculpatory facts* . . . ." *Id.* (emphasis in original) The
6 plaintiffs, however, fail to specify what misrepresentations of fact or omitted material facts
7 they hope to uncover by further discovery. A general assertion that material information may
8 be forthcoming is insufficient. *See Ganley v. Jojola*, 402 F. Supp. 3d 1021, 1100 (D.N.M.
9 2019) ("Ganley's assertion -- that Ganley 'is informed and believes that there are statements
10 in the [defendant's warrant affidavit] that are not true, particularly regarding the timeline of
11 the investigation and what the other law investigative personnel told him' -- is too general
12 to support granting a rule 56(d) motion."); *see Crawford-El v. Britton*, 523 U.S. 574,
13 597–98, 118 S. Ct. 1584, 1596 (1998) ("When a plaintiff files a complaint against a public
14 official alleging a claim that requires proof of wrongful motive, the trial court must exercise
15 its discretion . . . so that officials are not subjected to unnecessary and burdensome discovery
16 or trial proceedings.").

17       The plaintiffs further assert that they are entitled to unredacted copies of the "268
18 photographs taken at the Forgeus scene." (Doc. 310, p. 9) The court agrees to a point. The
19 defendants maintain that an "incendiary arrangement" was found inside the building, which
20 supported their application for search warrant 17SW1017. *See* (Doc. 1-2, p. 3) The
21 plaintiffs, however, argue that is it impossible for them to meaningfully counter this assertion
22 of fact without access to unredacted photographs of that "arrangement." (Doc. 310, pp. 9,
23 23); *see* (Doc. 310-2, p. 18) The court agrees. The plaintiffs are entitled to unredacted
24 photographs of the "incendiary arrangement." *See, e.g., Tubar v. Clift*, 2006 WL 521683,
25 at *2 (W.D. Wash. 2006) (Limited discovery was permitted "because there appears to be a
26 factual dispute as to the underlying events.").

27
28

The plaintiffs also argue that they need "discovery of the entire telephonic application, which, this Court can see is riddled with redactions . . . ." (Doc. 310, p. 9)  The unredacted application, however, has since been disclosed.  *See* (Doc. 340, p. 13)  (describing the documents disclosed by the defendants to date)  This request is therefore moot.  The plaintiffs also assert that they need unredacted investigative documents Exhibit J, Exhibit L, and Exhibit M that were appended to the defendant Garnand's Declaration. (Doc. 353, p. 4)  These too have already been produced.  (Doc. 354, p. 9)

The plaintiffs maintain that they are entitled to all documents and reports that the defendants generated during their investigation such as Officer Smith's Supplemental Narrative.  (Doc. 310, p. 10)  They want to know the location of all latent prints and DNA samples taken from the scene.  (Doc. 310, p. 10) They wonder, "Did the analysis reveal fingerprints of another or other individuals other than Greg Moore?" (Doc. 310, p. 11) "Did those results tend to exculpate Mr. Moore from suspicion?" *Id.*  The plaintiffs argue that they need to depose "the Defendants, Loya, Smith, Arnaud and perhaps other TPD officers whose identities are now suppressed." *Id.*  The plaintiffs state that they are "confident the discovery will produce evidence supporting Plaintiffs' contentions." *Id.*  As the court explained above, however, a general assertion that material information may be forthcoming is insufficient. *See Ganley v. Jojola*, 402 F. Supp. 3d 1021, 1100 (D.N.M. 2019);  *see also Stuart v. City of Scottsdale*, No. CV-20-00755-PHX-JAT, 2021 WL 75830, at *5 (D. Ariz. Jan. 8, 2021) ("[O]ne of the purposes of the qualified immunity standard is to protect public officials from broad-ranging discovery that can be peculiarly disruptive of effective government.") (*quoting Anderson v. Creighton*, 483 U.S. 635, 646 n. 6 (1987)).

