**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greg Moore, et al., | No. CV-19-00290-TUC-RM (LAB) |
| Plaintiffs, | **ORDER** |
| v. | |
| Sean Garnand, et al., | |
| Defendants. | |

Currently pending before the Court is Plaintiffs' Appeal of Magistrate Judge Bowman's January 26, 2022 Order. (Doc. 351.)[1]  For the following reasons, Plaintiffs' Appeal will be denied.

## I.    Background

On December 13, 2021, this Court lifted application of the law enforcement investigatory privilege ("LEIP") to Tucson Police Department ("TPD") files related to TPD's investigation of Plaintiffs. (Doc. 306 at 2.)  The Court directed the parties to engage in personal consultation with one another to develop a stipulated protective order for purposes of disclosure of matters previously shielded by the LEIP. (*Id.*)

On December 21, 2021, Plaintiffs filed a Motion for Order that Defendants Have Waived Law Enforcement Investigatory Privilege. (Doc. 313.)  In the Motion, Plaintiffs argued that Defendants waived application of the LEIP by relying on "selective and self-serving portions of the investigative files" in their Motion for Summary Judgment. (*Id.* at

---

[1] Plaintiffs' Motion for Leave to File Consolidated Objections (Doc. 363) will be resolved separately.

2.)  Plaintiffs recognized that this Court had already lifted the LEIP but argued that waiver "provides an additional and entirely distinct ground" for vacating the privilege. (*Id.* at 1-2.)  Plaintiffs further argued that Defendants were not entitled to a protective order due to their waiver of the LEIP.  (*Id.* at 8-9.)

Defendants argued in response that Plaintiff's Motion was moot because the Court had already lifted the LEIP.  (Doc. 340 at 3.)  Plaintiffs, however, contended that the issue of waiver was not moot because (1) "waiver means the Defendants are not entitled to a protective order" (Doc. 313 at 8), and (2) a finding of waiver "is essential for review by the Ninth Circuit on appeal" (Doc. 342 at 2).

On January 26, 2022, Magistrate Judge Leslie A. Bowman denied Plaintiffs' Motion, finding that the issue of waiver is moot.  (Doc. 343.)  Magistrate Judge Bowman found that a protective order is distinct from a privilege, and that the lifting of a privilege does not always, if ever, preclude a party from obtaining a protective order.  (*Id.* at 2.) Magistrate Judge Bowman further found that Plaintiffs provided no elaboration or argument in support of their assertion that a finding of waiver is essential for review by the Ninth Circuit on appeal.  (*Id.*)

## II.   Standard of Review

A district judge may designate a magistrate judge to hear and determine certain pretrial matters.   28 U.S.C. § 636(b)(1)(A).   The district judge may reconsider any referred pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  *Id.*; *see also* Fed. R. Civ. P. 72(a).  "The clearly erroneous standard, which applies to a magistrate judge's findings of fact, is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Jones v. Corr. Corp. of Am.*, No. CIV-10-2769-PHX-RCB(JRI), 2011 WL 1706838, at *4 (D. Ariz. May 5, 2011) (internal quotation marks omitted).   The clearly erroneous standard requires the court to determine "if there is any evidence to support the magistrate judge's finding and that the finding was reasonable."  *Darjee v. Betlach*, No. CV-16-00489-TUC-RM(DTF), 2018 WL 4214438, at *12 (D. Ariz. Sept. 5, 2018)

1   (internal quotation marks omitted).  The contrary to law standard "permits independent
2   review of purely legal determinations by the magistrate judge."  *Jones*, 2011 WL
3   1706838, at *4 (internal quotation marks omitted).

**III.   Discussion**

5        In their Appeal, Plaintiffs reiterate their argument that Defendants waived the
6   LEIP by voluntarily placing selective investigative documents and testimony into the
7   public record.  (Doc. 351 at 4-7.)  They argue that Magistrate Judge Bowman's Order is
8   erroneous because it fails to address Plaintiff's substantive argument concerning waiver;
9   fails to acknowledge that Defendants have stated on the record that no protective order is
10   being sought; and "ignore[s] the fact that the Defendants . . . have *not* conceded that this
11   Court made the right call" in lifting the LEIP.  (*Id.* at 7-8.)

12        In response, Defendants argue that Magistrate Judge Bowman correctly ruled that
13   the issue of waiver of the LEIP is moot.  (Doc. 354 at 2.)  They aver that they have
14   released relevant portions of previously privileged criminal investigation files consistent
15   with this Court's Order lifting the LEIP, and they argue that, under the discovery limits of
16   Federal Rule of Civil Procedure 26(b), Plaintiffs are not entitled to irrelevant files.  (*Id.* at
17   3-4.)

18        Plaintiffs have not shown that Magistrate Judge Bowman's January 26, 2022
19   Order is erroneous, much less clearly erroneous.  Magistrate Judge Bowman correctly
20   held that the issue of whether Defendants waived the LEIP is moot because this Court has
21   lifted the LEIP.  It is irrelevant whether Defendants have conceded that this Court "made
22   the right call" in lifting the LEIP (Doc. 351 at 8); the fact remains that the LEIP has been
23   lifted.  Because the issue of whether Defendants have waived the LEIP is moot,
24   Magistrate Judge Bowman appropriately declined to consider the merits of Plaintiffs'
25   waiver argument.  Magistrate Judge Bowman also correctly found that the issue of a
26   protective order is distinct from the issue of privilege.

27   . . . .
28   . . . .

- 3 -

1    **IT IS ORDERED** that Plaintiffs' Appeal of Magistrate Judge Bowman's January

2 26, 2022 Order (Doc. 351) is **denied**.

3    Dated this 1st day of April, 2022.

4

5

6

7    _____

8    Honorable Rosemary Márquez
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28