**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greg Moore, et al., | No. CV-19-00290-TUC-RM (LAB) |
| Plaintiffs, | **ORDER** |
| v. | |
| Sean Garnand, et al., | |
| Defendants. | |

Pending before this Court is Plaintiffs Greg and Patricia Moore's Consolidated Objection to Magistrate Judge's Orders. (Doc. 367.) Defendants Sean Garnand and Dain Salisbury filed a Response in opposition. (Doc. 368.) For the following reasons, the Consolidated Objection will be granted.[1]

**I.  Background**

Plaintiffs filed their Complaint in this action on May 24, 2019, raising 42 U.S.C. § 1983 claims asserting First and Fourth Amendment violations arising from Defendants' criminal investigation of Plaintiffs. (Doc. 1.) Plaintiffs allege that Defendants unlawfully seized and arrested them, used excessive force in seizing Greg Moore, obtained and executed invalid search warrants, and retaliated against Plaintiffs for Greg Moore's constitutionally protected expression, in connection with an arson investigation into the destruction of the Forgeus Apartments. (*Id.*)[2]

---

[1] The Court finds the Consolidate Objection is suitable for resolution without oral argument.

[2] Counts Six, Seven, and Nine of the Complaint, along with all Defendants other than Defendants Sean Garnand and Dain Salisbury and all Plaintiffs other than Greg and

On September 24, 2019, Defendants filed a Motion asserting the law enforcement investigatory privilege ("LEIP") over Tucson Police Department ("TPD") files related to the TPD's criminal investigation of Plaintiffs. (Doc. 23.) Both Magistrate Judge Leslie A. Bowman and this Court found that the LEIP was applicable. (Docs. 74, 113.) Application of the LEIP significantly limited Plaintiffs' scope of discovery until December 13, 2021, when this Court lifted the privilege. (Doc. 306.) The deadline for completion of discovery expired on February 9, 2022. (Doc. 289.)

In March 2021, Defendants moved for leave to file a Motion for Summary Judgment ("MSJ") in excess of the standard page limits (Doc. 274), lodged a proposed MSJ asserting qualified immunity (Doc. 275), and moved to stay discovery pending resolution of the MSJ (Doc. 279; *see also* Docs. 287, 295, 296). In support of their request to stay discovery, Defendants argued that qualified immunity is an immunity from suit and thus an issue that should be decided as early as possible. (Doc. 279.) In opposition, Plaintiffs argued that, due to the application of the LEIP, they had been denied a full and fair opportunity to discover facts of relevance to Defendants' MSJ. (Doc. 283.) In reply, Defendants argued that Plaintiffs had everything necessary to respond to the MSJ because the Motion was built not on LEIP information but "primarily on the testimony of Greg Moore, Patricia Moore, their retained expert David Smith, and other witnesses introduced by the Moores themselves." (Doc. 284 at 6-7.)

On December 13, 2021, after this Court lifted the LEIP, Magistrate Judge Bowman granted Defendants leave to file a summary judgment motion in excess of the page limit (Doc. 307), and the Clerk of Court docketed Defendants' MSJ (Doc. 308). Plaintiffs thereafter filed a Motion to Stay Summary Judgment Briefing pursuant to Federal Rule of Civil Procedure 56(d) (Doc. 311), along with a 45-page supporting declaration by attorney Michael Moore averring that Plaintiffs had been unable to obtain evidence necessary to oppose Defendants' MSJ, despite their diligence, because of Defendants' assertion of the LEIP (Doc. 310). In the declaration, Michael Moore further

---

Patricia Moore, have been dismissed. (Doc. 38.)

averred that Plaintiffs needed (1) to depose Defendants and other TPD officers, and (2) to obtain evidence regarding the entirety of Defendants' investigation of Greg and Patricia Moore, including the facts known to Defendants, when Defendants learned of those facts, Defendants' motives and state of mind, and Defendants' investigatory conduct and findings. (*Id.*)

In addition to filing a Rule 56(d) Motion, Plaintiffs filed a Motion to Continue the Case Schedule, seeking a four-month extension of the then-pending deadlines set forth in Magistrate Judge Bowman's Revised Scheduling Order. (Doc. 312.) In support, Plaintiffs argued that they needed additional time to obtain discovery previously shielded by the LEIP. (*Id.*)

In a combined Response to the Rule 56(d) Motion, Motion to Continue Case Schedule, and other Motions, Defendants argued that none of the evidence sought by Plaintiffs is necessary to defend against Defendants' assertion of qualified immunity and, under United States Supreme Court precedent, discovery should not be allowed until the qualified immunity issue is resolved. (Doc. 340.)

On January 13, 2022, third party State Farm Fire & Casualty Company ("State Farm") filed a Motion for Clarification, seeking direction regarding whether it should produce to Plaintiffs subpoenaed documents previously withheld pursuant to the LEIP. (Doc. 335.)

On February 3, 2022, Defendants filed an Amended Motion for Summary Judgment ("Amended MSJ"). (Doc. 348.) In the Amended MSJ, Defendants argue that (1) it was reasonable for them to seek and execute the two search warrants at issue in this case because, based on the facts known to them, they believed the warrants were based on probable cause; (2) Plaintiffs cannot prove that Defendants made deliberate falsehoods or acted with reckless disregard for the truth in securing the warrants, and none of Plaintiffs' alleged deceptions negate probable cause; (3) Plaintiff Greg Moore's excessive force claim fails because Greg Moore suffered no demonstrable injury from being handcuffed and Defendants addressed his complaints about the handcuffs being too tight;

(4) Defendants had a categorical right to detain Patricia Moore for the duration of the search of the Moores' residence; and (5) Plaintiffs' First Amendment retaliation claims fail because no clearly established law gave Plaintiffs a First Amendment right to prevent the police from pursuing a probable-cause-based criminal investigation of them, and Plaintiffs cannot prove the requisite elements of the claims. (*Id.*) In support of their Amended MSJ, Defendants rely upon declarations and affidavits of TPD Detective Garnand, TPD Sergeant Salisbury, Tucson Fire Department investigator Jorge Loya, TPD crime scene specialist supervisor Edwin Arnaud, TPD Sergeant Ericka Stropka, Defendants' retained expert Edward Nordskog, attorney Sarah Pace, attorney James Wadleigh, and Tricia Jochum; transcripts of videotaped recordings; depositions; various pleadings and filings; and various items of evidence, including subpoenaed records, search warrant documents, insurance claim documents, and reports by the TPD and Tucson Fire Department. (Docs. 349-2 to 349-10.)

After Defendants filed their Amended MSJ, Plaintiffs renewed their Rule 56(d) Motion. (Doc. 353.) Defendants responded in opposition, arguing that Plaintiffs had not met the requirements for discovery in the face of a summary judgment motion based on qualified immunity. (Doc. 354.) Plaintiffs filed a Reply, arguing that no case law supports deciding a motion for summary judgment based on facts secured through discovery when the nonmovant has not had meaningful access to the facts necessary to oppose the motion. (Doc. 355.)

On March 9, 2022, Magistrate Judge Leslie A. Bowman partially granted Plaintiffs' Rule 56(d) Motion and Defendants' request to stay discovery. (Doc. 356.) Specifically, Magistrate Judge Bowman ordered Defendants to produce unredacted photographs of an incendiary arrangement found in the Forgeus Apartments, ordered Plaintiffs to respond to Defendants' Amended MSJ within sixty days of service of that discovery, and stayed any further discovery pending resolution of the Amended MSJ. (*Id.*)

On March 16, 2022, in light of the stay of discovery, Magistrate Judge Bowman

denied without prejudice Plaintiffs' request to extend the pending deadlines set forth in the Scheduling Order. (Doc. 359.) On March 18, 2022, Magistrate Judge Bowman granted State Farm's Motion for Clarification, instructing State Farm that it was no longer precluded from disclosing subpoenaed documents previously withheld pursuant to the now-lifted LEIP, but further instructing State Farm to delay disclosing the documents until the stay of discovery has been lifted and the parties have agreed to a protective order. (Doc. 362.)

Plaintiffs challenge Magistrate Judge Bowman's March 9, March 16, and March 18 Orders in the pending Consolidated Objection to Magistrate Judge's Orders. (Doc. 367.) Plaintiffs argue that Defendants' Amended MSJ is premised not on purely legal issues but on arguments that, based on Defendants' selected version of the facts, Defendants did not violate Plaintiffs' constitutional rights. (*Id.* at 5.) Plaintiffs further argue that, because Defendants' Amended MSJ turns on factual questions concerning probable cause, judicial deception, and retaliatory intent, the Amended MSJ cannot be resolved without allowing Plaintiffs a fair opportunity to conduct discovery related to those factual questions. (*Id.* at 8-16.) Plaintiffs also argue that Magistrate Judge Bowman erred in finding their Rule 56(d) declaration insufficient. (*Id.* at 16-21.)

In response to Plaintiffs' Consolidated Objection, Defendants argue that Plaintiffs "simply refuse to acknowledge that this is now a qualified immunity" case. (Doc. 368 at 1.) Defendants contend that no further discovery is necessary to resolve the qualified immunity issue because Plaintiffs have failed to identify any instance in which the actions Defendants claim they took differ from those alleged by Plaintiffs. (*Id.* at 1-4.) Defendants further argue that Magistrate Judge Bowman correctly ruled that discovery concerning Defendants' motives has no bearing on the issue of qualified immunity and that she correctly found that Plaintiffs failed to satisfy the requirements of Rule 56(d). (*Id.* at 6-11.)

On June 3, 2022, Defendants filed a Notice informing the Court that a state grand jury issued an eight-count felony indictment charging Plaintiff Greg Moore with arson of

an occupied structure, fraudulent schemes and artifices, fraudulent fire insurance application or claim, and illegally conducting an enterprise. (Doc. 369 at 3.) In the Notice, Defendants ask the Court to take judicial notice of the fact of the indictment, and they argue that the indictment "has a direct relation to matters that will become 'at issue' if Defendants do not prevail on their" Amended MSJ, because a grand jury indictment is prima facie evidence of probable cause for a criminal investigation. (*Id.* at 3-5.) Defendants further argue that "[t]o the extent that criminal discovery was ever needed" for Plaintiffs to respond to Defendants' Amended MSJ, Plaintiffs now "have it in spades" because 6,339 pages of material from the criminal investigation were disclosed to Greg Moore by the State of Arizona in connection with the criminal case. (*Id.* at 5.)

Plaintiffs responded to Defendants' Notice. (Doc. 371.) Plaintiffs argue that the indictment against Greg Moore does not affect Patricia Moore's retaliatory investigation claim, does not affect Plaintiffs' judicial deception claims or Plaintiffs' First Amendment retaliation claims premised on the seizures under the search warrants at issue, and does not affect Greg Moore's false arrest and excessive force claims. (*Id.* at 1-2.) Plaintiffs also argue that they have not received as part of the criminal case the entire files of the arson investigations at issue, and that discovery of those files, as well as depositions of Defendants and other witnesses, are crucial to their ability to oppose Defendants' Amended MSJ. (*Id.* at 2-3.)

Defendants filed a Reply, disputing contentions made in Plaintiffs' Response and arguing that Plaintiffs fail to "justify any exemption from the narrow limits on discovery" that exist in the qualified immunity context. (Doc. 373.)

## II. Legal Standard

A district judge may designate a magistrate judge to hear and determine certain pretrial matters. 28 U.S.C. § 636(b)(1)(A). The district judge may reconsider any referred non-dispositive pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*; *see also* Fed. R. Civ. P. 72(a). "The clearly erroneous standard, which applies to a magistrate judge's findings of fact, is

significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Jones v. Corr. Corp. of Am.*, No. CIV-10-2769-PHX-RCB(JRI), 2011 WL 1706838, at *4 (D. Ariz. May 5, 2011) (internal quotation marks omitted). The contrary to law standard "permits independent review of purely legal determinations by the magistrate judge." *Id.* (internal quotation marks omitted).

Federal Rule of Civil Procedure 56(d) allows a district court to defer considering or deny a summary judgment motion and allow time to take additional discovery if the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." A party invoking Rule 56(d) must show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *California ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). If the party fails to meet these requirements, the district court may properly deny further discovery and proceed to summary judgment. *See id.* Rule 56(d) motions should be granted "fairly freely" when a party has not "had any realistic opportunity to pursue discovery relating to its theory of the case." *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 773 (9th Cir. 2003).

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." To satisfy this "good cause" standard, a party must show that the pretrial schedule "'cannot reasonably be met despite'" her diligence. *Johnson v. Mammoth Recs., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's notes to 1983 amendment). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification" and whether the moving party was diligent. *Id.*

. . . .

### III. Discussion

In her March 9, 2022 Order, Magistrate Judge Bowman found that Plaintiffs had, in substantial part, failed to satisfy the requirements of Federal Rule of Civil Procedure 56(d) with respect to the items and categories of evidence they sought, and that the extensive discussion in Plaintiffs' Rule 56(d) declaration "of why the defendants' motion for summary judgment lacks merit" did little to support Plaintiffs' request to stay the summary judgment briefing. (Doc. 356 at 5-7.) Magistrate Judge Bowman also recognized that the issue of qualified immunity should be resolved "at the earliest possible stage in litigation in order to preserve the doctrine's status as a true immunity from suit rather than a mere defense to liability," and she noted that early determination of the issue of qualified immunity "is often possible because qualified immunity most often turns on legal determinations" rather than "disputed facts." (*Id.* at 4 (internal quotation marks and citation omitted).) Furthermore, she found that evidence of Defendants' motives is irrelevant to the qualified immunity issue. (*Id.* at 6.)

The Court agrees with Magistrate Judge Bowman that Plaintiffs' Rule 56(d) declaration inappropriately focuses on arguing the merits of Plaintiffs' opposition to Defendants' Amended MSJ. The declaration is also, at times, difficult to follow. Despite these shortcomings, however, the declaration sets forth facts that Plaintiffs hope to elicit from further discovery and shows that most of those facts, such as investigatory files, exist. Accordingly, the Court's inquiry turns primarily on whether the facts sought by Plaintiffs are essential to their ability to oppose Defendants' Amended MSJ. *See California ex rel. Cal. Dep't of Toxic Substances Control*, 138 F.3d at 779. With respect to that inquiry, the Court finds that Magistrate Judge Bowman did not fully analyze how the limits on discovery in qualified immunity cases affect the case at hand. Furthermore, Magistrate Judge Bowman erred in finding that evidence regarding Defendants' motives is entirely irrelevant to Plaintiffs' opposition to Defendants' Amended MSJ.

. . . .

. . . .

### A. Qualified Immunity

The doctrine of qualified immunity "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Qualified immunity shields government officials "from liability for civil damages insofar as their conduct d[id] not violate clearly established . . . constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). For a constitutional right to be clearly established, "existing precedent must have placed the . . . constitutional question beyond debate." *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (internal quotation marks omitted).

Qualified immunity is "an immunity from suit rather than a mere defense to liability." *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (internal quotation marks omitted), *receded from on other grounds by Pearson*, 555 U.S. 223. As such, the doctrine protects government officials not only from liability but also from "the costs of trial" and "the burdens of broad-reaching discovery in cases where the legal norms the officials are alleged to have violated were not clearly established at the time." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (internal quotation marks omitted).

The "qualified immunity question [of] whether [an] official's alleged conduct violated clearly established law" is "an essentially legal question," *Crawford-El v. Britton*, 523 U.S. 574, 589 (1998) (internal quotation marks omitted), and it "should be made early in the proceedings," *Saucier*, 533 U.S. at 200. No discovery is necessary to resolve the qualified immunity question when assuming the truth of the plaintiff's allegations. *Crawford-El*, 523 U.S. at 598. However, if the actions alleged by the plaintiffs are not "actions that a reasonable officer could have believed lawful," or if the actions that the defendants claim they took differ from the actions alleged by the plaintiffs, "then discovery may be necessary" before a "motion for summary judgment on qualified immunity grounds can be resolved." *Anderson v. Creighton*, 483 U.S. 635, 646

n.6 (1987).

When a defendant argues that his or her conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known, the qualified immunity defense cannot "be rebutted by evidence that the defendant's conduct was malicious or otherwise improperly motivated." *Crawford-El*, 523 U.S. at 588. Because the qualified immunity standard is objective, "[e]vidence concerning the defendant's subjective intent is simply irrelevant" to the qualified immunity defense. *Id.* Some constitutional claims, however, require a plaintiff to prove that a defendant's conduct was improperly motivated. *Id.* "Thus, although evidence of improper motive is irrelevant on the issue of qualified immunity, it may be an essential component of the plaintiff's affirmative case." *Id.* at 589.

**B.    Defendants' Amended MSJ**

Defendants' Amended MSJ is not limited to arguments concerning whether Defendants' alleged conduct violated clearly established law of which a reasonable officer would have known. Nor does the Amended MSJ assume the truth of Plaintiffs' allegations. Instead, the Amended MSJ makes fact-intensive arguments regarding the merits of Plaintiffs' affirmative claims and relies upon Defendants' selected version of the facts.

For example, with respect to Plaintiffs' First Amendment retaliation claims, Defendants argue that: (1) no clearly established law gave Plaintiffs a right to be free from an allegedly retaliatory investigation that was supported by probable cause, (2) Plaintiffs cannot establish the requisite elements of a First Amendment retaliation claim, and (3) Plaintiffs cannot demonstrate that Defendants lacked probable cause to investigate. (Doc. 348 at 32-41.) The first argument relates to the qualified immunity inquiry, but it rests upon a characterization of Defendants' conduct that differs from the conduct alleged by Plaintiffs, as Plaintiffs allege that Defendants lacked probable cause for their investigation and for the search warrants at issue. The latter two arguments relate to the merits of Plaintiffs' First Amendment claims. Due to the application of the

LEIP until shortly before the close of discovery, Plaintiffs have not had a full and fair opportunity to discover evidence relevant to the existence of probable cause for Defendants' investigation or to discover evidence relevant to the elements of their First Amendment retaliation claims—including evidence regarding retaliatory intent, which is relevant to the merits of those claims. *See Crawford-El*, 523 U.S. at 588-89.

With respect to Plaintiffs' judicial deception claims, the Ninth Circuit has repeatedly held that "no reasonable officer could believe that it is constitutional to act dishonestly or recklessly with regard to the basis for probable cause in seeking a warrant." *Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir. 2002) (per curiam). Accordingly, if a plaintiff successfully establishes a judicial deception claim, the defendant is not entitled to qualified immunity. *Chism v. Washington*, 661 F.3d 380, 393 (9th Cir. 2011). Defendants' Amended MSJ argues that Plaintiffs cannot establish the requisite elements of their judicial deception claims. (Doc. 348 at 12-16, 25-28.) But Plaintiffs have not, due to the application of the LEIP, had a full and fair opportunity to discover evidence relevant to the merits of those claims, including evidence of "deliberate falsehood[s]" or "reckless disregard for the truth." *Id.* at 386.

Other arguments in Defendants' Amended MSJ are more properly focused on the qualified immunity standard, but even with respect to those arguments, further discovery is essential to Plaintiffs' ability to oppose the Amended MSJ. For example, Defendants argue that they are entitled to qualified immunity for securing the search warrants at issue because they could reasonably have believed the warrants were based on probable cause. (Doc. 348 at 3-12, 19-25.) A defendant is entitled to qualified immunity on a Fourth Amendment claim premised on an alleged lack of probable cause to support a search warrant unless "the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Messerschmidt v. Millender*, 565 U.S. 535, 547 (2012) (internal quotation marks omitted). Though the inquiry turns largely on the contents of the search warrant affidavits themselves and the magistrate's issuance of the warrant, evidence regarding review of the warrant

applications by superiors or prosecutors is also relevant to the objective reasonableness of an officer's belief that the warrants were supported by probable cause. *See id.* at 548-555. Plaintiffs have not had a full opportunity to develop facts related to Defendant Garnand's consultation with Pima County Attorney Malena Acosta, which Plaintiffs aver occurred before Garnand swore out the affidavit for search warrant 17SW1037. (*See* Doc. 310 at 43-44; Doc. 367 at 9.)

### C. Rule 56(d) Relief

As discussed above, Defendants' Amended MSJ is not limited to qualified immunity arguments that can be resolved without discovery. Rather, the Amended MSJ relies upon Defendants' selected version of the facts to dispute Plaintiffs' allegations and to argue that Plaintiffs cannot prove the merits of their constitutional claims. Due to the application of the LEIP until shortly before the close of discovery, Plaintiffs have not had a full and fair opportunity to discover evidence relevant to opposing the arguments contained in the Amended MSJ. Accordingly, the Court finds that Plaintiffs have shown that Rule 56(d) relief is appropriate.

Plaintiffs ask in their Rule 56(d) Motion that their deadline to respond to Defendants' Amended MSJ be deferred until after further discovery is completed. (Docs. 311, 353.) Pursuant to Rule 56(d), the Court may instead deny a summary judgment motion, and the Court finds that denying Defendants' Amended MSJ without prejudice and with leave to re-file is the most judicially efficient course of action here, given that the Amended MSJ is not limited to qualified immunity issues but instead also addresses the merits of Plaintiffs' constitutional claims. In addition, denial of the Amended MSJ with leave to re-file is appropriate because the indictment of Greg Moore is likely to substantially affect the parties' summary judgment arguments.

### D. Stay of Discovery

Because the Court is denying without prejudice Defendants' Amended MSJ pending further discovery, Defendants' Motion to Stay Discovery pending resolution of the Amended MSJ will be denied as moot, and the stay imposed by Magistrate Judge

Bowman in her March 9, 2022 Order (Doc. 356) will be lifted.

### E.  Motion to Continue Case Schedule

The Court will grant Plaintiffs' Motion to Continue Case Schedule. (Doc. 312.) The Court finds that Plaintiffs have shown good cause for an extension of the discovery deadline because, despite their due diligence, the application of the LEIP hindered their ability to conduct discovery until shortly before the discovery deadline expired.

### F.  State Farm's Motion for Clarification

Because the Court is lifting the stay of discovery imposed by Magistrate Judge Bowman, the Court instructs State Farm that it should produce subpoenaed documents previously withheld pursuant to the LEIP. However, the Court will provide Defendants with an opportunity to seek a protective order prior to State Farm's production of those documents.

**IT IS ORDERED** that Plaintiff's Consolidated Objection (Doc. 367) is **granted**.

**IT IS FURTHER ORDERED** that Magistrate Judge Bowman's March 9, 2022 Order (Doc. 356) is **overruled**, as follows:

1. Plaintiffs' Rule 56(d) Motion (Doc. 311) and Renewed Rule 56(d) Motion (Doc. 353) are **granted**, as set forth above.
2. Defendants' Motion to Stay Discovery (Doc. 279) is **denied**.
3. The stay of discovery imposed in the March 9, 2022 Order (Doc. 356) is **lifted**.

**IT IS FURTHER ORDERED** that Magistrate Judge Bowman's March 16, 2022 Order (Doc. 359) is **overruled**, as follows:

1. Plaintiffs' Motion to Continue the Case Schedule (Doc. 312) is **granted**.
2. The deadline for completion of discovery is extended to **November 29, 2022**.
3. The deadline for dispositive motions is extended to **December 29, 2022**.
4. The parties shall file a Joint Proposed Pretrial Order within **thirty (30) days** following the resolution of dispositive motions filed after the close of

discovery or, if no such motions are filed, on or before **January 30, 2023**.

**IT IS FURTHER ORDERED** that Magistrate Judge Bowman's March 18, 2022 Order (Doc. 362) is **partially overruled**, as follows:

1. State Farm's Motion for Clarification (Doc. 335) is **granted**, as follows:
2. Defendants may file a motion for a protective order within **fourteen (14) days** of the date this Order is issued.
3. If Defendants fail to file a motion for a protective order within fourteen days, State Farm should produce to Plaintiffs the subpoenaed documents previously withheld pursuant to the LEIP.
4. If Defendants file a motion for a protective order within fourteen days, State Farm should await resolution of that motion prior to disclosing the subpoenaed documents previously withheld pursuant to the LEIP.
5. Plaintiffs shall ensure that State Farm promptly receives a copy of this Order.

**IT IS FURTHER ORDERED** that Defendants' Amended Motion for Summary Judgment (Doc. 348) is **denied without prejudice and with leave to re-file** after the completion of discovery.

Dated this 29th day of July, 2022.

_____
Honorable Rosemary Márquez
United States District Judge