1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                         **FOR THE DISTRICT OF ARIZONA**

8

9    Greg Moore, et al.,                          No. CV-19-00290-TUC-RM (LAB)

10                    Plaintiffs,               **ORDER**

11   v.

12   Sean Garnand, et al.,

13                    Defendants.

14

15          On August 1, 2022, the Court denied Defendants' Amended Motion for Summary

16   Judgment ("Amended MSJ") without prejudice and with leave to re-file after the

17   completion of discovery, pursuant to Federal Rule of Civil Procedure 56(d).  (Doc. 374.)[1]

18   Defendants filed an interlocutory appeal.  (Doc. 375.)  The Ninth Circuit Court of

19   Appeals has ordered the parties to address, in their appellate briefs, whether the Ninth

20   Circuit "has jurisdiction to review the denial of a motion asserting qualified immunity

21   where the district court denied the motion without prejudice pursuant to Federal Rule of

22   Civil Procedure 56(d)." *Moore v. Garnand*, No. 22-16236 (9th Cir. Aug. 26, 2022).  (*See*

23   Doc. 382 at 7-8.)

24          Currently pending before this Court is Plaintiffs' Motion to Certify Appeal as

25   Frivolous.  (Doc. 377.)  Defendants filed a Response in opposition (Doc. 379), and

26   Plaintiffs filed a Reply (Doc. 382).  Plaintiffs argue that this Court should certify

27   Defendants' appeal of its August 1, 2022 Order as frivolous because appellate courts do

28   ―――――――――――――
[1] All record citations herein refer to the docket and page numbers generated by this
Court's electronic filing system.

1    not have jurisdiction to review denials of qualified immunity on interlocutory appeal

2    when the district court's decision turns on disputes of material fact.   (Doc. 377.)

3    Plaintiffs further argue that Defendants' interlocutory appeal is merely "a continuation of

4    [Defendants'] efforts to frustrate a prompt resolution of this matter," and that certifying

5    the appeal as frivolous is necessary to prevent "more meritless disruption and delay." (*Id.*

6    at 5.)   In opposition, Defendants argue that an interlocutory appeal of a denial of

7    summary judgment based on qualified immunity is allowed even if the denial was

8    without prejudice because the purpose of qualified immunity is not merely to avoid

9    standing trial but to avoid the burdens of pretrial matters such as discovery.  (Doc. 379 at

10   3-5.)  Both parties dispute one another's characterizations of this Court's August 1, 2022

11   Order.  (*See* Doc. 379 at 6-7; Doc. 382 at 3-4.)

12   **I.      Applicable Law**

13          The courts of appeals have jurisdiction "of appeals from all final decisions of the

14   district courts of the United States."  28 U.S.C. § 1291.  "Denials of summary judgment

15   are typically not appealable, as they are not final orders."  *Ballou v. McElvain*, 29 F.4th

16   413, 421 (9th Cir. 2022).   However, under the "collateral order" doctrine, a district

17   court's denial of a defendant's motion for summary judgment based on qualified

18   immunity is an immediately appealable collateral order "to the extent it turns on an issue

19   of law." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).  Appellate jurisdiction is limited

20   to the question of "whether the defendant would be entitled to qualified immunity as a

21   matter of law, assuming all factual disputes are resolved, and all reasonable inferences

22   are drawn, in plaintiff's favor."   *Ballou*, 29 F.4th at 421 (internal quotation marks

23   omitted).

24          Ordinarily, "the filing of a notice of interlocutory appeal divests the district court

25   of jurisdiction over the particular issues involved in that appeal." *City of Los Angeles,*

26   *Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001); *see also*

27   *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (the filing of an interlocutory

28   appeal of a denial of qualified immunity "divests the district court of jurisdiction to

1  proceed with trial"). However, if the notice of appeal "is defective in that it refers to a

2  non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court,

3  and so the ordinary rule that the district court cannot act until the mandate has issued on

4  the appeal does not apply." *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007).

5  In addition, a district court retains jurisdiction to proceed with trial if it certifies in writing

6  "that the defendants' claim of qualified immunity is frivolous or has been waived."

7  *Chuman*, 960 F.2d at 105. A qualified immunity claim is frivolous if it is "so baseless

8  that it does not invoke appellate jurisdiction." *Marks v. Clarke*, 102 F.3d 1012, 1017 n.8

9  (9th Cir. 1996) (internal quotation marks omitted). The ability of a district court to

10  certify an immunity appeal as frivolous "minimizes disruption of the ongoing

11  proceedings," thereby guarding against the opportunity for abuse afforded by a

12  defendant's ability to file successive immunity appeals. *Behrens v. Pelletier*, 516 U.S.

13  299, 310-11 (1996).

14  **II.     Discussion**

15  Plaintiffs characterize the Court's August 1, 2022 Order as holding that issues of

16  fact "precluded a finding, as a matter of law, that Defendants were entitled to qualified

17  immunity." (Doc. 377 at 4.) Defendants characterize the Court's Order as resting on a

18  finding "that Defendants violated clearly established law." (Doc. 379 at 5 (internal

19  quotation marks omitted).) Neither characterization is accurate. The Court did not make

20  a finding that material issues of fact precluded summary judgment, nor did the Court

21  make a finding that Defendants violated clearly established law. Instead, the Court

22  granted relief under Federal Rule of Civil Procedure 56(d) after finding that: (1)

23  Defendants' Amended MSJ was not limited to qualified immunity arguments that could

24  be resolved as a matter of law without discovery because the Amended MSJ relied upon

25  Defendants' selected version of the facts to dispute Plaintiffs' allegations; and (2)

26  Plaintiffs have not had a full and fair opportunity to discover evidence relevant to their

27  opposition to the arguments contained in the Amended MSJ due to prior application of

28  the law enforcement investigatory privilege. (Doc. 374 at 10-12.)

1    Given the nature of this Court's August 1, 2022 Order, it is far from clear that the

2    Ninth Circuit Court of Appeals has jurisdiction over Defendants' appeal.  This Court has

3    not made any determination whether Defendants are entitled to qualified immunity; it

4    merely found that the arguments raised in Defendants' Amended MSJ could not be

5    resolved without further discovery.  Nevertheless, this Court has been unable to locate

6    any Ninth Circuit precedent addressing whether a defendant asserting qualified immunity

7    is entitled to an immediate appeal of a district court's grant of Rule 56(d) relief.[2]  The

8    Court also recognizes that the defense of qualified immunity "is meant to give

9    government officials a right, not merely to avoid standing trial, but also to avoid the

10   burdens of such pretrial matters as discovery."  *Behrens*, 516 U.S. at 308 (internal

11   quotation marks and emphasis omitted).  To the extent Defendants argue on appeal that

12   they were entitled to qualified immunity without further discovery, there is some

13   possibility that the Ninth Circuit Court of Appeals could determine it has jurisdiction

14   even though this Court's August 1, 2022 Order did not explicitly determine whether

15   Defendants are entitled to qualified immunity and even though the Order denied

16   Defendants' Amended MSJ pursuant to Rule 56(d), without prejudice and with leave to

17   re-file.

18   Accordingly,

19   **IT IS ORDERED** that Plaintiffs' Motion to Certify Appeal as Frivolous (Doc.

20   377) is **denied**.

21   Dated this 13th day of September, 2022.

22

23

24

25   _____

26   Honorable Rosemary Márquez
     United States District Judge

27

28   [2] *Dahlia v. Stehr*, 491 Fed. App'x 799 (9th Cir. 2012) (mem.), offers limited support for Defendants' position, though it is unpublished and does not specifically discuss Rule 56(d).