WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greg Moore; et al., | No. CV 19-00290 TUC RM (MAA) |
| Plaintiffs, | **ORDER** |
| vs. | |
| Sean Garnand; et al., | |
| Defendants. | |

Pending before the court is the plaintiffs' motion, filed on January 5, 2024, to compel discovery from the defendant Sean Garnand. Doc. 395. The defendants filed a response on January 19, 2024. Doc. 400. The plaintiffs did not file a reply.

Also pending is the plaintiffs' motion, filed on January 28, 2024, to expedite ruling on the pending motion to compel. Doc. 407. The defendants filed a response on January 29, 2024. Doc. 408. They have no objection to an expedited ruling. Doc. 408, p. 2.

The plaintiffs in this action ("the Moores") claim their constitutional rights were violated when the defendants obtained and executed two search warrants in connection with an arson investigation into the destruction of the Forgeus Apartments on June 8, 2017. Complaint, Doc. 1. The Moores bring this action pursuant to 42 U.S.C. § 1983. Doc. 1, p. 4. The first warrant, for DNA and other personal effects, was executed on June 9, 2017. Doc. 1, p. 8. The second warrant, for financial documents, was executed on June 14, 2017. Doc. 1, pp. 9-10. The Moores claim, among other things, that the warrant applications were

not supported by probable cause and contained "material misrepresentations and omissions." Doc. 1, pp. 16-18.

The plaintiffs move that the court issue an order compelling the defendant Sean Garnand to comply with Request for Production Nos. 2, 3, 4, and 5 and answer Interrogatory Nos. 15, 16, 19, 22, 23, 24, and 25. Doc. 395, pp. 6-8.

Discussion

Pursuant to Rule 37(a)(3)(B)(iii-iv),

> A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents . . . .

Fed.R.Civ.P. Rule 34(a)(1)(A) permits a party to serve "a request within the scope of Rule 26(b) . . . to produce . . . any designated documents or electronically stored information . . . ." Fed.R.Civ.P. Rule 33 permits a party to serve written interrogatories. Fed.R.Civ.P. The interrogatories "may relate to any matter that may be inquired into under Rule 26(b)." Fed.R.Civ.P.33(a)(2).

And, Rule 26(b)(1) permits discovery requests "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P.

"Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance." *United States v. McGraw-Hill Companies, Inc.*, No. CV 13-779-DOC JCGX, 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014). "In turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *Id.* (punctuation modified).

Claims 1, 3, and 4 of the Moores' Complaint remain at issue. Doc. 391, p. 2. In Claim 1, the Moores allege that the warrant application for the first search on June 9, 2017 was not supported by probable cause and contained "material misrepresentations and omissions." Doc. 1, p. 16. They further assert that the defendant, Garnand, used excessive force in executing the warrant. *Id.* In Claim 3, the Moores allege that the warrant application for the second search on June 14, 2017 was not supported by probable cause and contained "material misrepresentations and omissions." Doc. 1, pp. 17-18. In Claim 4, the Moores claim that the "detention of Mrs. Moore [during the execution of the second search warrant] escalated into a seizure and arrest." Doc. 1, pp. 10-11, 18.

<u>Documents Related to the Warrant Applications</u>

The Moores argue first that this court should compel the defendant Garnand to respond to two groups of discovery requests related to the warrant applications. The first group consists of Request for Production (RFP) No. 2, Interrogatory No. 15, RFP No. 3, Interrogatory No. 19, and RFP No. 5. The second group consists of Interrogatory No. 16 and RFP No. 4.

Request for Production (RFP) No. 2 seeks documents "created by or reviewed by the Defendant on or before June 14, 2017, in any way related to the investigation into the Forgeus Fire. . . ." Doc. 395-4, p. 3. Interrogatory No. 15 asks that the defendant "[i]dentify each document relied upon in the telephonic application . . . ." Doc. 395-4, p. 6. RFP No. 3 seeks the documents identified in Interrogatory No. 15. Doc. 395-4, p. 8. Interrogatory No. 19 asks the defendant to identify "any document created after June 14, 2017 [that] is relevant to any of the Plaintiffs' Claims the First through the Fifth . . . ." Doc. 395-4, p. 11. RFP No. 5 seeks the documents identified in Interrogatory No. 19. Doc. 395-4, p. 13.

Interrogatory No. 16 seeks documents "relied upon in the preparation of the application for Search Warrant 17 SW 1037. . . ." Doc. 395-4, p. 8. RFP No. 4 seeks the documents identified in Interrogatory No. 16. Doc. 395-4, p. 10.

The Moores explain that these discovery requests seek evidence relating to the defendants' actions while securing the two search warrants: 17 SW 1017, which was secured the night of June 8, 2017, and 17 SW 1037, which was secured on June 14, 2017. Doc. 395, pp. 6-7.

Discussion: Warrant Discovery

These discovery requests, with the exception of Interrogatory No. 19 and RFP No. 5, are at least relevant to the Moores' allegations of judicial deception. In the Complaint's Claim 1, the Moores allege that "Defendants, in the application [for the first search warrant], made material misrepresentations and omissions, to convince the issuing judge that Greg Moore had probably engaged in a pattern of arsons." Doc. 1, p. 16. In Claim 3, the Moores further allege that "the application [for the second search warrant] contained material misrepresentations and omissions . . . ." Doc. 1, p. 18. These discovery requests seek to establish what documents Garnand knew about and what documents he relied upon when he obtained the search warrants. They are relevant to the Moores' claim that the warrant applications contained "material misrepresentations and omissions." *See Smith v. Almada*, 640 F.3d 931, 937 (9th Cir. 2011) ("To maintain a false arrest claim for judicial deception, a plaintiff must show that the officer who applied for the arrest warrant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause.") (punctuation modified).

In their response brief, the defendants argue primarily that the pending motion is premature because the defendants previously filed a motion to stay discovery and allow the district court to decide the issue of qualified immunity as a preliminary matter. Doc. 400, pp. 1-3; *see* Doc. 394. They similarly argue that the question of qualified immunity may be resolved without the discovery that the Moores are seeking. Doc. 400, pp. 4-5. The motion to stay discovery, however, has since been denied by the district court as an untimely motion for reconsideration of this court's prior order, which instructed the parties that they must engage in discovery before the qualified immunity issue will be addressed. Doc. 406. The

pending motion to compel discovery is no longer premature. *Id.* The district court has already decided that discovery should proceed before the question of qualified immunity will be addressed. *Id.*

The defendants also argue that the discovery items that the Moores' seek "have already been provided to the Plaintiffs." Doc. 400, p. 4. The defendants explain that "Plaintiffs already have the information and documents responsive to Interrogatory No. 16 and RFP No. 4." The Moores did not file a reply disputing this assertion. The motion to compel will be denied as it relates to Interrogatory No. 16 and RFP 4. Doc. 400, p. 5.

In their original objection[1] to the Moores' interrogatories, the defendants argued that discovery is precluded by collateral estoppel/issue preclusion. Doc. 395-4, p. 7 (citing Doc. 51, Point Two). They did not elaborate on this issue in their response to the pending motion to compel. Doc. 400.

In a prior pleading, the defendants argued that the Moores are not entitled to certain discovery, the unredacted Telephonic Affidavit, because of collateral estoppel or issue preclusion. Doc. 51, pp. 3-6. The defendants explained that this concept binds a party to a prior decision if "(1) the issue was actually litigated in the previous proceeding; (2) the parties had a full and fair opportunity and motive to litigate the issue; (3) a valid and final decision on the merits was entered; [and] (4) resolution of the issue was essential to the decision." Doc. 51, p. 4.

The defendants, however, have not presented any evidence showing that the pending discovery issues were actually litigated in a previous proceeding. The defendants seem to argue that the relevant previous proceeding was a state public records action where the Moores tried to obtain certain documents from the Tucson Police Department using the state public records law. *See Moore v. City of Tucson*, 2020 WL 4495426 (Ariz. App. 2020) (not for publication). But, the fact that a state court ruled that certain documents would not be

---

[1] In their response brief, the defendants state that they "stand by their originally asserted Objections to all of the listed interrogatories." Doc. 400, p. 6.

1  disclosed pursuant to the state's public records law does not resolve the issue presented here,
2  which is whether they are discoverable pursuant to the Federal Rules of Civil Procedure.
3  Collateral estoppel/issue preclusion does not preclude discovery in this case.

4  In their original objections to discovery, the defendants also argued that the court
5  lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.  Doc. 395-5, p. 7
6  (citing Doc. 51, Point Three).   They did not elaborate on this issue in their response to the
7  pending motion to compel.  Doc. 400.

8  In a prior pleading, the defendants explained that the *Rooker-Feldman* doctrine holds
9  that federal courts lack subject matter jurisdiction "to exercise appellate review over final
10 state court judgments."  Doc. 51, p. 6  (citing *Henrichs v. Valley View Dev.*, 474 F.3d 609,
11 613 (9th Cir. 2007)).  In other words, the *Rooker-Feldman* doctrine precludes "cases brought
12 by state-court losers complaining of injuries caused by state-court judgments rendered before
13 the district court proceedings commenced and inviting district court review and rejection of
14 those judgments."  (Doc. 51, p. 7) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
15 544 U.S. 280, 284 (2005)).

16 In the Ninth Circuit, the *Rooker-Feldman* doctrine  has been given a relatively strict
17 interpretation.  "[F]or *Rooker–Feldman* to apply, a plaintiff must seek not only to set aside
18 a state court judgment; he or she must also allege a legal error by the state court as the basis
19 for that relief."  *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004).

20 Ordinarily, the *Rooker-Feldman* doctrine is raised by a party challenging a federal
21 court's jurisdiction over a complaint or cause of action.  *See, e.g., Kougasian v. TMSL, Inc.*,
22 359 F.3d 1136, 1140 (9th Cir. 2004)  (challenging particular claims).  The defendants here
23 seek to use the doctrine to challenge this court's jurisdiction over a motion to compel
24 discovery.  Assuming arguendo that the doctrine can apply to a single discovery motion, the
25 court finds that the *Rooker-Feldman* doctrine has no application here.

26 The Moores are not seeking to set aside a state court judgment.  Neither are they
27 alleging legal error by the state courts.  They are seeking an order compelling discovery
28

pursuant to the Federal Rules of Civil Procedure. *Rooker-Feldman* does not apply. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004).

The defendants further argue that discovery should not proceed because the Moores are improperly using civil discovery tools to supplement the criminal discovery allowed in a separate case. (Doc. 400, p. 4.) The defendants previously notified the court that Greg Moore was indicted on May 10, 2022 by a state grand jury. (Doc. 369, p. 3.) They seem to be arguing that civil discovery in this case should not proceed because Greg Moore should not be allowed to use relatively liberal civil discovery rules as a means to circumvent relatively restrictive criminal discovery rules. *See also* Doc. 395-4, p. 5 (citing *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962), *cert. denied*, 371 U.S. 955 (1963); *Accord Baker v. SeaWorld Entm't, Inc.*, 2018 WL 1726534, at 2-3 (S.D. Cal. 2018) and 2017 WL 6059121, at 2-3 (S.D. Cal. 2017) and *McSurely v. McClellan*, 426 F.2d 664, 671-672 (D.C.Cir.1970)).

The defendants, however, have made no showing that the discovery afforded by the Federal Rules of Civil Procedure is, in fact, more liberal than that permitted by the Arizona Rules of Criminal Procedure. Assuming arguendo that Greg Moore is currently being prosecuted by the State of Arizona, the court cannot conclude that discovery in this case would be improper.

The defendants further object to Interrogatory No. 19 and RFP No. 5 on the issue of relevancy. (Doc. 400, p. 4, n. 3.); (Doc. 395-4, p. 11.) Interrogatory No. 19 asks the defendants to identify "any document created after June 14, 2017 [that] is relevant to any of the Plaintiffs Claims the First through the Fifth . . . ." (Doc. 395-4, p. 11.) RFP No. 5 seeks the documents identified in Interrogatory No. 19. (Doc. 395-4, p. 13.) The court agrees. It does not appear that any document created after June 14, 2017, when the second search warrant was executed, would bear on the Moores' Fourth Amendment rights as they relate to the first and second search warrants.

Garnand's Qualifications

In the Second Set of Requests, Interrogatory Nos. 22 and 23, the Moores seek information about Garnand's qualifications. Interrogatory No. 22 asks the defendant to "[i]dentify each text or publication upon which you rely in conducting arson investigations." Doc. 395-4, p. 16. Interrogatory No. 23 asks the defendant to "[i]dentify each text or publication you consider authoritative in the investigation of arson." Doc. 395-4, p. 18. The Moores argue that Garnand's qualifications are relevant because he "put his training, experience, education and expertise in fire investigation into issue in this case in justifying issuance of both 17 SW 1017 and 17 SW 1037." Doc. 395, p. 8 (citing Doc. 1-2, Exhibit A., p. 3).

The court agrees that Garnand's qualifications are relevant at least to the extent that he represented (or implied) in the warrant applications that he is an expert in the field of arson and the warrants should issue, in part, due to the conclusions he has made in light of those qualifications. *See* Affidavit in support of search warrant 17 SW 1037, Doc. 1-2.

The defendants argue that these issues are premature and should be postponed until after the court resolves the issue of qualified immunity. Doc. 400 p. 5. As the court explained above, the district court has already rejected this approach. Doc. 406.

The Defendants' Opinions

Interrogatory No. 24 asks the following: "With regard to any opinions regarding the arson at 2427-2429 N. Forgeus Avenue on June 8, 2017, that you have arrived at: a. State each opinion; b. Identify each document you reviewed in arriving at the opinion; c. Identify each person upon whose counsel you relied in forming each opinion." Doc. 395-4, pp. 19-20. Interrogatory No. 25 similarly asks the following: "With regard to any opinions regarding the arson at 3954 E. Blacklidge Drive, Unit * 3 on March 30, 2011 that you have arrived at: a. State each opinion; b. Identify each document you reviewed in arriving at the opinion; c. Identify each person upon whose counsel you relied in forming each opinion." Doc. 395-4, pp. 19-21. The Moores state in conclusory fashion that these interrogatories are relevant "[w]ithout question." Doc. 395, p. 8.

The court finds that while these interrogatories might encompass some discoverable material, their scope is so broad that the "burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P.26. Any opinions that the defendants formed after the search warrants were executed are probably irrelevant. Doc. 395-4, pp. 19-21. Opinions formed before the warrants were obtained could be relevant, but the interrogatories are not limited to those opinions that relate to the Moores' outstanding Claims. They seek the defendants' opinions *regarding* the two arsons without qualification. Doc. 395-4, pp. 19-21. These discovery requests sweep too broadly to comply with Fed.R.Civ.P.26(b)(1).

IT IS ORDERED that the plaintiffs' motion, filed on January 5, 2024, to compel discovery from the defendant Sean Garnand is GRANTED in PART. Doc. 395. The defendant must respond to Interrogatory Nos. 15, 22, and 23 and Request for Production Nos. 2 and 3 within 14 days from the filing of this order. The motion is otherwise Denied.

IT IS FURTHER ORDERED that the plaintiffs' motion, filed on January 28, 2024, to expedite ruling on the pending motion to compel is GRANTED to the extent this order provides the relief requested. Doc. 407.

DATED this 15th day of February, 2024.

Honorable Michael A. Ambri
United States Magistrate Judge

- 9 -