**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greg Moore; et al., | No. CV 19-00290 TUC RM (MAA) |
| Plaintiffs, | **ORDER** |
| vs. | |
| Sean Garnand; et al., | |
| Defendants. | |

Pending before the court is the defendants' motion, filed on February 21, 2024, to re-set the briefing schedule for the plaintiffs' pending motion for partial summary judgment. Doc. 425. The plaintiffs filed a response on March 4, 2024. Doc. 427. The defendants filed a reply on March 11, 2024. Doc. 434.

The plaintiffs in this action ("the Moores") claim their constitutional rights were violated when the defendants obtained and executed two search warrants in connection with an arson investigation into the destruction of the Forgeus Apartments on June 8, 2017. Complaint, Doc. 1. The Moores bring this action pursuant to 42 U.S.C. § 1983. Doc. 1, p. 4. The first warrant, for DNA and other personal effects, was executed on June 9, 2017. Doc. 1, p. 8. The second warrant, for financial documents, was executed on June 14, 2017. Doc. 1, pp. 9-10. The Moores claim, among other things, that the warrant applications were not supported by probable cause and contained "material misrepresentations and omissions." Doc. 1, pp. 16-18.

In the instant motion, the defendants move that this court re-set the briefing schedule for the Moores' pending motion for partial summary judgment (MPSJ) because the

1  defendants' petition for writ of certiorari with the Supreme Court might be granted and the
2  Ninth Circuit's memorandum decision, upon which the MPSJ is based, could be overturned.
3  Doc. 425.  Good cause appearing, the motion will be granted.  Doc. 425.

4  <u>Discussion</u>

5  On August 1, 2022, this court denied without prejudice the defendants' motion for
6  summary judgment on the issue of qualified immunity and instructed the defendants to refile
7  the motion at the close of discovery.  Doc. 374.  The defendants subsequently filed a notice
8  of interlocutory appeal to the Ninth Circuit.  Doc. 375.  On November 29, 2023, the Ninth
9  Circuit issued a memorandum decision that held, among other things, that portions of the
10 second search warrant were not supported by probable cause.  Doc. 389, pp. 5-9.  This court
11 subsequently amended the scheduling order setting the dispositive motion deadline for May
12 16, 2024.  Doc. 391.

13 On February 9, 2024, the Moores filed the pending motion for partial summary
14 judgment (MPSJ) arguing that the second search warrant was not supported by probable
15 cause based on that Ninth Circuit decision.  Doc. 421, pp.1, 4;  Doc. 389, pp. 5-9.  The
16 defendants have not yet filed their response to the motion.  The deadline for filing a response
17 was March 11, 2024.  LRCiv 56.1(d); Fed.R.Civ.P. 6.

18 Before the response deadline, on February 21, 2024, the defendants filed the instant
19 motion to re-set the briefing schedule for the Moores' pending MPSJ.  Doc. 425.  The
20 defendants explain that they have filed a petition for writ of certiorari with the Supreme
21 Court seeking relief from the Ninth Circuit memorandum decision on which the Moores base
22 their pending MPSJ. Doc. 425, p. 2.  The defendants move that this court re-set the briefing
23 schedule for the pending MPSJ to reflect a constructive filing date for the motion of May 16,
24 2024, the dispositive motion deadline.  Doc. 425, p. 3. Otherwise, they argue, the parties and
25 the court might waste resources addressing these issues prematurely.

26 In their response, the Moores assert that Rule 56(d) "governs whether a non-movant
27 may be granted relief from filing an opposition to a Motion for Summary Judgment" but the
28

defendants here have failed to file the required affidavit. Doc. 427, p. 1; Fed.R.Civ.P. The instant motion, however, was not filed pursuant to Rule 56(d). Fed.R.Civ.P. It appears to have been filed pursuant to Rule 6(b)(1)(A), which allows the court to "extend the time" within which "an act may or must be done" for good cause if the motion is filed before the original time expires. Fed.R.Civ.P.

The plaintiffs further argue that the instant motion to re-set will delay "resolution of the Claims." Doc. 427, p. 1. The instant motion certainly delays resolution of this particular claim, but the pending motion for partial summary judgment does not resolve *all* of the Moores' claims, so the instant motion will not delay the ultimate resolution of the action.

Finally, the plaintiffs argue that there is no need to await the Supreme Court's decision regarding the petition because "there is no possibility the Supreme Court will deem the case of any merit whatsoever." Doc. 427, p. 2. This court will refrain from second guessing what the Supreme Court will decide regarding the petition for writ of certiorari.

This court concludes that there is good cause for re-setting the briefing on the plaintiffs' pending motion for partial summary judgment. Fed.R.Civ.P. 6(b)(1)(A). It does not appear that the Moores will be prejudiced, and re-setting the briefing might prevent the parties and the court from wasting resources by addressing the issues prematurely.

IT IS ORDERED that the defendants' motion, filed on February 21, 2024, to re-set the briefing schedule for the plaintiffs' pending motion for partial summary judgment (MPSJ) is GRANTED. Doc. 425. The briefing schedule is re-set to reflect a constructive filing date for the MPSJ on the dispositive motion deadline currently set for May 16, 2024.

DATED this 12th day of March, 2024.

Honorable Michael A. Ambri
United States Magistrate Judge