WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greg Moore, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>Sean Garnand, et al.,<br><br>    Defendants. | CV-19-00290-TUC-RM-MAA<br><br>**ORDER** |

    Pending before the court is Plaintiffs' motion to compel discovery and for sanctions and costs. Doc. 432. Defendants filed a response. Doc. 435. Plaintiffs filed a reply. Doc. 437. The motion is granted in part and denied in part as set forth below.

    The plaintiffs in this action ("the Moores" or "Plaintiffs") claim their constitutional rights were violated when the defendants obtained and executed two search warrants in connection with an arson investigation into the destruction of the Forgeus Apartments on June 8, 2017. Complaint, Doc. 1; Doc. 391, p. 2 ("The remaining claims in this matter are Counts One, Three and Four of the Plaintiffs' Complaint."). The Moores bring this action pursuant to 42 U.S.C. § 1983. Doc. 1, p. 4. The first warrant, for DNA and other personal effects, was executed on June 9, 2017. Doc. 1, p. 8. The second warrant, for financial documents, was executed on June 14, 2017. Doc. 1, pp. 9-10. The Moores claim, among other things, that the warrant applications were not supported by probable cause and contained "material misrepresentations and omissions." Doc. 1, pp. 16-18.

    The motion seeks an order directing that counsel for Defendants be precluded from instructing witnesses not to answer questions posed in deposition except on the ground of privilege. The motion also requests that Defendants be ordered to produce Edwin Arnaud

for deposition to answer questions that Defendants' counsel instructed him not to answer in his deposition on March 6, 2024.  Last, Plaintiffs request costs and fees of the motion.

Under Rule 30(c)(2), Fed. R. Civ. P., "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."  Under Rule 30(d)(3), "the deponent or party may move to terminate or limit [the deposition] on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party" and "[i]f the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order."  The Court finds that counsel may instruct a witness not to answer a deposition question for any of the three reasons in Rule 30(c)(2), including to file a motion under Rule 30(d)(3).  The motion will be denied as it relates to counsel's ability to instruct a witness not to answer deposition questions.

The motion argues that, faced with a question Defendants believe should not be answered, Defendants must either allow the answer or immediately terminate the deposition.  Under Rule 30(d)(3), suspending the deposition is required "if the objecting deponent or party so demands."  Fed. R. Civ. P. 30(d)(3)(A).  Based on this permissive language, and for efficiency in completing discovery in this action (*see* Fed. R. Civ. P. 1), the Court finds that the objecting party may, but is not required, to suspend the deposition if the party intends to seek an order to terminate or limit the deposition under Rule 30(d)(3).  The Court will deny the motion as it relates to counsel's options should she intend to file a motion pursuant to Rule 30(d)(3).

At this time, the Court leaves it to counsel's discretion whether to suspend a deposition pending decision on motion under Rule 30(d)(3).  However, this Court notes its strong preference that, in the event of an instruction not to answer a question, the deposition proceed to conclusion except for any answers withheld, so that discovery may proceed as much as possible and all objections may be identified for resolution by the parties or the court.  The court expects that counsel will confer and attempt to resolve or narrow any objections at the time of the deposition (*e.g.,* whether the question can be asked differently,

whether the parties can agree on an acceptable scope of the information, etc.).  If the Court overrules the objection(s), the deposition may be ordered reopened.

On Plaintiffs' motion (Doc. 432), the parties have briefed the matters in issue with respect to the Arnaud deposition.  Defense counsel instructed the witness not to answer two questions related to photographs taken by Mr. Arnaud.  Defendants argue that the questions seek information not relevant in this action, that the questions are directed to obtaining improper discovery for a pending criminal matter against Plaintiff Greg Moore, and that, in such circumstances, the questions are asked in bad faith or constitute unreasonable annoyance, embarrassment or oppression within the meaning of Rule 30(d)(3).  The Court finds that the questions seek information that is relevant in this action.  The Court overrules the objections and will order that the Arnaud deposition be reconvened for Plaintiffs to inquire into the matters that were unanswered on March 6, 2024.

Plaintiffs claim, among other things, that the subject warrant applications were not supported by probable cause and contained "material misrepresentations and omissions." Doc. 1, Complaint, pp. 16-18.  If Mr. Arnaud took photographs of the alleged crime scene and defendants had access to or knowledge of those photographs when the warrant applications were submitted, then the photographs are some evidence of what the defendants knew when the warrants were obtained.  And those photographs could be evidence that the defendants made material misrepresentations or omissions concerning the evidence present at the crime scene and whether Plaintiff was responsible for the fire. The court finds that this avenue of questioning could yield relevant information.

Defendants argue that the only judicial deception allegations at issue are those that Greg Moore identified in his deposition as described in Defendants' Statement of Facts Supporting Motion for Summary Judgment filed February 3, 2022 (Doc. 435, p. 3).  The Court declines to limit discovery to what Plaintiffs knew at the time of their deposition. They must be able to develop facts relating to the claims alleged in their Complaint.

Defendants also argue that Plaintiffs released Mr. Arnaud from deposition on March 6, 2024. During or after that deposition, the parties' counsel contacted the court.  Following

a telephone conference with the court, the parties' counsel conferred and then notified the court that they no longer needed the court's assistance.  According to the Response (Doc. 435), counsel reached an agreement concerning the conduct of the deposition, and Defendants offered to reconvene the Arnaud deposition that afternoon, but plaintiffs' counsel responded that the witness was released.  Having released the witness, Defendants argue, Plaintiffs cannot now ask that the witness be called back for further deposition.  However, Plaintiffs' motion requests only that Mr. Arnaud be called back to answer the matters that were previously unanswered due to defense counsel's instruction.  There is no information before the court that Defendants agreed to allow Plaintiffs to inquire into the matters that were previously unanswered, and there would be no reason to resume the deposition later the same day on matters that the witness had been instructed not to answer.

The request for attorneys' fees and expenses is denied.  At this time, the court does not find counsel's actions substantially unjustified, unreasonable or vexatious.  The court does not hereby make any rulings regarding the admissibility of evidence.

Accordingly,

IT IS ORDERED that the Motion (Doc. 432) is GRANTED as to the request to reopen the Arnaud deposition.  The witness shall be produced for deposition within 30 days.  Counsel shall work together to set the deposition on a mutually agreeable date.  The deposition shall be limited to matters the witness was previously instructed not to answer.  Plaintiffs shall be allowed to ask the questions that were not answered and to ask followup questions reasonably related to the subject topic(s).

IT IS FURTHER ORDERED that the Motion (Doc. 432) is DENIED in all other respects.

Dated this 15th day of April, 2024.

Honorable Michael A. Ambri
United States Magistrate Judge