**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greg Moore; et al., ) | No. CV 19-00290 TUC RM (MAA) |
| Plaintiffs, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Sean Garnand; et al., ) | |
| Defendants. ) | |

Pending before the court is the defendants' motion, filed on March 20, 2024, to prohibit the plaintiffs from using criminal discovery documents and violating Rule 26(b)(1). Doc. 444. The plaintiffs filed a response on March 22, 2024. Doc. 449. The defendants filed a reply on March 28, 2024. Doc. 454. The defendants filed a supplement to their motion on March 28, 2024. Doc. 456.

The plaintiffs in this action ("the Moores") claim their constitutional rights were violated when the defendants obtained and executed two search warrants in connection with an arson investigation into the destruction of the Forgeus Apartments on June 8, 2017. Complaint, Doc. 1; *see also* Doc. 391, p. 2 ("The remaining claims in this matter are Counts One, Three and Four of the Plaintiffs' Complaint."). The Moores bring this action pursuant to 42 U.S.C. § 1983. Doc. 1, p. 4. Their Complaint was filed on May 24, 2019. Doc. 1.

The first warrant, for DNA and other personal effects, was executed on June 9, 2017. Doc. 1, p. 8. The second warrant, for financial documents, was executed on June 14, 2017. Doc. 1, pp. 9-10. The Moores claim, among other things, that the warrant applications were

not supported by probable cause and contained "material misrepresentations and omissions." Doc. 1, pp. 16-18.

Greg Moore is currently being prosecuted by the State of Arizona. Doc. 444, p. 2. In late 2022 and early 2023, the State disclosed to Greg Moore a large number of documents pursuant to Ariz.R.Crim.P. 15.1. *Id.* Apparently the Moores have been using some of these documents in this case, specifically as deposition exhibits. Doc. 444, p. 2. On March 18, 2023, the Moores disclosed all of these documents to the defendants in a disclosure supplement. *Id.* The disclosures constitute approximately 33,000 pages of material including attachments. *Id.* The defendants argue that the Moores' use of this material "is wholly improper, beyond the scope of Fed.R.Civ.P. 26(b)(1)."

Discussion

Rule 26(b)(1) discusses the scope of discovery. Fed.R.Civ.P. In general,

> Parties *may obtain* discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26 (emphasis added). The Rule explains in general what discovery a party may obtain from another. *Id.* It does not, however, limit what documents or information a party may use to prove its claim. *Id.* While it might be true that the Moores could not, pursuant to Rule 26(b)(1), compel the State to disclose all of those documents, the Rule does not forbid the Moores from using those documents in this lawsuit. Fed.R.Civ.P.; *see, e.g., Belford Strategic Inv. Fund, LLC v. United States*, 2005 WL 3278597, at *3 (N.D. Cal. Nov. 7, 2005) ("Any additional discovery obtained through a parallel criminal proceeding is a windfall, not an entitlement."). "Admissibility is different than discoverability." *Caballero v. Bodega Latina Corp.*, 2017 WL 3174931, at *9 (D. Nev. July 25, 2017). (The *Caballero* court considered the more common situation where the scope of discovery was broader than

1. the standard for admissibility, but in the instant motion this court considers the opposite circumstance.).

Of course, if the documents were irrelevant, they would not be admissible. If they were privileged or otherwise sensitive, their use could be limited or precluded. But the defendants do not make any of these arguments. They insist instead that the use of *any* documents disclosed pursuant to Ariz.R.Crim.P. 15.1 is improper in a civil suit, but they have provided no case law to support their argument, and the court has found none. *See also Rosenthal v. Giuliani*, 2001 WL 121944, at *2 (S.D.N.Y. Feb. 9, 2001) ("[A] stay in the [civil] action will streamline later civil discovery since transcripts from the criminal case will be available to the civil parties.").

In the alternative, the defendants argue that the documents were not disclosed "in a timely manner." Fed.R.Civ.P. 26(e)(1)(A). They argue that "it was [the plaintiffs'] obligation to disclose the Criminal Discovery Dump seasonably – not on the eve of the depositions of the two named defendants. . . ."

In their response, the Moores explain that this case is subject to the Mandatory Initial Discovery Pilot program, under which they must disclose "any document that comes into their possession which *might* bear upon any claim or defense." Doc. 449, p. 1 (emphasis in original); *see* General Order 17-08, Doc. 3, pp. 3-12. And they disclosed the criminal discovery documents with that requirement in mind.

The Moores further note that document disclosure in this lawsuit was originally restricted by the law enforcement investigatory privilege (LEIP). Accordingly, the defendants initially disclosed documents and photographs that had been redacted in accordance with the privilege. The court has since rescinded the LEIP as pertaining to this case. But, according to the Moores, the defendants "have *never* supplemented[1] the disclosures so that Plaintiffs know they have all the material withheld or redacted." Doc.

---

[1] The defendants maintain, to the contrary, that they have supplemented their initial discovery response. Doc. 454, p. 3.

449, p. 2 (emphasis in original). The Moores found that some of those unredacted materials were disclosed by the State in the criminal case, and they used some of those unredacted materials during depositions in this action.

It appears that the documents that have already been used by the Moores during deposition are relevant and discoverable. The defendants, however, do not specifically identify these documents. Neither do they state when these particular documents were disclosed to the Moores. It is therefore difficult for the court to determine whether they were disclosed "in a timely manner." Fed.R.Civ.P. 26(a). Nevertheless, the court agrees that disclosure of large amounts of discovery "on the eve of the deposition of the two named defendants" could be problematic, and the parties should work to minimize any possible prejudice stemming from such a practice. Doc. 444, p. 3. If the defendants need time to digest the voluminous disclosure, the parties should consider resetting the dates for the depositions.

The defendants further assert that the plaintiffs' counsel refuses "to conduct depositions in this civil case within the bounds of Fed.R.Civ.P. 26(b)(1)." Doc. 444, p. 2. The court agrees as a general matter that depositions are discovery that fall within the limits of Rule 26(b)(1), and discovery should be confined to the "claims and defenses asserted in the pleadings." Fed.R.Civ.P. 26, Advisory Committee's Note (2000 Amendment). The defendants, however, do not offer any specifics as to what they believe the plaintiffs' counsel has done or will do that exceeds the bounds of Rule 26(b)(1). Fed.R.Civ.P. The court will not issue an advisory order on this record.

The defendants filled a supplement to their motion on March 28, 2024. Doc. 456. This brief, however, does not supplement the arguments made in the original motion. *Id.* Instead, it raises two new issues concerning (1) "a subpoena issued to the City of Tucson" and (2) "items emailed to Defendants by attorney Moore, via a Dropbox link." Doc. 456. The brief further asserts that "Defendants' Motion for Protective order (Dkt. 444) will be fully briefed as of March 28, 2024," which was the date the supplement was filed.

If the defendants intend to raise additional issues, they should do so in a separate motion and allow the plaintiffs an opportunity to file a responsive brief in accordance with the Local Rules. The court expresses no opinion as to the merits of these additional issues.

IT IS ORDERED that the defendants' motion, filed on March 20, 2024, to prohibit the plaintiffs from using criminal discovery documents and violating Rule 26(b)(1) is DENIED. Doc. 444.

DATED this 24th day of April, 2024.

_____
Honorable Michael A. Ambri
United States Magistrate Judge