**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greg Moore; et al., | No. CV 19-00290 TUC RM (MAA) |
| Plaintiffs, | **ORDER** |
| vs. | |
| Sean Garnand; et al., | |
| Defendants. | |

Pending before the court is the plaintiffs' motion, filed on April 16, 2024, for sanctions against the defendant/deponent Sean Garnand and his counsel pursuant to Fed.R.Civ.P. 30(c)(2) and for expenses pursuant to Fed.R.Civ.P. 30(d)(3)(C) and 28 U.S.C. § 1927. Doc. 466. The defendants filed a response on April 30, 2024. Doc. 474. The plaintiffs did not file a reply.

The plaintiffs in this action ("the Moores") claim their constitutional rights were violated when the defendants obtained and executed two search warrants in connection with an arson investigation into the destruction of the Forgeus Apartments on June 8, 2017. Complaint, Doc. 1; *see* Doc. 391, p. 2 ("The remaining claims in this matter are Counts One, Three and Four of the Plaintiffs' Complaint."). The Moores bring this action pursuant to 42 U.S.C. § 1983. Doc. 1, p. 4. The first warrant, for DNA and other personal effects, was executed on June 9, 2017. Doc. 1, p. 8. The second warrant, for financial documents, was executed on June 14, 2017. Doc. 1, pp. 9-10. The Moores claim, among other things, that

the warrant applications were not supported by probable cause and contained "material misrepresentations and omissions." Doc. 1, pp. 16-18.

On March 28, 2024, the defendant, Sean Garnand, was deposed by the plaintiffs' counsel. Doc. 466, p. 1. In the pending motion, the plaintiffs move that the court award sanctions against Garnand and his counsel for their behavior at that deposition.

Discussion

The Moores allege that the deponent Garnand and his counsel engaged in improper conduct at the deposition held on March 28, 2024. The court considers each allegation in turn.

First, the Moores argue that Garnand improperly refused "to give his age or birthdate. . . ." Doc. 466, p. 7.

Pursuant to Fed.R.Civ.P. 30(c)(2), deponents may not refuse to answer a question unless "necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Rule 30(d)(3) applies if "the deponent or a party" believes the deposition "is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."

The Moores assert that Garnand refused to give his age or birthdate at the deposition. Doc. 466, p. 7. They do not report what reason, if any, Garnand offered to explain his failure to answer. They also do not explain why they were seeking this information. In their response, the defendants argue that the information is irrelevant and a violation of Garnand's privacy rights. *See* Doc. 474, pp. 4-5. It is understandable that a former law enforcement officer would not want his personal identifying information made public. Without more, this court cannot conclude that Garnand's failure to answer was improper.

The Moores further argue that Garnand improperly refused to answer questions about "a checkbook of a previous tenant, found in a trash can, which identified the owner of the property as Forgeus Apartment, LLC." Doc. 466, p. 7 (punctuation modified). The Moores

1  complain that Garnand "would answer no questions about his investigation that night unless
2  *he* decided the question was relevant." Doc. 466, p. 7 (emphasis in original).
3       The defendants explain that Garnand refused to answer the question, not because he
4  thought the question irrelevant, but because he thought the question sought information that
5  might run afoul of the criminal disclosure rules pursuant to Ariz.R.Crim.P. 15. Doc. 466-3,
6  p. 191.  Apparently, the plaintiff, Greg Moore, is currently being prosecuted in a parallel
7  action in state court.  Garnand thought that the prosecutor in that criminal action (or a
8  representative) should be present before those matters were discussed. *Id.* The defendants'
9  counsel agreed on this point. Doc. 466-3, p. 192. The Moores do not address this issue.
10 Without more, the court cannot conclude that Garnand's failure to answer was improper. *See*
11 Doc. 474, pp. 5-7. The court expresses no opinion at this time as to whether the law permits
12 Garnand to refuse to answer questions about his investigation because the answers might
13 violate the Ariz.R.Crim.P. 15 disclosure rules.
14       The Moores also argue that the defendants' counsel made too many objections. They
15 allege that counsel made "a stunning 504 objections in 221 pages of testimony." Doc. 466,
16 p. 8.  "Of those, 360 objections were to the 'form' of the question, without further
17 elaboration; 133 objections asserted 'Rule 26(b)(1),' also without elaboration." Doc. 466,
18 p. 8. Apparently, the defendants' counsel tried to assert a standing objection as to relevancy,
19 but she later changed her mind stating, "I can't resist, Michael, so I'm going to have to say
20 26(b)(1) some more. So 26(b)(1)." Doc. 466, p. 9.
21       The court agrees that a standing objection would allow the deposition to proceed more
22 smoothly, but the objections were offered "without elaboration," so it does not appear that
23 they took too much time away from the proceedings. It does not appear that counsel was
24 interjecting these objections in bad faith. The Moores concede that she did try to use a
25 standing objection, although she was ultimately unsuccessful. Doc. 466, p. 9.
26       The Moores further assert that counsel engaged in unnecessary discussion concerning
27 an alleged meeting between Garnand and the plaintiffs' counsel.  The Moores do not
28

1  elaborate on the particulars of the discussion, so the court is unable to evaluate whether the
2  discussion was proper or not.  Doc. 466, pp. 9-10.
3        The Moores further argue that the defendants' counsel "engaged repeatedly in
4  speaking objections clearly intended to further delay and also to coach the Defendant as to
5  'correct' answers to give."  Doc. 466, p. 10.  They cite to areas of the deposition record but
6  do not direct the court to specific statements and explain why they were improper.  Doc. 466,
7  p. 10.  Apparently, at one point counsel asked that the witness's recollection be refreshed by
8  a recording.  Doc. 466, p. 10.  It does not appear that the suggestion was offered in bad faith.
9        When counsel asked Garnand about his training, the defendants' counsel made the
10 following objection: "Object to the form, calls for a legal conclusion.  And once again,
11 you're reading from some random piece of paper that you refuse to show the witness."  Doc.
12 466, p. 10  The Moores obviously found this objection improper, but they do not elaborate.
13 Counsel's objection memorializes what took place during the deposition.  It does not appear
14 to be overly time consuming.  It does not appear to "coach the Defendant as to 'correct'
15 answers to give."  *Id.*
16       Finally, the Moores argue that this court should order the deposition to continue.
17 Apparently, the deposition was being held at the Arizona Bar office, which closes at around
18 5:00 p.m.  At 4:45 p.m., the Moores "sought agreement from Defendant's counsel to suspend
19 the deposition and continue it by agreement," but "[t]his was refused."  Doc. 466, p. 11.  *Id.*
20 The Moores move that this court order the deposition "extended by one and one-half (1 ½)
21 hours, for a total time of eight and one-half (8 ½) hours."  Doc. 466, p. 12.
22       In their response, the defendants maintain that "Plaintiffs' motion is premised on a lie.
23 . . ."  Doc. 474, p. 1.  They assert that the deposition only lasted for *four and one-half hours*
24 before "attorney Moore purported to unilaterally 'suspend' Garnand's deposition to some
25 later, unspecified day."  Doc. 474, pp. 1-2.
26       The defendants maintain that if the Moores want to continue the deposition, they must
27 file a motion pursuant to Rule 30(a)(2)(A)(ii), which is required if a party "seek[s] leave of
28 court to depose a deponent who has already been deposed in the case absent a stipulation to

the deposition by the parties." Doc. 474, p. 2. They assert that "Plaintiff cited no case law to support his assertion that he had the ability to unilaterally suspend a deposition and continue it again on a later date." Doc. 474, p. 2. Moreover, they observe that the Rules explicitly limit a deposition to "*one day* of 7 hours." *Id.* (emphasis in original).

The defendants further argue that "attorney Moore's deposition 'suspension' was undoubtedly a pre-planned ruse." Doc. 474, p. 2. They note that the start of the deposition was pushed back from 9 a.m. to 10 a.m. "without explanation." Doc. 474, p. 2. And when counsel arrived, he "was carrying a cardboard tray with coffees for himself and his clients." Doc. 474, p. 3. They assert that counsel must have known that the facility closed at 5:00 p.m. *Id.* The defendants' counsel offered "to complete the deposition at the offices of defense counsel two blocks away," but he declined the offer. Doc. 474, p. 3.

The court agrees that, absent a stipulation, a party must seek leave of court to depose a deponent a second time. But it does not appear that the Moores are ignorant of the Rule. They did file the pending motion in which they ask the court for permission to continue the deposition. They did not explicitly denote the motion as one brought pursuant to Rule 30(a)(2)(A)(ii), but the court can, and does, construe it as such. *See* Fed.R.Civ.P. 1.

Assuming the defendants are correct and the deposition lasted only four and one-half hours, it is not unreasonable to require the deponent to appear for an additional one and one-half hours. Garnand directed the arson investigation. He is a defendant and the most important fact witness. Moreover, when Garnand asserted that the prosecutor in the criminal case should be "in the loop" when he was asked questions about his arson investigation, he must have understood that the completion of the deposition could be delayed.

On this record, the court cannot conclude that the Moores' counsel intentionally engaged in a "pre-planned ruse." The defendants do not suggest what the Moores' counsel would hope to gain by such a ruse, and the court can think of nothing. It is unclear why the Moores' counsel refused the defendants' counsel's offer of a place to complete the deposition, but he was entitled to refuse especially if he is willing to assume the costs that a second deposition will entail.

1     IT IS ORDERED that the plaintiffs' motion, filed on April 16, 2024, for sanctions
2 against the defendant/deponent Sean Garnand and his counsel is granted in part. The
3 plaintiffs may depose Sean Garnand a second time for an additional one and one-half hours.
4 The motion is otherwise denied.

    DATED this 14th day of May, 2024.

Honorable Michael A. Ambri
United States Magistrate Judge