**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Greg Moore; et al., | ) | No. CV 19-00290 TUC RM (MAA) |
| Plaintiffs, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Sean Garnand; et al., | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the court is the plaintiffs' motion, filed on April 10, 2024, for an order to show cause and for sanctions against Suzanne Mesich, Clerk of the City of Tucson, for failing to provide discovery documents. Doc. 461. The defendants filed a response on April 17, 2024. Doc. 467. The plaintiffs did not file a reply.

Also pending is the defendants' motion for a protective order, filed on May 6, 2024, to relieve Suzanne Mesich from the obligation to provide discovery. Doc. 478. The plaintiffs filed a response May 8, 2024, which contains a cross-motion to compel discovery and for sanctions. Doc. 480. The defendants filed a reply on May 15, 2024. Doc. 487.

The plaintiffs in this action ("the Moores") claim their constitutional rights were violated when the defendants obtained and executed two search warrants in connection with an arson investigation into the destruction of the Forgeus Apartments on June 8, 2017. Complaint, Doc. 1; *see* Doc. 391, p. 2 ("The remaining claims in this matter are Counts One, Three and Four of the Plaintiffs' Complaint."). The Moores bring this action pursuant to 42 U.S.C. § 1983. Doc. 1, p. 4. The first warrant, for DNA and other personal effects, was

executed on June 9, 2017. Doc. 1, p. 8. The second warrant, for financial documents, was executed on June 14, 2017. Doc. 1, pp. 9-10. The Moores claim, among other things, that the warrant applications were not supported by probable cause and contained "material misrepresentations and omissions." Doc. 1, pp. 16-18.

On March 22, 2024, the plaintiffs served Suzanne Mesich, Clerk of the City of Tucson, with a subpoena duces tecum seeking certain documents. Doc. 461. When Mesich failed to comply, the plaintiffs filed the pending motion for an order to show cause and for sanctions and, in the alternative, to compel production of documents and for expenses. Doc. 461. In their response, the defendants asserted that they have already raised an objection to this line of discovery in their brief, Doc. 456, supplementing their previously filed motion, Doc. 444, for a protective order. Doc. 467. This court subsequently addressed the defendants' original motion for a protective order, Doc. 444, but did not address the issues raised in the supplemental pleading, Doc. 456. Doc. 469. The court instructed the defendants to file a separate motion if they intended to raise additional issues. Doc. 469, pp. 4-5.

Accordingly, on May 6, 2024, the defendants filed the pending motion for a protective order relieving Suzanne Mesich from the obligation to provide discovery. Doc. 478. They argue that the requested discovery is beyond the scope of Fed.R.Civ.P. 26(b)(1). *Id.* The plaintiffs filed a response on May 8, 2024 opposing the defendants' motion and asserting a cross-motion to compel discovery and for sanctions Doc. 480. The defendants filed a reply on May 15, 2024. Doc. 487.

Discussion

The subpoena duces tecum seeks three categories of documents:

1. All legal updates distributed to the Tucson Police Department detectives in the period June 1, 2014 through June 1, 2017 the subject of which is search warrants, search & seizure, and arrest. This request include[s] emails, memoranda, [and] materials in Power DMS.

      2. All records, Event Chronologies, Field Cars, Unit Histories or any other data, identifying the actions of the following Designated Units and Office Badge Numbers for June 9, 2017: a. 3A26  b. 100499  c. 3X25  d. 54043  e. 3A15  f. 100619

      3. Tucson Police Department General Orders on constitutional issues in effect in 2017.

Doc. 461-3. The defendants argue that all of the requests are beyond the scope of Fed.R.Civ.P. 26(b)(1). Doc. 478, p. 2.

Rule 26(b)(1) discusses the scope of discovery. Fed.R.Civ.P. In general,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Addressing document category (1), the defendants argue that training documents from the City of Tucson are irrelevant because the Moores do not claim that the City of Tucson has done anything wrong or that its training materials are deficient. Doc. 478, p. 2. The pending lawsuit, they observe, "is directed solely to the reasonableness of Defendants' individual conduct on June 8, June 9, and June 14, 2017." *Id.* And "Defendants' liability will rise or fall on the reasonableness of what they actually *did*." *Id.* (emphasis in original).

Document category (3) asks for "Police Department General Orders on constitutional issues in effect in 2017." Doc. 461-3. The defendants argue in a similar vein that this category of documents is not relevant because "it is only applicable 4th Amendment case law, not Tucson Police Department General Orders, that can establish whether Defendants should be liable for any of the 4th Amendment violations alleged." Doc. 478, p. 3.

The court finds to the contrary that the training materials and General Orders are relevant. The plaintiffs in this case claim that the search warrants were obtained through judicial deception. "To support a § 1983 claim of judicial deception, a plaintiff must show that the defendant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause." *KRL v. Moore*, 384 F.3d 1105, 1117 (9th Cir.

2004). And whether the defendants acted recklessly depends, in part, on how they were trained to conduct their investigation. *See, e.g., Finkelstein v. San Mateo Cnty. Dist. Attorney's Off.*, 2019 WL 1048244, at *10 (N.D. Cal. Mar. 5, 2019) (Officer did not act with "reckless disregard of the truth," as required to prove judicial deception, "given his lack of training and his reliance on review by other officials with experience . . . ."), aff'd in part, rev'd in part sub nom. *Finkelstein v. Jangla*, 816 F. App'x 98 (9th Cir. 2020).

Moreover, there remains the issue of qualified immunity for the defendants. "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Vazquez v. Cnty. of Kern*, 949 F.3d 1153, 1164 (9th Cir. 2020). "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Id.* "Training materials and regulations are . . . relevant, although not dispositive, to determining whether reasonable officers would have been on notice that their conduct was unreasonable." *Id.* In this case, the training documents and Tucson Police Department General Orders will be relevant to determining what a reasonable officer would know about how an arson investigation should be conducted and what information should be included in a search warrant affidavit.

Document category (2) seeks information concerning a traffic stop that occurred on the morning of June 9, 2017. Doc. 478, p. 3. Apparently, the defendant "Garnand observed an unknown man leaving the arson crime scene on the morning of June 9, 2017." Doc. 478, p. 3. The driver was subsequently stopped by a uniformed officer and then questioned by Garnand. Doc. 480, p. 4. The driver "turned out to be Tom Alfonso, the CEO of City Central Development, the general partner of ESMJ Partners, the umbrella entity that owned [the] Forgeus [property]." Doc. 480, p. 4.

The defendants argue that the stop is not relevant because it "is not the factual basis for any alleged Constitutional violation by Defendants . . . ." Doc. 478, p. 3. In addition, "attorney Moore already questioned Garnand for at least an hour, over Defendants' Rule 26(b)(1) objections, about this wholly irrelevant traffic stop." Doc. 478, p. 4.

The Moores assert that the stop is part of the arson investigation and therefore relevant. They maintain "that both the uniformed officer, and then Garnand's, first question was, 'Are you Greg Moore?'" Doc 480, p. 4. Garnand, however, "denies this." *Id.* Also, "[h]e denies searching Tom's SUV," while "Tom has affirmed that Garnand did, indeed, search the vehicle." *Id.* The Moores maintain that this encounter is relevant on the issue of Garnand's "state of mind, which, a few hours later, resulted in him assaulting Greg Moore and arresting him – then not charging Mr. Moore with any crime . . . ." Doc. 480, p. 4.

The court finds that this traffic stop is relevant, in part, because the particulars of Garnand's arson investigation are relevant. Moreover, discrepancies in the evidence are relevant because evidence of a witness's memory and recall are also relevant. *See, e.g.*, *Whiting v. Hogan*, 2013 WL 1047012, at *7 (D. Ariz. 2013) ("[K]nowledge and veracity of the deponent are always at issue during witness testimony."); *Smith v. Logansport Cmty. Sch. Corp.*, 139 F.R.D. 637, 646 (N.D. Ind. 1991) ("[A]n oral deposition is not merely a device to uncover and develop information. It also provides a legitimate and efficient means of testing a witness' knowledge, recollection and veracity."); *see, e.g., Paulsen v. Case Corp.*, 168 F.R.D. 285, 289 (C.D. Cal. 1996) (Documents that could be used for impeachment were relevant and discoverable.); *City of New York v. Grp. Health Inc.*, 2009 WL 10736876, at *2 (S.D.N.Y. May 6, 2009) (same).

IT IS ORDERED that the defendants' motion for a protective order, filed on May 6, 2024, to relieve Suzanne Mesich from the obligation to provide discovery is DENIED. Doc. 478.

IT IS FURTHER ORDERED that the plaintiffs' motion, filed on April 10, 2024, for an order to show cause and for sanctions against Suzanne Mesich, Clerk of the City of Tucson, for failing to provide discovery documents and, in the alternative, for an order to compel and for expenses is GRANTED IN PART. Doc. 461. Mesich shall comply with the subpoena within 10 days of the filing of this order. The motion is otherwise denied.

1   IT IS FURTHER ORDERED that the defendants' cross-motion to compel discovery
2  is DENIED as MOOT and their cross-motion for sanctions is DENIED.  Doc. 480.
3   DATED this 17th day of May, 2024.

                              Honorable Michael A. Ambri
                              United States Magistrate Judge