**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greg Moore; et al., | No. CV 19-00290 TUC RM (MAA) |
| Plaintiffs, | **ORDER** |
| vs. | |
| Sean Garnand; et al., | |
| Defendants. | |

    Pending before the court is the plaintiffs' motion, filed on May 13, 2024, for an order compelling discovery and for attorney fees and costs, pursuant to Fed.R.Civ.P. 37(a)(3)(A), and for sanctions, pursuant to Fed.R.Civ.P. 37(b)(2)(A). Doc. 482. The defendants filed a response on May 24, 2024. Doc. 496. The plaintiffs did not file a reply.

    The plaintiffs in this action ("the Moores") claim their constitutional rights were violated when the defendants obtained and executed two search warrants in connection with an arson investigation into the destruction of the Forgeus Apartments on June 8, 2017. Complaint, Doc. 1; *see* Doc. 391, p. 2 ("The remaining claims in this matter are Counts One, Three and Four of the Plaintiffs' Complaint."). The Moores bring this action pursuant to 42 U.S.C. § 1983. Doc. 1, p. 4. The first warrant, for DNA and other personal effects, was executed on June 9, 2017. Doc. 1, p. 8. The second warrant, for financial documents, was executed on June 14, 2017. Doc. 1, pp. 9-10. The Moores claim, among other things, that the warrant applications were not supported by probable cause and contained "material misrepresentations and omissions." Doc. 1, pp. 16-18.

Discussion

"If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed.R.Civ.P. 37(a)(3)(A). Rule 26(a) discusses, among other things, initial disclosure, disclosure of expert testimony, and pretrial disclosures. Fed.R.Civ.P. "If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. Fed.R.Civ.P. 37(b)(2)(A).

According to the Moores, the defendants have disclosed "several hundred photographs taken (1) the night of June 8, 2017 at the Forgeus property; (2) photographs taken of the searches and seizures on June 14, 2017 at the Speedway offices; and (3), photographs taken that same day at the home of the Moores during the searches and seizures there." Doc. 482, p. 2. During the course of discovery, the Moores have learned that these photographs were originally stored in the Tucson Police Department computer system and each image has metadata associated with it that was not included in the photographs that were originally disclosed to the plaintiffs. The Moores subsequently filed the pending motion to compel the defendants to disclose this metadata. Doc. 482. The Moores believe the metadata will contain date and time information for the photographs that will help them reconstruct the sequence of events taken by the Tucson Police Department during their investigation, which is information "the witnesses have forgotten." Doc. 482, p. 3.

The Moores further argue that this metadata should have been disclosed at the beginning of the case because this action was part of the Mandatory Initial Discovery Pilot Project (MIDP), General Order 17-8, ¶ 4, which requires each party to disclose, among other things, electronically stored information. Doc. 3. It appears that many of the photographs were originally disclosed as a result of a separate state civil action that the Moores brought pursuant to the Arizona Public Records Act ("the Act"), A.R.S. § 39-121.

1    It appears that the photographs and their metadata should have been part of the
2 defendants' initial[1] discovery disclosure.  *See* Fed.R.Civ.P. 34(b)(2)(E)(i)  (Documents
3 should be produced "as they are kept in the usual course of business . . . ."); *see, e.g., United*
4 *States ex rel. Humane Soc'y of the United States v. Westland/Hallmark Meat Co.*, 2012 WL
5 12886501, at *4 (C.D. Cal. Sept. 26, 2012)  ("[T]he Government has complied with the
6 requirements of Rule 34(b)(2)(E)(i) by producing all [Electronically Stored Information] in
7 its native format, with all existing metadata.").  The metadata appears to be relevant and
8 should not be too difficult to retrieve assuming the Moores are correct and the metadata is
9 attached to the images stored in the Tucson Police Department computer system.  The motion
10 to compel as it relates to these photographs will be granted.
11   The defendants argue that the Moores should have known that the photographs
12 originally contained metadata and their failure to raise the issue before now must be a
13 "strategic decision."  Doc. 496, p. 3.  The defendants do not opine, however, on what
14 advantage the Moores might hope to gain by this alleged "strategic decision."
15   The defendants further argue that the metadata is not necessary to divine the sequence
16 of events that took place when the defendants executed their search warrants.  "Placards were
17 filled out by the police officers who took the PDF Photographs to indicate the beginning time
18 for the taking of every specific group of photographs."  Doc. 496, p. 5.  Photos of the
19 placards presumably were disclosed to the Moores.
20   The court does not agree that these placards are a good substitute for the metadata.
21 It appears that these placards will supply some information about where and when each group
22 of photographs was taken, but it does not appear that they will reveal the actual sequence of
23 events that took place when the Tucson Police Department conducted their investigation.

---

[1] Discovery in this case was originally limited by the law enforcement investigatory privilege. Doc. 74. This privilege was later abrogated by the court, at which point the defendants should have made an unredacted "initial" discovery disclosure as required by the MIDP and Fed.R.Civ.P. 26(a), if they had not already done so. *See* Doc. 306.

- 3 -

IT IS ORDERED that the plaintiffs' motion, filed on May 13, 2024, for an order compelling discovery and for attorney fees and costs, pursuant to Fed.R.Civ.P. 37(a)(3)(A), and for sanctions, pursuant to Fed.R.Civ.P. 37(b)(2)(A), is GRANTED IN PART. Doc. 482. Within 10 days from the date this order is issued, the defendants shall disclose to the plaintiffs a copy of the previously disclosed photographs "taken (1) the night of June 8, 2017 at the Forgeus property; (2) photographs taken of the searches and seizures on June 14, 2017 at the Speedway offices; and (3), photographs taken that same day at the home of the Moores during the searches and seizures there" that are stored in electronic form by the Tucson Police Department, with their metadata attached. Doc. 482, p. 2. The remainder of the motion is DENIED. The court finds, on this record, that sanctions are not appropriate.

DATED this 1st day of July, 2024.

Honorable Michael A. Ambri
United States Magistrate Judge