**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greg Moore; et al., | No. CV 19-00290 TUC RM (MAA) |
| Plaintiffs, | **ORDER** |
| vs. | |
| Sean Garnand; et al., | |
| Defendants. | |

Pending before the court is the plaintiffs' motion, filed on May 14, 2024, for sanctions against the defendants' counsel pursuant to Fed.R.Civ.P. 30(c)(2), 30(d)(3)(C) and 28 U.S.C. § 1927. Doc. 484. The defendants filed a response on May 24, 2024. Doc. 495. The plaintiffs did not file a reply.

The plaintiffs ("the Moores") move that this court sanction the defendants' counsel for her conduct at the deposition of Detective Arnaud on May 8, 2024. Doc. 484. The Moores argue that counsel improperly lodged too many "Rule 26(b)(1)" objections.


<u>Discussion</u>

Rule 30 discusses how depositions by oral examination should proceed. Fed.R.Civ.P. "An objection at the time of the examination--whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition--must be noted on the record, but the examination still proceeds; the testimony

1   is taken subject to any objection."  Fed.R.Civ.P. 30(c)(2).  "An objection must be stated

2   concisely in a nonargumentative and nonsuggestive manner."  *Id.*

3        "The court may impose an appropriate sanction--including the reasonable expenses

4   and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the

5   fair examination of the deponent."  Fed.R.Civ.P. 30(d)(2).  If there is a motion to terminate

6   or limit a deposition, expenses may be awarded pursuant to Rule 37(a)(5).  Fed.R.Civ.P.

7   30(d)(3)(C).

8        "Any attorney or other person admitted to conduct cases in any court of the United

9   States or any Territory thereof who so multiplies the proceedings in any case unreasonably

10  and vexatiously may be required by the court to satisfy personally the excess costs, expenses,

11  and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C.A. § 1927.

12       In the pending motion, the Moores argue that sanctions should be imposed against

13  counsel for the defendants.  Doc. 484.  They assert that, during the second Arnaud

14  deposition, counsel "objected on 'Rule 26(b)' grounds *thirty-seven* (37) times in *twenty-three*

15  (23) pages of testimony."  Doc. 484, p. 4  (emphasis in original).  The Moores explain that

16  "in most instances, when Ms. Pace injected her objection, Mr. Arnaud paused, sometimes

17  looking at Ms. Pace for direction."  *Id.*  They maintain that, "[a]t times, Ms. Pace's objection

18  was injected as Mr. Arnaud had begun to answer, breaking up the answer, and sometimes

19  requiring him to re-do an answer."  *Id.*

20       The Moores argue that "Ms. Pace's outrageous conduct interfered with the ability of

21  Plaintiffs to secure the evidence sought, in all instances suggesting to the witness that he need

22  not answer or could limit his answer, and caused the deposition to go well beyond what was

23  necessary had the interference not been made."  Doc. 484, p. 4.  They move that this court

24  sanction the defendants' counsel $100.00 for each Rule 26(b)(1) objection made during the

25  deposition as well as reasonable costs and attorney fees.  Doc. 484.

26       On May 24, 2024, the defendants filed a response opposing the motion.  Doc. 495.

27  They explain that defense counsel interposed her Rule 26(b)(1) objections to assert on the

28

1  record that the plaintiffs' counsel's questions sought information beyond the proper scope

2  of discovery.  *Id*.  They maintain that the deposition transcript "reflects that every question

3  posed by attorney Moore to Mr. Arnaud was answered, and defense counsel neither directed

4  the witness not to answer, nor suggested to the witness that he need not answer a question."

5  Doc. 495, p. 1.

6        The court finds that sanctions are not appropriate on this record.  Though a "standing"

7  Rule 26(b) objection may have allowed the deposition to proceed more smoothly, it does not

8  appear that the objections offered by the defendants' counsel were unreasonably disruptive.

9  The court notes that the deposition on this day, May 8, 2024, lasted only 27 minutes.  Doc.

10  484-2, p. 3.  It therefore appears that counsel's objections caused minimal delay.  The

11  Moores maintain that counsel's objections might have caused the deponent to alter his

12  testimony, but they have not directed the court to any specific part of the transcript in support

13  of their assertion.

14

15        IT IS ORDERED that the plaintiffs' motion, filed on May 14, 2024, for sanctions

16  against the defendants' counsel  is DENIED.  Doc. 484.

17

18        DATED this 8th day of July, 2024.

19

20

21

22

23  _____

24  Honorable Michael A. Ambri
   United States Magistrate Judge

25

26

27

28

- 3 -