**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greg Moore, et al., | No. CV-19-00290-TUC-RM (MAA) |
| Plaintiffs, | **ORDER** |
| v. | |
| Sean Garnand, et al., | |
| Defendants. | |

On September 17, 2024, Magistrate Judge Michael A. Ambri issued a Report and Recommendation ("R&R") (Doc. 520), recommending that this Court grant Defendants' Motion to Stay All Proceedings (Doc. 512). Plaintiffs filed an Objection (Doc. 521), to which Defendants responded (Doc. 524).

## I.    Report and Recommendation

Magistrate Judge Ambri's R&R finds that this action should be stayed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), pending resolution of state-court criminal proceedings against Plaintiff Greg Moore. (Doc. 520.) In so finding, the R&R determines that the indictment against Greg Moore was filed in state court before proceedings of substance on the merits had taken place in this action. (*Id.* at 3-6.) The R&R further finds that the criminal case implicates important state interests, that Greg Moore will have an opportunity to raise the constitutional claims at issue here in the state proceedings, and that adjudicating this action on the merits would have the practical effect of enjoining the state proceedings. (*Id.* at 6-8.) The R&R concludes that Defendants did not waive the issue of

*Younger* abstention because they did not urge this Court to proceed to an adjudication of the constitutional merits of Plaintiffs' claims. (*Id.* at 8-9.) Finally, the R&R finds that the interests of Plaintiff Patricia Moore in this action are sufficiently intertwined with the interests of Greg Moore such that *Younger* exemption should apply to her claims as well. (*Id.* at 9-10.)

## II.    Standard of Review

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

## III.    Discussion

*Younger* abstention "is designed to 'permit state courts to try state cases free from interference by federal courts.'" *Hicks v. Miranda*, 422 U.S. 332, 349 (1975) (quoting *Younger*, 401 U.S. at 43). The principles underlying *Younger* abstention apply if: (1) "a state-initiated proceeding is ongoing," (2) the state proceeding "implicates important state interests," (3) "the federal litigant is not barred from litigating federal constitutional issues" in the state proceeding, and (4) the federal court action would enjoin the state proceeding "or have the practical effect of doing so." *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004). *Younger* abstention may apply in an action for damages under 42 U.S.C. § 1983 that "turn[s] on a constitutional challenge to pending state proceedings." *Id.* at 979. If *Younger* abstention applies in such an action, the Court should stay the action "until the

state proceeding has been completed." *Id.* at 980.

Plaintiffs do not raise any specific objections to the R&R's conclusions that (1) the state criminal proceeding against Greg Moore implicates important state interests; (2) Greg Moore will have the opportunity to challenge in state court the search warrants at issue here; and (3) the relevant interests of Greg and Patricia Moore are sufficiently intertwined such that *Younger* abstention, if appropriate, should apply to the claims of both Plaintiffs. (*See* Doc. 520 at 6, 9-10; Doc. 521.)  Given the lack of specific objection, the Court has reviewed these portions of the R&R only for clear error.  The Court finds that these portions of the R&R are not clearly erroneous and will therefore adopt them.

In their Objection, Plaintiffs argue that Defendants waived the issue of *Younger* abstention.  (Doc. 521 at 2-10.)  Plaintiffs also challenge the R&R's conclusions that the state criminal proceedings against Greg Moore were ongoing before any proceedings of substance took place in the above-captioned action, and that this action would have the practical effect of enjoining the state criminal proceedings.  (*See id.* at 6-7.)  The Court addresses each argument in turn.

**A. Waiver**

Plaintiffs argue that Defendants have aggressively litigated the merits of this case over the course of years and that, in doing so, they have waived any argument for *Younger* abstention.  (Doc. 521 at 2-10.)  Defendants argue that they have never sought a ruling on the constitutional merits of Plaintiffs' claims, and that a party cannot waive the issue of *Younger* abstention merely by waiting too long to raise it.  (Doc. 524 at 3-5.)

A defendant may waive the issue of *Younger* abstention by expressly urging the district court "'to proceed to an adjudication of the constitutional merits'" of the federal action.  *Kleenwell Biohazard Waste & Gen. Ecology Consultants, Inc. v. Nelson*, 48 F.3d 391, 394 (9th Cir. 1995) (quoting *Ohio Civil Rights Comm'n v. Dayton Christian Schs.*, Inc., 477 U.S. 619, 626 (1986)).  However, "the issue of *Younger* abstention can be addressed by a federal court at any time no matter how far along the litigation is." *Adibi v. Cal. State Bd. of Pharmacy*, 461 F. Supp. 2d 1103, 1109 (N.D. Cal. 2006); *see also H.C.*

*ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (considering *Younger* abstention for the first time on appeal and noting that the issue "may be raised sua sponte at any point").

The Court agrees with the R&R that Defendants did not waive the issue of *Younger* abstention because they did not expressly urge the Court to proceed to an adjudication of the constitutional merits of Plaintiffs' claims. In moving for summary judgment on the issue of qualified immunity, Defendants argued that they were immune from suit and that this Court should therefore not adjudicate the merits of Plaintiffs' claims. *See Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009) (recognizing that "qualified immunity is an immunity from suit rather than a mere defense to liability," and that qualified immunity questions should therefore be resolved "at the earliest possible stage in litigation" (internal quotation marks omitted)). The Court also notes that Defendants raised the issue of *Younger* abstention in their August 15, 2019 Answer to Plaintiffs' Complaint. (Doc. 17 at 12.)

### B. Ongoing State Proceedings

Plaintiffs contend that the principles underlying *Younger* abstention are not implicated here because this "case is far older, and dramatically more advanced, than the state proceeding." (Doc. 521 at 6.) Defendants argue that *Younger* abstention is appropriate because no proceedings of substance on the merits occurred in this case before state criminal proceedings were initiated against Greg Moore. (Doc. 524 at 6.)

*Younger* abstention may apply even if a state criminal prosecution was filed after commencement of the federal action, so long as the state proceeding began "before any proceedings of substance on the merits ha[d] taken place in the federal court." *Hicks*, 422 U.S. at 349. "[I]t is not the filing date of the federal action that matters, but the date when substantive proceedings begin." *M&A Gabaee v. Cmty. Redev. Agency of City of Los Angeles*, 419 F.3d 1036, 1040 (9th Cir. 2005). "[It] makes no difference what stage the state-court proceedings are at: what matters is that the existence of a pending state-court action unmistakably signals the state's willingness and readiness to adjudicate the dispute."

1    *Id.* at 1040.

2        In examining the history of the federal case, the "relevant inquiry . . . is the extent

3    of the district court's involvement in the merits." *Nationwide Biweekly Admin., Inc. v.*

4    *Owen*, 873 F.3d 716, 728 (9th Cir. 2017). Factors to be considered include "the time that

5    the district court has spent considering the case, any motions ruled on, any discovery, the

6    number of conferences held, and any change in the parties' positions as a result of the

7    federal litigation." *Id.* at 728–29. Although the length of time the federal action has been

8    pending is a factor to be considered, "a case may remain in the 'embryonic stage' for a

9    long time in certain circumstances." *Id.* at 730.

10       In *Hawaii Housing Authority v. Midkiff*, the Supreme Court held that

11   "considerations of economy, equity, and federalism" counseled against *Younger* abstention

12   where the district court had issued a preliminary injunction prior to initiation of the state-

13   court proceedings. 467 U.S. 229, 238 (1984). In *Hoye v. City of Oakland*, the Ninth Circuit

14   found *Younger* abstention inapplicable where, prior to the initiation of state criminal

15   proceedings, the federal court had held multiple hearings and denied a motion for a

16   temporary restraining order, and the defendant had amended an ordinance in response to

17   the district court's reservations about the ordinance's constitutionality. 653 F.3d 835, 844

18   (9th Cir. 2011) (internal quotation marks omitted). The Court noted that "by the time state

19   proceedings began, the federal proceedings had been long pending," and the district court's

20   "intervention in the case had resulted in a significant change in the relative positions of the

21   parties." *Id.*

22       Plaintiffs do not dispute that the R&R correctly assessed the proceedings in this

23   action as of May 10, 2022, the date Greg Moore was indicted in state court. (*See* Doc. 520

24   at 4.) As of that date, the parties had litigated the issue of the law enforcement investigatory

25   privilege, and discovery was not far advanced due to the Court's application of that

26   privilege. (*Id.* (citing Doc. 74).) Plaintiffs had filed early motions for partial summary

27   judgment but had withdrawn them without further briefing. (*Id.* (citing Docs. 167, 211);

28   *see also* Docs. 100, 125.) Defendants had moved for summary judgment on the issue of

qualified immunity (Doc. 348), but Plaintiff had moved under Federal Rule of Civil Procedure 56(d) to defer briefing on the Motion (Doc. 353). In their Rule 56(d) Motion, Plaintiffs asserted that they had been denied "any meaningful discovery" due to the application of the law enforcement investigatory privilege. (Doc. 353 at 2.)

The unusual circumstances of this case—in particular, the limitations on discovery caused by application of the law enforcement investigatory privilege—kept this litigation confined to an embryonic stage despite active litigation and the passage of a significant length of time. As of the date the state indictment was issued against Greg Moore, there had been no significant change in the relative positions of the parties resulting from this Court's intervention, nor had there been any adjudication on the merits of Plaintiffs' claims. Accordingly, the court agrees with the R&R's finding that the state-court indictment against Greg Moore was issued before proceedings of substance on the merits had taken place in this case.[1]

### C. Practical Effect of Enjoining State Proceedings

Plaintiffs argue that the presiding judge in Greg Moore's state criminal proceedings "has deferred to the proceedings in this Court," and that the state has represented that this Court's decisions will not impact the state criminal proceedings. (Doc. 521 at 6-7.) Defendants dispute the accuracy of Plaintiffs' characterization of the state proceedings and argue that Plaintiffs' counsel's representations to the state court make the need for *Younger* abstention clear. (Doc. 524 at 7-10.)

The Court agrees with the R&R that a ruling on the merits of Plaintiffs' constitutional claims in this case would have the practical effect of enjoining the state criminal proceedings against Greg Moore. Plaintiffs' constitutional claims challenge the

---

[1] The Court also notes that, although a state indictment was not issued against Greg Moore until May 10, 2022, there was an open state criminal investigation against Plaintiffs at the time they filed the above-captioned matter, and Defendants have long taken the position that this lawsuit is a pretextual attempt by Plaintiffs to intervene in the state criminal proceedings. (*See* Doc. 23.) Applying *Younger* abstention here not only respects the state's strong interest in administration of its criminal justice system but also avoids the possibility of encouraging individuals under state criminal investigation from racing to file civil lawsuits in federal court in an attempt to obtain federal adjudication of constitutional claims affecting their anticipated state criminal cases.

1    validity of the search warrants used to obtain evidence against Greg Moore for the state

2    criminal case.  If this Court were to rule on the constitutionality of the search warrants, it

3    would interfere with the state court's opportunity to assess the warrants' validity in the first

4    instance.  *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (federal court

5    resolution of § 1983 claims arising from allegedly illegal searches, seizures, and detentions

6    would interfere with ongoing state criminal proceedings).

7          The Court finds that *Younger* abstention is appropriate and will adopt the R&R's

8    recommendation to stay these proceedings pending the conclusion of the state criminal

9    proceedings against Plaintiff Greg Moore.

10          **IT IS ORDERED** that the Report and Recommendation (Doc. 520) is **accepted**

11    **and adopted in full**.  Plaintiffs' Objection (Doc. 521) is **overruled**.

12          **IT IS FURTHER ORDERED** that Defendants' Motion to Stay All Proceedings

13    (Doc. 512) is **granted**.  The above-captioned action is **stayed** pending the conclusion of

14    the state criminal proceedings against Plaintiff Greg Moore.

15          **IT IS FURTHER ORDERED** that all other pending Motions (Docs. 421, 510,

16    516) are **denied without prejudice** and with leave to refile after the stay of this action is

17    lifted.

18          **IT IS FURTHER ORDERED** that the parties shall notify the Court in writing

19    within **five (5) days** of the conclusion of the state criminal proceedings against Greg

20    Moore.  The parties shall also file status reports every **ninety (90) days** from the date this

21    Order is filed.

22    . . . .

23    . . . .

24    . . . .

25    . . . .

26    . . . .

27    . . . .

28    . . . .

**IT IS FURTHER ORDERED** that this action remains referred to Magistrate Judge Michael A. Ambri for all pretrial proceedings and report and recommendation, in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LRCiv 72.1 and 72.2.

Dated this 19th day of December, 2024.

Honorable Rosemary Márquez
United States District Judge