**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greg Moore, et al., | No. CV-19-00290-TUC-RM (MAA) |
| Plaintiffs, | **ORDER** |
| v. | |
| Sean Garnand, et al., | |
| Defendants. | |

On January 3, 2025, Plaintiffs filed a Motion for Reconsideration (Doc. 526), asking the Court to reconsider its December 20, 2024 Order granting a stay in the above-captioned matter pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) ("*Younger* Order") (Doc. 525). On January 21, 2025—while their Motion for Reconsideration remained pending—Plaintiffs filed a Notice of Interlocutory Appeal of the *Younger* Order. (Doc. 527.)

The Court ordered the parties to brief the issue of whether the filing of Plaintiffs' interlocutory appeal divested this Court of jurisdiction over Plaintiffs' Motion for Reconsideration. (Doc. 529.) In their brief, Plaintiffs ask the Court to issue an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1(a)(3), stating that the Court would grant the Motion for Reconsideration if the Ninth Circuit Court of Appeals were to remand for that purpose. (Doc. 530.) Plaintiffs contend that such a ruling would save judicial and party resources. (*Id.*) Defendants argue that Plaintiffs divested this Court of jurisdiction to rule on their Motion for Reconsideration when they filed their Notice of

Interlocutory Appeal, and that an indicative ruling under Rule 62.1 is inappropriate. (Doc. 531.)

"[T]he filing of a notice of interlocutory appeal divests the district court of jurisdiction over the particular issues involved in that appeal." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001). Plaintiffs' interlocutory appeal involves the same issues raised in Plaintiffs' Motion for Reconsideration, and therefore Plaintiffs' filing of the Notice of Interlocutory Appeal divested this Court of jurisdiction to grant the Motion for Reconsideration.

"If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may" defer considering the motion, deny it, or "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). Indicative rulings under Rule 62.1(a) may be appropriate when new developments, such as the discovery of new evidence, put the district court in a better position to decide certain issues. *See Silbersher v. Allergan Inc.*, No. 18-cv-03018-JCS, 2024 WL 2044626, at *7 (N.D. Cal. May 7, 2024). However, numerous courts have found that it is improper to issue an indicative ruling resolving the same issues raised in a pending appeal when the district court has "nothing special to offer" in resolving those issues. *Id.* at *5-8.

Here, there are no intervening changes in law, newly discovered evidence, or other circumstances rendering an indicative ruling appropriate under Rule 62.1(a)(3). Furthermore, even if there were, Plaintiffs' Motion for Reconsideration fails on the merits. *See Out of the Box Enters., LLC v. El Paseo Jewelry Exchange, Inc.*, 737 Fed. App'x 304, 305 (9th Cir. 2017) (mem.) (district court retains jurisdiction under Rule 62.1 to deny motion on the merits).

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of

manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see also Sch. Dist. No. 1J, Multnomah Cnty,, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.").

In their Motion for Reconsideration, Plaintiffs argue that *Younger* abstention is inappropriate in this case because Defendants urged and secured a ruling on the merits of Plaintiffs' claims when Defendants filed an interlocutory appeal in the Ninth Circuit on the issue of qualified immunity. (Doc. 526.) However, in the prior interlocutory appeal addressing the issue of qualified immunity, the Ninth Circuit had jurisdiction only "to consider the purely legal issue of whether, taking as true Plaintiffs' version of the facts, it was clearly established that Defendants' conduct" violated Plaintiffs' constitutional rights. *Moore v. Garnand*, 83 F.4th 743, 746 (9th Cir. 2023); *see also Moore v. Garnand*, No. 22-16236, 2023 WL 6372972, at *2 (9th Cir. Sept. 29, 2023) (mem.) ("we have jurisdiction to consider the purely legal question whether, assuming Plaintiffs' facts to be true, Defendants violated Plaintiffs' Fourth Amendment rights"). The Ninth Circuit did not adjudicate the facts underlying Plaintiffs' claims. Contrary to Plaintiffs' contentions in the Motion for Reconsideration, the Ninth Circuit's resolution of purely legal qualified immunity questions does not render clearly erroneous this Court's conclusion that, as of the date the state indictment was issued against Greg Moore, there had been no adjudication on the merits of Plaintiffs' claims. (Doc. 525 at 5-6.)[1] Furthermore, Plaintiffs have not shown that this Court clearly erred in finding that Defendants did not urge this Court and the Ninth Circuit to adjudicate the merits of Plaintiffs' claims when they sought dismissal of Plaintiffs' claims based on qualified immunity. *See id.* at 4 (finding that, in urging qualified immunity, Defendants "argued that they were immune

---

[1] Furthermore, Plaintiffs do not argue that this Court erred in assessing the proceedings in this case as of the date Greg Moore was indicted in state court. (*See* Doc. 525 at 5.) As of that date, the Ninth Circuit had not issued its qualified immunity rulings.

- 3 -

from suit and that this Court should therefore not adjudicate the merits of Plaintiffs' claims").

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration (Doc. 526) is **denied**.

Dated this 17th day of March, 2025.

_____
Honorable Rosemary Márquez
United States District Judge