The plaintiffs further argue that they need discovery relating to the motives of the defendants.  (Doc. 310, pp. 11-12, 16-17, 21)  The court does not agree.  "Qualified immunity is not based on subjective beliefs."  *Stuart v. City of Scottsdale*, No. CV-20-00755-PHX-JAT, 2021 WL 75830, at *4 (D. Ariz. Jan. 8, 2021).  Evidence related to the motives of the defendants is not relevant at this stage.

Much of the remainder of the plaintiffs' declaration is taken up by a discussion of why the defendants' motion for summary judgment lacks merit. They argue that probable cause was lacking in the defendants' affidavit. *See* (Doc. 310, pp. 28-29) They assert that the defendants' seizure was overbroad. See (Doc. 310, p. 33) They maintain that the defendants overstepped their authority when they detained Patricia Moore while the search was conducted. *See* (Doc. 310, pp. 36-37) These arguments do little to support the plaintiffs' pending motion. In fact, they seem to indicate that the plaintiffs are able to respond to the defendants' motion for summary judgment without further discovery.

Discussion: Stay of Discovery, Motion to Compel, (Docs. 279, 294)

The defendants lodged their original motion for summary judgment on March 25, 2021. (Doc. 275) On March 31, 2021, they filed the pending motion that discovery be stayed pending the resolution of their motion for summary judgment on the issue of qualified immunity. (Doc. 279)

As the court observed above, "qualified immunity is an immunity from suit rather than a mere defense to liability." *Brown v. Oregon Dep't of Corr.*, 2011 WL 134941, at *1 (D. Or. 2011) (*quoting Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "Specifically, [it is] an entitlement to not stand trial or fac[e] the other burdens of litigation." *Id.* Accordingly, a "stay of discovery is appropriate where [the case] can be resolved on summary judgment." *Id.* (*citing Anderson v. Creighton*, 483 U.S. 635, 646 n. 6 (1987)).

The plaintiffs argue that a stay would be contrary to this court's order lifting the LEIP. (Doc. 283) But they overlook the fact that since the LEIP was lifted, the defendants have disclosed a number of documents previously withheld. (Doc. 328) When the defendants disclose the unredacted photographs discussed herein, the plaintiffs will have the discovery necessary to address the outstanding motion for summary judgment on the issue of qualified immunity. The defendants' motion to stay discovery pending the resolution of their motion for summary judgment on the issue of qualified immunity will be granted in part.

     On August 4, 2021, the plaintiffs filed the pending motion that this court compel the deposition appearance of Tucson Police Department Officers Arnaud and Matthew. (Doc. 294)  The defendants did not file a timely response, but they apparently informed the plaintiffs that they believed that this issue would be resolved when the court addressed their previously filed motion to stay discovery. (Doc. 294, p. 3)  This court agrees.  Accordingly,

     IT IS ORDERED that the motion, filed by the plaintiffs on December 21, 2021, "for an Order deferring briefing on Defendants' Motion for Summary Judgment" pursuant to Fed.R.Civ.P. 56(d) is GRANTED in PART. (Doc. 311, p. 1); *see* (Doc. 310) (Declaration in support of motion)  The renewed motion, filed by the plaintiffs on February 16, 2022 is GRANTED in PART. (Doc. 353)  The defendants are instructed to produce unredacted photographs of the "incendiary arrangement" within 20 days of the filing of this order.  The deadline for filing a response to the defendants' motion for summary judgment on the issue of qualified immunity is moved to 60 days following the service of that discovery.

     IT IS FURTHER ORDERED that the motion, filed by the defendants on March 31, 2021, "to stay discovery pending resolution of their motion for summary judgment based on qualified immunity" is GRANTED in PART. (Doc. 279)  Discovery in this case is stayed pending the resolution of the defendants' outstanding motion for summary judgment on the issue of qualified immunity with the exception of the disclosure of the unredacted photographs of the "incendiary arrangement" as discussed above.

     IT IS FURTHER ORDERED that the motion, filed by the plaintiffs on August 4, 2021, that this court compel the deposition appearance of Tucson Police Department Officers Arnaud and Matthew is DENIED without prejudice. (Doc. 294)

     DATED this 8th day of March, 2022.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge